United States Courts
Southern District of Texas
FILED

SEP 19 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| Plaintiff, | ) Civil Action No. 4:22 mc 1572 |
| v. | ) |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO, and CryptoFX, LLC, | ) FILED UNDER SEAL <br> ) JURY TRIAL DEMANDED |
| Defendants, | ) |
| CBT GROUP, LLC, | ) |
| Relief Defendant. | ) |

*Sealed — Public and unofficial staff access to this instrument are prohibited by court order.*

## PLAINTIFF'S EMERGENCY *EX PARTE* MOTION TO TEMPORARILY SEAL DOCKET AND PROCEEDINGS AND BRIEF IN SUPPORT

In accordance with Local Rule 83.6A, Plaintiff U.S. Securities and Exchange Commission (the "Commission") moves for an order granting leave to file documents under seal and temporarily sealing the docket, proceedings, pleadings, and orders issued in this matter and all other filings herein until *the earlier of* (i) the filing of executed returns of service or waiver of service forms as to the Defendants and Relief Defendant, or (ii) notification from the Commission that one or more of the Defendants and Relief Defendant have sufficient notice of these proceedings. The proposed sealed documents are attached to this motion as Exhibits A–J as follows:

A. Plaintiff's Emergency *Ex Parte* Motion to Temporarily Seal Docket and Proceedings and Brief in Support;

B. Proposed Order Granting Plaintiff's Emergency *Ex Parte* Motion To File Under Seal And Temporarily Sealing Docket and Proceedings;

C. Complaint;

1

D.     Plaintiff's Emergency *Ex Parte* Motion to Exceed the Page Limitation Under Local Rule CV-7;

E.     Proposed Order Granting Plaintiff's Emergency *Ex Parte* Motion to Exceed the Page Limitation Under Local Rule CV-7;

F.     Plaintiff's Motion for Preliminary Injunction, *Ex Parte* Temporary Restraining Order, Asset Freeze, Appointment of Receiver, and Other Ancillary Emergency Relief and Brief In Support;

G.     Appendix in Support of Plaintiff's Motion for Preliminary Injunction, *Ex Parte* Temporary Restraining Order, Asset Freeze, Appointment of Receiver, and Other Ancillary Emergency Relief and Brief In Support;

H.     Proposed Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Requiring a Sworn Accounting; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Providing for Alternative Service; and (6) Setting Hearing on Motion for a Preliminary Injunction;

I.     Proposed Order Appointing Receiver; and

J.     Summonses.

## BACKGROUND

The Commission is filing this case to halt an ongoing securities fraud, which is harming investors and dissipating investor funds, by Defendants Mauricio Chavez ("Chavez"), Giorgio "Gio" Benvenuto ("Benvenuto"), and CryptoFX, LLC ("CryptoFX") and Relief Defendant CBT Group, LLC ("CBT Group"). The Commission is seeking, on an *ex parte* and an emergency basis, a temporary restraining order to stop the ongoing fraudulent scheme, an order freezing Defendants' and Relief Defendant's assets to preserve the *status quo* pending a preliminary injunction hearing, the appointment of a receiver over Defendants' and Relief Defendant's assets, and other ancillary relief as described in the Commission's Motion for Preliminary Injunction, Ex Parte Temporary Restraining Order, Asset Freeze, Appointment of Receiver, and Other Ancillary Emergency Relief and Brief In Support (the "TRO Application"). The TRO Application is based on the SEC's

2

Complaint, as well as the supporting declarations and exhibits in the Appendix accompanying the TRO Application, and any such other evidence and argument as the Court may receive and permit.

As alleged in the Complaint and demonstrated in the TRO Application, since at least 2020 (and continuing through the present), Chavez, through CryptoFX and CBT and in conjunction with and aided and abetted by Benvenuto, has been operating a securities offering fraud in which he, among other things, raised more than $12 million from investors for crypto asset and foreign exchange trading but actually spent the vast majority of investor funds on unrelated purposes, including real estate acquisitions, Ponzi payments, and personal lifestyle expenditures. By engaging in the fraudulent conduct, Defendants have violated, and continue to violate, the federal securities laws, specifically Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a) and (c), 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1)-(2)].

As shown in the TRO Application, Defendants' fraud is ongoing and investor funds remain at risk of being misapplied and misappropriated. Accordingly, the Commission seeks emergency *ex parte* relief to enjoin violations of the federal securities laws, freeze assets, appoint a receiver, prohibit destruction of documents, expedite discovery, and require sworn accountings, among other ancillary relief, as well as preliminary injunction. The Commission's past experience is that persons who violate the federal securities laws often dissipate and waste investor assets when they are made aware of potential civil enforcement actions by the Commission. Such conduct makes it much more difficult, if not impossible, for the Commission to secure appropriate relief in the public interest in its enforcement proceeding. Based on this experience, the Commission is concerned that Defendants, once they become aware of this lawsuit, may withdraw any remaining assets,

transfer them to third parties, or otherwise seek to improperly shield them. For these reasons, the Commission has not notified Defendants of its intention to seek the relief requested.

To aid in the marshaling and conserving of Defendants' assets (including by any Court-appointed receiver) and to aid in preserving the status quo, the Commission moves this Court for an order to temporarily seal the filing of this proceeding, the Complaint, and all other motions, briefs, appendices, orders, and other collateral papers filed in this matter until the earlier of: (i) the filing of executed returns of service or waiver of service forms as to Defendants; or (ii) the Commission's filing of a notification with the Clerk of Court, stating that one or more of the Defendants has learned of this proceeding, at which point continuation of a sealing order would be futile and would unnecessarily prevent potential victims from receiving notice and warning of the Defendants' scheme.

## ARGUMENT

A court possesses inherent power to seal part or all of its records. *See, e.g., United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (stating that court records "may be sealed if the right to access is outweighed by interests favoring non-disclosure"). In ruling on a motion for leave to file under seal, courts employ a balancing test to determine whether the interests furthered by denying public access (*e.g.*, preventing unfair pretrial publicity, law enforcement purposes, or protecting privacy interests) outweigh the public's interest in inspecting judicial records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

Here, the important law enforcement and public interests tip the scale heavily in favor of sealing this matter for the very limited period requested. Given the widespread and instantaneous access to information on the Internet, combined with electronic filing and docketing of court documents, it is possible that Defendants could learn of the TRO Application and any orders of this Court prior to being served. Defendants could then take steps to frustrate the purpose of any orders,

4

thus permanently damaging or altering the status quo. Sealing the docket until Defendants may be found and served, or otherwise have notice of the proceeding, is an important measure to preserve the status quo until the Court can make an ultimate determination. In this regard, the limited time period for sealing the Court's file will enable the Commission to serve all financial institutions with any Temporary Restraining Order entered by the Court and give time to authorized persons to physically arrive at the Defendants' locations and serve them before they are able to flee or otherwise to evade service, dissipate assets, or destroy records.

## **CONCLUSION**

Accordingly, the Commission respectfully requests that, as provided in the proposed order filed herewith, the Court seal these proceedings, the pleadings, all orders, and all other motions and papers filed herein until the earlier of (i) the filing of executed returns of service or waivers as to Defendants, or (ii) the filing of a notice of status stating that one or more of the Defendants has learned of this proceeding.

Dated: September 19, 2022         Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

Matthew J. Gulde
Illinois Bar No. 6272325
S.D. Texas Bar No. 1821299
United States Securities and
Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone: (817) 978-1410
Facsimile: (817) 978-4927
guldem@sec.gov

*Attorney for Plaintiff*