IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-3359 |
| MAURICIO CHAVEZ, GIRGIO BENVENUTO, and CryptoFX, LLC, | § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § § | |
| CBT GROUP, LLC, | § § | |
| *Relief Defendant.* | | |

## ORDER ON PRELIMINARY INJUNCTION

Pending before the Court is the United States Securities and Exchange Commission's ("SEC" or "Plaintiff") motion for preliminary injunction (Doc. No. 1-8) against Defendants Mauricio Chavez ("Chavez"), Girgio Benvenuto ("Benvenuto"), and CryptoFX, LLC. ("CryptoFX"). Having considered Plaintiff's motion, the supporting declarations and exhibits, and other evidence and argument presented to the Court, the Court hereby **GRANTS** Plaintiff's motion for preliminary injunction, adopts its Temporary Restraining Order ("TRO") (Doc. No. 2) as the preliminary injunction, and by separate order, appoints a receiver.

### I. Background

This matter came before the Court upon the *Ex Parte* Motion of Plaintiff for a Preliminary Injunction, TRO, Asset Freeze, Appointment of Receiver, and Other Emergency Relief and Brief in Support. (the "TRO Application"). The Court refused to enjoin the Defendant in an *ex parte*

1

fashion and held a hearing at which all the principals attended. Plaintiff alleges that since early 2020, Defendants have raised at least $12 million from investors through continuous misrepresentations of fact to solicit investments in cryptocurrency and foreign exchange trading. Plaintiff alleges that Defendants have generally solicited and offered to sell securities to mostly Latino-immigrant investors. Instead of using investor funds to conduct crypto asset and foreign exchange trading as promised, Defendants diverted a majority of the proceeds to unrelated purposes, such as real estate development, personal expenditures, and Ponzi payments to investors. Plaintiff alleges that because Defendants have engaged in extensive and are continuing to engage in fraud and misappropriation, emergency relief is necessary to preserve the assets of investors.

This Court initially granted a Temporary Restraining Order ("TRO") that among other rulings ordered (1) assets to be frozen, (2) prohibited the destruction of documents, (3) granted expedited discovery, (4) required sworn accountings, (5) permitted alternative means of service, and (6) set a hearing date on Plaintiff's motion for preliminary injunction. That hearing has now been held.

## II. Legal Standard

A preliminary injunction is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991). To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4)

granting the preliminary injunction will not disserve the public interest. *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

### III. Analysis

A. Plaintiff Has a Substantial Likelihood of Prevailing on the Merits

The Court finds that Plaintiff has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act,") through evidence establishing a *prima facie* case and reasonable likelihood that Defendants have engaged in, are engaging in, are about to engage in, and unless restrained and enjoined will continue to engage in transactions, acts, practices, and courses of business that constitute violations of Section 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a) and (c) and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) ad (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1)-(2)]. The only evidence before the Court is what Plaintiffs have brought forth. Clearly, Plaintiff has shown a likelihood of success. In fact, the evidence before the Court was so clear, Defendants did not make any objections to the conversion of the TRO into a preliminary injunction.

B. There is a Substantial Threat of Irreparable Injury

Based on Plaintiff's pleadings and evidence, good cause exists to find that Defendants used improper and unlawful means to obtain investor funds and that these assets have been and are at risk for being lost, misappropriated, and/or misapplied. Furthermore, there is good cause to find that Defendants, unless enjoined by order of this court, will continue to dissipate, conceal, or transfer assets to the detriment of investors. Without a preliminary injunction, many investors face the risk of losing their investments and more individuals might invest money under the impression

that Defendants' operation is successful—and potential investors are at risk of being misled. Consequently, the element of irreparable injury exists in this case.

C. Investors' Substantial Injury Outweighs the Threatened Harm

With millions of dollars belonging to numerous investors at stake and in danger of being dissipated, it is clear that investors' and potential investors' substantial injury outweighs the threatened harm to Defendants. In addition, this Court's Appointment of a Receiver includes provisions specifically allowing Chavez and Benvenuto reasonable living expenses and attorney's fees, so the granting of the preliminary injunction would cause minimal disruption to these individual Defendants' daily financial needs.

D. Granting the Preliminary Injunction Will Not Disserve the Public Interest

According to Plaintiff's pleadings and evidence, Defendants targeted the Latino community and raised more than $12 million from as many as 5,000 investors. (Doc. Nos. 1, 1-8). In addition, millions of dollars of investor funds were used by Defendants to pay for expenses unrelated to crypto asset and foreign exchange transactions. (*Id.*). Expenditures were made on cars, luxury retail purchases, travel, restaurants, jewelry, and adult entertainment establishments. (*Id.*). Since Defendants did not disclose to investors that there was a continuous and unauthorized use of investor funds, there is a significant public as well as private interest in preventing further dissipation, concealment, or transfer of funds. (*Id.*).

In addition to protecting the interests of investors already affected by Defendants' actions, granting Plaintiff's motion for preliminary injunction is a step toward protecting the public's best interests from further losses. After all, there is a strong public interest against alleged Ponzi schemes. The evidence supports the conclusion that the scheme weaponized the attraction and novelty of crypto assets to solicit investments from unsophisticated investors with little knowledge

of crypto asset markets. Furthermore, Defendants offer virtual courses with significant potential reach to a much larger audience beyond the jurisdiction of this Court. In fact, Plaintiff specifically claims in its Complaint that Defendants used the courses as a medium to solicit more investments. (*Id.*). Thus, in the absence of an injunction from this Court, those already affected and many more potential investors beyond the scope of this dispute could be prone to the risk of an ongoing, multi-million dollar securities fraud. An injunction is necessary to protect those members of the public.

## IV. Conclusion

That being the case, the Court hereby converts the previously entered Temporary Restraining Order (TRO) into a preliminary injunction, and, by separate order, appoints a Receiver. This injunction will remain in place until further Order from this Court. The Court further finds that no bond is needed at this time.

Signed at Houston, Texas, this 29 day of September, 2022.

Andrew S. Hanen
United States District Judge