IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-03359 |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO, and CRYPTOFX, LLC, | § § § § § | |
| Defendants, | § § | |
| CBT GROUP, LLC, | § § | |
| Relief Defendant. | § § | |

**DEFENDANTS MAURICIO CHAVEZ AND CRYPTOFX, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Mauricio Chavez ("Chavez") and CryptoFX, LLC ("CryptoFX" together with Chavez, "Defendants") hereby answer and assert affirmative defenses to Plaintiff Securities and Exchange Commission's ("Plaintiff's") Complaint. Unless expressly admitted, all allegations set forth in the Complaint are denied.[1]

**NATURE OF THE ACTION**

1. The allegations in paragraph 1 contain characterizations and legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations, except admit that Plaintiff purports to bring a securities fraud action against Defendants and Giorgio Benvenuto.

2. Defendants deny the allegations in the first and second sentences of paragraph 2, including footnote 1. Defendants deny the allegations in the third sentence of paragraph 2, except

---

[1] Defendants use the headings used in the Complaint solely for ease of reference. To the extent any headings are construed to make allegations, Defendants deny those allegations.

admit to the existence of Venture Agreements but not the characterization set forth by Plaintiff in the third sentence of paragraph 2.  Defendants respectfully refer the Court to the agreements for their contents.

3.  Defendants deny the allegations in the first sentence of paragraph 3.  Defendants deny the allegations in the second sentence of paragraph 3, except admit to the existence of Relief Defendant, CBT Group, LLC ("CBT Group"), and that Chavez maintains an ownership interest in CBT Group.  Except as otherwise admitted, Defendants deny the remaining allegations in paragraph 3.

4.  Defendants deny the allegations in the first sentence of paragraph 4, except admit that Chavez is not registered as an investment advisor.  Defendants deny the allegations in the second sentence of paragraph 4, except admit to Chavez and others giving classes regarding cryptocurrencies to members of a group with the name "Founders Circle."  Except as otherwise admitted, Defendants deny the remaining allegations in paragraph 4.

5.  The allegations in paragraph 5 contain legal conclusions and predictions about future behavior to which no response is required.  To the extent any response is necessary, Defendants deny the allegations.

6.  To the extent that allegations in paragraph 6 set forth legal conclusions or describe Plaintiff's prayer for relief, no response is required.  To the extent any response is necessary, Defendants deny the allegations in paragraph 6, and deny that Plaintiff is entitled to any relief whatsoever.

**DEFENDANTS**

7.  Defendants admit the allegations in the first and second sentences of paragraph 7, except deny that Chavez is 41 years old.  Defendants admit the allegations in the third sentence of paragraph 7.  To the extent that allegations in the fourth sentence of paragraph 7 set forth legal

conclusions, no response is required. To the extent any response is necessary, Defendants deny the allegations. Defendants admit the allegations in the last sentence of paragraph 7.

8. Defendants lack sufficient information to admit or deny the allegations in the first sentence of paragraph 8 as to the age of Mr. Benvenuto, and on that basis deny those allegations. Defendants admit the allegations in the second sentence of paragraph 8. Defendants lack sufficient information to admit or deny the allegations in the third sentence of paragraph 8 regarding Mr. Benvenuto, and on that basis deny those allegations.

9. Defendants admit the allegations in paragraph 9.

## RELIEF DEFENDANT

10. Defendants admit the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants admit that this Court has jurisdiction over this matter.

13. The allegations in paragraph 13 are legal conclusions to which no response is required. Defendants deny the allegations in the remainder of paragraph 13, except admit to the existence of Venture Agreements but not the characterization set forth by Plaintiff in paragraph 13. Defendants respectfully refer the Court to the agreements for their contents.

14. The allegations in paragraph 14 set forth legal conclusions to which no response is required. To the extent any response is necessary, Defendants admit that CryptoFX engaged in interstate commerce. Except as otherwise admitted or stated, Defendants deny the remaining allegations in paragraph 14.

15. The allegations in paragraph 15 set forth legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations, except CryptoFX admits that it has an office in Houston, and Chavez admits that he resides in this District.

## FACTUAL ALLEGATIONS

16. Defendants admit the allegations in the first sentence of paragraph 16. The allegations in the second sentence of paragraph 16 set forth legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations. Defendants deny the allegations in the third sentence of paragraph 16, except admit that Chavez is the founder of CryptoFX.

17. Defendants admit the allegations in the first and second sentences of paragraph 17. Defendants deny the allegations in the third sentence of paragraph 17.

18. Defendants admit the allegations in the first sentence of paragraph 18, except to the extent they allege legal conclusions. Defendants deny the allegations in the second, third and fourth sentences of paragraph 18. Defendants lack information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 18 and deny such allegations.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in the first sentence of paragraph 20, except admit the form of the Venture Agreements varied. Defendants deny the allegations in the second sentence of paragraph 20, except admit the Venture Agreements are in English.

21. Defendants deny the allegations in the first and second sentences of paragraph 21. Defendants lack information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 21 and deny such allegations.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23, except admit that Chavez attended a meeting at the Crowne Plaza Hotel in Houston in August 2022.

24. Defendants admit the allegations in the first sentence of paragraph 24. Defendants deny the allegations in the remainder of paragraph 24.

25. Defendants admit the allegations in the first and second sentences of paragraph 21, except to the extent they allege legal conclusions. Defendants deny the allegations in the remainder of paragraph 25.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26 and deny such allegations. Defendants deny the allegations in the remainder of paragraph 26.

27. Defendants admit the allegations in the first sentence of paragraph 27, except to the extent they allege legal conclusions. Defendants deny the allegations in the remainder of paragraph 27.

28. Defendants deny the allegations in the first sentence of paragraph 28. Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 28 and deny such allegations. Defendants deny the allegations in the third sentence of paragraph 28. To the extent the allegations in the fourth sentence of paragraph 28 set forth legal conclusions, no response is required. To the extent any response is necessary, Defendants deny the allegations. Defendants deny the allegations in the remainder of paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in the first sentence of paragraph 31. Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 31 and deny such allegations.

32. Defendants deny the allegations in the first sentence of paragraph 32. Defendants deny the allegations in the second sentence of paragraph 32, except admit that Mr. Benvenuto requested that certain funds be transferred to CBT Group. Defendants lack information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 32 and deny such allegations.

33. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 33 and deny such allegations.

34. Defendants deny the allegations in paragraph 34.

35. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 35 and deny such allegations.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 38 and deny such allegations. Defendants deny the allegations in the remainder of paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants admit the allegations in paragraph 45, except to the extent they allege legal conclusions.

46. The allegations in paragraph 46 are legal conclusions or characterizations of pleadings to which no response is required, and Defendants deny such allegations.

47. The allegations in paragraph 47 are legal conclusions or characterizations of pleadings to which no response is required, and Defendants deny such allegations.

### FIRST CLAIM FOR RELIEF

48. Defendants repeat and incorporate the above responses as if set forth fully herein.

49. The allegations in paragraph 49 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

50. The allegations in paragraph 50 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

### SECOND CLAIM FOR RELIEF

51. Defendants repeat and incorporate the above responses as if set forth fully herein.

52. The allegations in paragraph 52 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

53. The allegations in paragraph 53 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

### THIRD CLAIM FOR RELIEF

54. Defendants repeat and incorporate the above responses as if set forth fully herein.

55. The allegations in paragraph 55 are legal conclusions to which no response is required and which are not alleged against Chavez and CryptoFX as defendants. To the extent any response is necessary, Defendants deny the allegations.

56. The allegations in paragraph 56 are legal conclusions to which no response is required and which are not alleged against Chavez and CryptoFX as defendants. To the extent any response is necessary, Defendants deny the allegations.

## FOURTH CLAIM FOR RELIEF

57. Defendants repeat and incorporate the above responses as if set forth fully herein.

58. The allegations in paragraph 58 are legal conclusions to which no response is required and which are not alleged against Chavez and CryptoFX as defendants. To the extent any response is necessary, Defendants deny the allegations.

59. The allegations in paragraph 59 are legal conclusions to which no response is required and which are not alleged against Chavez and CryptoFX as defendants. To the extent any response is necessary, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF

60. Defendants repeat and incorporate the above responses as if set forth fully herein.

61. The allegations in paragraph 61 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

62. The allegations in paragraph 62 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

## SIXTH CLAIM FOR RELIEF

63. Defendants repeat and incorporate the above responses as if set forth fully herein.

64. The allegations in paragraph 64 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

65. The allegations in paragraph 65 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

66. The allegations in paragraph 66 are legal conclusions to which no response is required. To the extent any response is necessary, Defendants deny the allegations.

## SEVENTH CLAIM FOR RELIEF

67. Defendants repeat and incorporate the above responses as if set forth fully herein.

68. The allegations in paragraph 68 are legal conclusions to which no response is required and which are not alleged against Chavez and CryptoFX as defendants. To the extent any response is necessary, Defendants deny the allegations.

69. The allegations in paragraph 69 are legal conclusions to which no response is required and which are not alleged against Chavez and CryptoFX as defendants. To the extent any response is necessary, Defendants deny the allegations.

70. The allegations in paragraph 70 are legal conclusions to which no response is required and which are not alleged against Chavez and CryptoFX as defendants. To the extent any response is necessary, Defendants deny the allegations.

## PRAYER FOR RELIEF

71. Plaintiff's prayer for relief and judgment (including sections 1 through 8) does not require a response, but to the extent any response is necessary, Defendants deny that Plaintiff is entitled to the requested relief and judgment or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of proof or persuasion that would otherwise remain with Plaintiff, and without waiving (and hereby expressly reserving) the right to assert any other defenses at such time and to the extent discovery establishes a basis therefor, Defendants hereby assert the following affirmative defenses to the claims asserted in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged conduct did not operate as a fraud or deceit on any person in connection with purchase or sale of any security.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced to the extent any injury was caused by the acts or omission of other or third parties, for whom the Defendants are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and estoppel.

### RESERVATION OF RIGHTS

Defendants give notice that they intend to rely upon any claim or defense that may become available or appear during the pre-trial proceedings, based upon evidence developed in discovery or otherwise, and reserve the right to amend or supplement this Answer to assert any such claims or defenses.

### PRAYER

For the foregoing reasons, Defendants ask the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants any and all other relief to which the Court may determine they are entitled.

Dated: November 9, 2022   Respectfully submitted,

MAGALLÓN & SKLAR, L.L.P.

/s/ John H. Sklar
John H. Sklar
State Bar No. 18474200
Federal ID No. 7744
500 Jefferson Street, Suite 2000
Houston, Texas 77002
(713) 658-8500
(713) 658-0690 (Fax)
jsklar@magallonsklar.com

*Attorneys for Mauricio Chavez and CryptoFX, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              /s/ John H. Sklar
                                              John H. Sklar