IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § <br>     Plaintiff, § <br> v. § <br> MAURICIO CHAVEZ, § <br> GIORGIO BENVENUTO, and § <br> CRYPTOFX, LLC, § <br>     Defendants, § <br> CBT GROUP, LLC, § <br>     Relief Defendant. § | Civil Action No. 4:22-cv-03359 |

**DEFENDANT MAURICIO CHAVEZ'S
AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Mauricio Chavez ("Chavez") hereby answers and asserts affirmative defenses to Plaintiff Securities and Exchange Commission's ("Plaintiff's") Complaint. Unless expressly admitted, all allegations set forth in the Complaint are denied.[1]

**NATURE OF THE ACTION**

1. The allegations in paragraph 1 contain characterizations and legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations, except admits that Plaintiff purports to bring a securities fraud action against Chavez, CryptoFX, LLC ("CryptoFX"), and Giorgio Benvenuto.

2. Chavez denies the allegations in the first and second sentences of paragraph 2, including footnote 1. Chavez denies the allegations in the third sentence of paragraph 2, except admits to the existence of Venture Agreements but not the characterization set forth by Plaintiff in

---

[1] Chavez uses the headings used in the Complaint solely for ease of reference. To the extent any headings are construed to make allegations, Chavez denies those allegations.

the third sentence of paragraph 2.  Chavez respectfully refers the Court to the agreements for their contents.

3. Chavez denies the allegations in the first sentence of paragraph 3.  Chavez denies the allegations in the second sentence of paragraph 3, except admits to the existence of Relief Defendant, CBT Group, LLC ("CBT Group"), and that Chavez maintains an ownership interest in CBT Group.  Except as otherwise admitted, Chavez denies the remaining allegations in paragraph 3.

4. Chavez denies the allegations in the first sentence of paragraph 4, except admits that Chavez is not registered as an investment advisor.  Chavez denies the allegations in the second sentence of paragraph 4, except admits to Chavez and others giving classes regarding cryptocurrencies to members of a group with the name "Founders Circle."  Chavez denies the remaining allegations in paragraph 4.

5. The allegations in paragraph 5 contain legal conclusions and predictions about future behavior to which no response is required.  To the extent any response is necessary, Chavez denies the allegations.

6. To the extent that allegations in paragraph 6 set forth legal conclusions or describe Plaintiff's prayer for relief, no response is required.  To the extent any response is necessary, Chavez denies the allegations in paragraph 6, and denies that Plaintiff is entitled to any relief whatsoever.

**DEFENDANTS**

7. Chavez admits the allegations in the first and second sentences of paragraph 7, except denies that Chavez is 41 years old.  Chavez admits the allegations in the third sentence of paragraph 7.  To the extent that allegations in the fourth sentence of paragraph 7 set forth legal

conclusions, no response is required.  To the extent any response is necessary, Chavez denies the allegations.  Chavez admits the allegations in the last sentence of paragraph 7.

8. Chavez lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 8 as to the age of Mr. Benvenuto, and on that basis denies those allegations. Chavez admits the allegations in the second sentence of paragraph 8.  Chavez lacks sufficient information to admit or deny the allegations in the third sentence of paragraph 8 regarding Mr. Benvenuto, and on that basis denies those allegations.

9. Chavez admits the allegations in paragraph 9.

**RELIEF DEFENDANT**

10. Chavez admits the allegations in paragraph 10.

**JURISDICTION AND VENUE**

11. The allegations in paragraph 11 are legal conclusions to which no response is required.  To the extent any response is necessary, Chavez denies the allegations.

12. The allegations in paragraph 12 are legal conclusions to which no response is required.  To the extent any response is necessary, Chavez admits that this Court has jurisdiction over this matter.

13. The allegations in paragraph 13 are legal conclusions to which no response is required.  To the extent any response is necessary, Chavez denies the allegations, except admits to the existence of Venture Agreements but not the characterization set forth by Plaintiff in paragraph 13.  Chavez respectfully refers the Court to the agreements for their contents.

14. The allegations in paragraph 14 set forth legal conclusions to which no response is required.  To the extent any response is necessary, Chavez denies the allegations, except admits that CryptoFX engaged in interstate commerce.  Except as otherwise admitted or stated, Chavez denies the remaining allegations in paragraph 14.

15. The allegations in paragraph 15 set forth legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations, except Chavez admits that CryptoFX has an office in Houston, and Chavez admits that he resides in this District.

## FACTUAL ALLEGATIONS

16. Chavez admits the allegations in the first sentence of paragraph 16. The allegations in the second sentence of paragraph 16 set forth legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations. Chavez denies the allegations in the third sentence of paragraph 16, except admits that Chavez is the founder of CryptoFX.

17. Chavez admits the allegations in the first and second sentences of paragraph 17. Chavez denies the allegations in the third sentence of paragraph 17.

18. Chavez admits the allegations in the first sentence of paragraph 18, except to the extent they allege legal conclusions. Chavez denies the allegations in the second, third and fourth sentences of paragraph 18. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 18 and denies such allegations.

19. Chavez denies the allegations in paragraph 19.

20. Chavez denies the allegations in the first sentence of paragraph 20, except admits the form of the Venture Agreements varied. Chavez denies the allegations in the second sentence of paragraph 20, except admits the Venture Agreements are in English.

21. Chavez denies the allegations in the first and second sentences of paragraph 21. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 21 and denies such allegations.

22. Chavez denies the allegations in the first sentence of paragraph 22. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 22 and denies such allegations.

23. Chavez denies the allegations in paragraph 23, except admits that Chavez attended a meeting at the Crowne Plaza Hotel in Houston in August 2022.

24. Chavez admits the allegations in the first sentence of paragraph 24. Chavez denies the allegations in the remainder of paragraph 24.

25. Chavez admits the allegations in the first and second sentences of paragraph 21, except to the extent they allege legal conclusions. Chavez denies the allegations in the remainder of paragraph 25.

26. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26 and denies such allegations. Chavez denies the allegations in the remainder of paragraph 26.

27. Chavez admits the allegations in the first sentence of paragraph 27, except to the extent they allege legal conclusions. Chavez denies the allegations in the remainder of paragraph 27.

28. Chavez denies the allegations in the first sentence of paragraph 28. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 28 and denies such allegations. Chavez denies the allegations in the third sentence of paragraph 28. To the extent the allegations in the fourth sentence of paragraph 28 set forth legal conclusions, no response is required. To the extent any response is necessary, Chavez denies the allegations. Chavez denies the allegations in the remainder of paragraph 28.

29. Chavez denies the allegations in paragraph 29.

30. Chavez denies the allegations in paragraph 30.

31. Chavez denies the allegations in the first sentence of paragraph 31. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 31 and denies such allegations.

32. Chavez denies the allegations in the first sentence of paragraph 32. Chavez denies the allegations in the second sentence of paragraph 32, except admits that Mr. Benvenuto requested that certain funds be transferred to CBT Group. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 32 and denies such allegations.

33. Chavez lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 and denies such allegations.

34. Chavez denies the allegations in paragraph 34.

35. Chavez lacks information sufficient to form a belief as to the truth of the allegations in paragraph 35 and denies such allegations.

36. Chavez denies the allegations in paragraph 36.

37. Chavez denies the allegations in paragraph 37.

38. Chavez lacks information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 38 and denies such allegations. Chavez denies the allegations in the remainder of paragraph 38.

39. Chavez denies the allegations in paragraph 39.

40. Chavez denies the allegations in paragraph 40.

41. Chavez denies the allegations in paragraph 41.

42. Chavez denies the allegations in paragraph 42.

43. Chavez denies the allegations in paragraph 43.

44. Chavez denies the allegations in paragraph 44.

45. Chavez admits the allegations in paragraph 45, except to the extent they allege legal conclusions.

46. The allegations in paragraph 46 are legal conclusions or characterizations of pleadings to which no response is required, and Chavez denies such allegations.

47. The allegations in paragraph 47 are legal conclusions or characterizations of pleadings to which no response is required, and Chavez denies such allegations.

## FIRST CLAIM FOR RELIEF

48. Chavez repeats and incorporates the above responses as if set forth fully herein.

49. The allegations in paragraph 49 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

50. The allegations in paragraph 50 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

## SECOND CLAIM FOR RELIEF

51. Chavez repeats and incorporates the above responses as if set forth fully herein.

52. The allegations in paragraph 52 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

53. The allegations in paragraph 53 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

## THIRD CLAIM FOR RELIEF

54. Chavez repeats and incorporates the above responses as if set forth fully herein.

55. The allegations in paragraph 55 are legal conclusions to which no response is required and which are not alleged against Chavez as a defendant. To the extent any response is necessary, Chavez denies the allegations.

56. The allegations in paragraph 56 are legal conclusions to which no response is required and which are not alleged against Chavez as a defendant. To the extent any response is necessary, Chavez denies the allegations.

### FOURTH CLAIM FOR RELIEF

57. Chavez repeats and incorporates the above responses as if set forth fully herein.

58. The allegations in paragraph 58 are legal conclusions to which no response is required and which are not alleged against Chavez as a defendant. To the extent any response is necessary, Chavez denies the allegations.

59. The allegations in paragraph 59 are legal conclusions to which no response is required and which are not alleged against Chavez as a defendant. To the extent any response is necessary, Chavez denies the allegations.

### FIFTH CLAIM FOR RELIEF

60. Chavez repeats and incorporates the above responses as if set forth fully herein.

61. The allegations in paragraph 61 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

62. The allegations in paragraph 62 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

### SIXTH CLAIM FOR RELIEF

63. Chavez repeats and incorporates the above responses as if set forth fully herein.

64. The allegations in paragraph 64 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

65. The allegations in paragraph 65 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

66. The allegations in paragraph 66 are legal conclusions to which no response is required. To the extent any response is necessary, Chavez denies the allegations.

## SEVENTH CLAIM FOR RELIEF

67. Chavez repeats and incorporates the above responses as if set forth fully herein.

68. The allegations in paragraph 68 are legal conclusions to which no response is required and which are not alleged against Chavez as a defendant. To the extent any response is necessary, Chavez denies the allegations.

69. The allegations in paragraph 69 are legal conclusions to which no response is required and which are not alleged against Chavez as a defendant. To the extent any response is necessary, Chavez denies the allegations.

70. The allegations in paragraph 70 are legal conclusions to which no response is required and which are not alleged against Chavez as a defendant. To the extent any response is necessary, Chavez denies the allegations.

## PRAYER FOR RELIEF

71. Plaintiff's prayer for relief and judgment (including sections 1 through 8) does not require a response, but to the extent any response is necessary, Chavez denies that Plaintiff is entitled to the requested relief and judgment or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Chavez asserts the following affirmative defenses without assuming any burden of proof or persuasion that would otherwise remain with Plaintiff, and without waiving (and hereby expressly reserving) the right to assert any other defenses at such time and to the extent discovery establishes a basis therefor, Chavez hereby asserts the following affirmative defenses to the claims asserted in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Chavez's alleged conduct did not operate as a fraud or deceit on any person in connection with purchase or sale of any security.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced to the extent any injury was caused by the acts or omission of other or third parties, for whom Chavez is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and estoppel.

## RESERVATION OF RIGHTS

Chavez gives notice that he intends to rely upon any claim or defense that may become available or appear during the pre-trial proceedings, based upon evidence developed in discovery or otherwise, and reserves the right to amend or supplement this Answer to assert any such claims or defenses.

## PRAYER

For the foregoing reasons, Chavez asks the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Chavez any and all other relief to which the Court may determine he is entitled.

Dated:  November 11, 2022

Respectfully submitted,

MAGALLÓN & SKLAR, L.L.P.

/s/ John H. Sklar
John H. Sklar
State Bar No. 18474200
Federal ID No. 7744
500 Jefferson Street, Suite 2000
Houston, Texas 77002
(713) 658-8500
(713) 658-0690 (Fax)
jsklar@magallonsklar.com

*Attorneys for Defendant Mauricio Chavez*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ John H. Sklar
John H. Sklar