IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | § § § | CIVIL ACTION NO. 4:22-CV-03359 |
| | § | JUDGE ANDREW S. HANEN |
| *Defendants.* | § § | |
| CBT Group, LLC, | § § | |
| *Relief Defendant.* | § § | |

**RECEIVER'S AMENDED MOTION TO EMPLOY
SHOOK, HARDY & BACON LLP AS LEGAL COUNSEL**

John Lewis, Jr. as the Court-appointed Receiver in the above-referenced action respectfully moves the Court for an order approving the retention of his firm, Shook, Hardy & Bacon LLP ("SHB"), to serve as the Receiver's legal counsel in this matter.  In support of this Amended Motion, the Receiver states the following:

1.     On September 19, 2022, the Securities and Exchange Commission ("S.E.C.") filed a Complaint against Defendants Giorgio Benvenuto, Mauricio Chavez, CryptoFX, LLC, and CBT Group, LLC (together "Receivership Defendants").  ("Complaint" Doc. No. 3).  The Complaint alleges that Defendants perpetrated a multi-million dollar securities fraud directed at Latino investors.  *Id.*

2.     On September 29, 2022, upon motion of the S.E.C., the Court entered an Order Appointing John Lewis, Jr. as Receiver in this matter ("Receivership Order").  (Doc. No. 11).

The Receivership Order authorizes the Receiver without further order of this Court to, among other things, engage and employ professionals. *See* Receivership Order at ¶ 7(f). However, in the interest of transparency, and out of abundance of caution, the Receiver seeks this Court's approval, with notice to all parties of record, including the S.E.C., for leave to employ SHB as Retained Personnel, as defined in the Receivership Order. *See* Receivership Order at ¶ 56.

3.      The Receiver seeks this Court's authority to retain SHB to advise him on legal matters in effectively carrying out his duties under the Receivership Order.

4.      SHB and its attorneys designated to represent the Receiver in this matter are well qualified to represent the Receiver in this matter and are admitted (or will be admitted *pro hac vice*) to practice in this Court. SHB has the requisite knowledge and experience in receivership and fiduciary practice to advise the Receiver with respect to the powers and authority conferred to him by the provisions of 28 U.S.C. §§ 754, 959 and 1692 and Federal Rule of Civil Procedure 66. Attached as Exhibit "A" is the sworn Declaration of SHB pursuant to the Receivership Order (Doc. No. 11, ¶ 43).

5.      The Receiver's anticipated need for legal counsel in this case, includes, but is not limited to the following:

- Investigate, identify, trace and marshal, through legal process if necessary, receivership property valued at over $14 million as set forth in the SEC's Complaint filed in this matter, including recovering receivership property transferred to third parties, converted to real and personal property or otherwise in possession of the Receivership Defendants and/or Relief Defendants. (Complaint, Doc. No. 3, ¶¶ 31- 36);

2

- Prepare filings, public record filings, public notices and other related work as may be required in the judgment of the Receiver;

- Handle contested matters before this Court or other tribunals including any necessary litigation;

- Advise the Receiver as may otherwise be necessary to efficiently and effectively carry out his duties.

- Review and make recommendations to Receiver regarding adjudication of victim's claims.

- Prepare applications on behalf of Receiver for leave of Court to engage other Retained Professionals to the Receivership estate.

- Prepare required reports to this Court as may be required or advisable under the Receivership Order. (Receivership Order, ¶¶ 50-56)

6.     The current hourly rates applicable to the SHB attorneys who will assist the Receiver herein normally range from $600 – $700.  However, for this engagement SHB proposes a flat rate for all SHB attorneys of $425 so that Receiver may maximize recovery to any victims herein and to provide a "fiduciary discount" given the public good nature of the Receiver's work and that of Receiver' Retained professionals.

7.     Further, as provided for in the Receivership Order, "Receiver's fees—including all fees and costs for the Receiver and others retained to assist in the administration and liquidation of the Receivership estate—are capped at $120,000 during the initial 60-day period." Receivership Order ¶ 52.  With respect to all other reasonable, necessary and out of pocket expenses incurred by the Receiver "in the ordinary course of the administration and operation of the receivership," (Receivership Order ¶ 55, "Ordinary Course Expenses"), including but not

4868-3057-3376

limited to locksmiths (Receivership Order ¶ 19), the securing, storage, imagining or scanning of "paper and electronic information" (Receivership Order ¶ 8), utilities, garbage, trash removal, water (Receivership Order ¶ 26), "Receiver need not obtain Court approval prior to the disbursement of Receivership Funds" for Ordinary Course Expenses.  Receivership Order ¶ 55.

8.      Shook, Hardy & Bacon LLP does not represent any other party to this case and, based on the information currently available, does not represent any other person or entity with an interest in this matter.  The Receiver is an equity partner of the firm.  A Declaration Pursuant to Order Appointing Receiver signed by the Receiver is attached as Exhibit "A."

ACCORDINGLY, the Receiver, John Lewis. Jr., requests that the Court enter an order permitting him to retain Shook, Hardy & Bacon LLP as set forth herein.

Dated:  November 23, 2022                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Sonila Themeli*
    Sonila Themeli
    Texas Bar No. 24073588
    S.D. Tex. Bar No. 2828237
    600 Travis Street, Suite 3400
    Houston, TX 77002
    Telephone:  713.227.8008
    Facsimile:  713.227.9508
    sthemeli@shb.com

    ***Counsel for Court-Appointed***
    ***Receiver John Lewis, Jr.***

## **<u>CERTIFICATE OF CONFERENCE</u>**

I hereby certify that that I have conferred with Plaintiff's counsel as well as Defendant Mauricio Chavez and counsel for Defendant Giorgio Benvenuto regarding this Motion. Counsel for Plaintiff and Mr. Benvenuto have stated that they are not opposed to this Motion. Mr. Chavez stated that until he retains a lawyer he does not know what his position on this Motion is.

*/s/ Sonila Themeli*
Sonila Themeli

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of November, 2022, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to counsel for Plaintiff.  Defendants, Mauricio Chavez, and Giorgio Benvenuto were served via email and U.S. Postal Service, addressed as follows:

Matthew J. Gulde
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:  817.978.1410
Facsimile:   817.978.4927
guldem@sec.gov

**Attorney for Plaintiff**

Mauricio Chavez, *Pro Se*
9423 Autauga Street
Houston, TX  77080
ceo10explan@gmail.com

**Defendant Pro Se**

Dan L. Cogdell
Jones, Walker L.L.P.
811 Main Street, Suite 2900
Houston, TX  77002
Telephone:  713.437.1869
Facsimile:   713.437.1810
dcogdell@joneswalker.com

**Attorney for Defendant,
Giorgio Benvenuto**

/s/ Sonila Themeli
Sonila Themeli

6

4868-3057-3376

EXHIBIT "A"

DECLARATION PURSUANT TO ORDER APPOINTING RECEIVER (Doc. No. 11)

The Undersigned hereby declares under penalty of perjury:

1.  I am a partner with the law firm of Shook Hardy & Bacon, LLP, with an office located at 3400 JP Morgan Chase Tower, 600 Travis Street, Houston, TX, 77002 (the "Firm").

2.  The Firm requests Court approval to be retained as legal counsel to me in my capacity as Court-Appointed Receiver in this case.  To the best of my knowledge, after formal conflict check, the Firm has no professional, business or other connection to any party in this matter.  Further, the Firm represents no interest adverse to this Receivership estate in connection to the matters upon which the Firm is to be engaged.

3.  Pursuant to the Receivership Order, the Firm will not expect or receive any compensation from the Receivership Estate except upon application to and approval by the Court.

This 7th day of October, 2022.


_____

John Lewis, Jr.

4868-3057-3376