IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| *Plaintiff*, § | Civil Action No. 4:22CV3359 |
| v. § § | |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO, and CRYPTOFX LLC, § § § | |
| *Defendants*, § § | |
| and § § | |
| CBT GROUP, LLC, § § | |
| *Relief Defendant*. § | |

## DEFENDANT GIORGIO BENVENUTO'S ORIGINAL ANSWER

Defendant Giorgio Benvenuto ("Benvenuto") files this Original Answer to the Complaint filed by Plaintiff Securities and Exchange Commission ("SEC"). Under Federal Rule of Civil Procedure 8(b)(3), Benvenuto denies each and every allegation in the SEC's Petition, unless specifically admitted herein, and respectfully submits as follows:

1. The allegations in paragraph 1 contain characteristics and legal conclusion to which no response is required. To the extent any response is required, Benvenuto denies all allegations except that Plaintiff Securities and Exchange Commission ("SEC") has brought suit against Defendants.

2. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 2 insofar as these allegations concern Defendant(s) other than Benvenuto.

3. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 3 insofar as these allegations concern Defendant(s) other than Benvenuto. The remaining allegations against Benvenuto are denied.

4. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 4 insofar as these allegations concern Defendant(s) other than Benvenuto. To the extent that these allegations pertain to Benvenuto, they are denied.

5. The allegations in paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 5 insofar as these allegations concern Defendant(s) other than Benvenuto. The remaining allegations against Benvenuto are denied.

6. To the extent that allegations in paragraph 6 set forth legal conclusions or describe Plaintiff's prayer for relief, no response is required. To the extent any response is necessary, Benvenuto denies the allegations in paragraph 6, and denies that Plaintiff is entitled to any relief whatsoever.

## DEFENDANTS

7. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 7 insofar as these allegations concern Defendant(s) other than Benvenuto.

8. Benvenuto admits that he is a Houston resident. However, Benvenuto denies the remaining allegations in Paragraph 8.

9. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 9 insofar as these allegations concern Defendant(s) other than Benvenuto.

## RELIEF DEFENDANT

10. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of

Paragraph 10 insofar as these allegations concern Defendant(s) other than Benvenuto.

## JURISDICTION & VENUE

11. The allegations of Paragraph 11 contain legal conclusions for which no response is required.

12. The allegations of Paragraph 12 contain legal conclusions for which no response is required.

13. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 13 insofar as these allegations concern Defendant(s) other than Benvenuto. The remaining allegations against Benvenuto are denied.

14. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 14 insofar as these allegations concern Defendant(s) other than Benvenuto. The remaining allegations against Benvenuto are denied.

15. The allegations of Paragraph 15 contain legal conclusions for which no response is required. Additionally, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 15 insofar as these allegations concern Defendant(s) other than Benvenuto. Benvenuto admits that he resided in this District, and denies the remaining allegations.

## FACTUAL ALLEGATIONS

16. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 16 insofar as these allegations concern Defendant(s) other than Benvenuto.

17. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 17 insofar as these allegations concern Defendant(s) other than Benvenuto.

18. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 18 insofar as these allegations concern Defendant(s) other than Benvenuto.

19. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 19 insofar as these allegations concern Defendant(s) other than Benvenuto.

20. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 20 insofar as these allegations concern Defendant(s) other than Benvenuto.

21. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 21 insofar as these allegations concern Defendant(s) other than Benvenuto.

22. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 22 insofar as these allegations concern Defendant(s) other than Benvenuto.

23. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 23 insofar as these allegations concern Defendant(s) other than Benvenuto.

24. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 24 insofar as these allegations concern Defendant(s) other than Benvenuto.

25. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 25 insofar as these allegations concern Defendant(s) other than Benvenuto.

26. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 26 insofar as these allegations concern Defendant(s) other than Benvenuto.

27. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 27 insofar as these allegations concern Defendant(s) other than Benvenuto.

28. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 28 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

29. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 29 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

30. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 30 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

31. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 31 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

32. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 32 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

33. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 33 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

34. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 34 insofar as these allegations concern Defendant(s) other than Benvenuto.

35. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 35 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

36. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 36 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

37. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 37 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

38. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 38 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

39. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 39 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

40. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 40 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, the allegations concerning Benvenuto are denied.

41. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 41 insofar as these allegations concern Defendant(s) other than Benvenuto.

42. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 42 insofar as these allegations concern Defendant(s) other than Benvenuto.

43. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 43 insofar as these allegations concern Defendant(s) other than Benvenuto.

44. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 44 insofar as these allegations concern Defendant(s) other than Benvenuto.

45. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 45 insofar as these allegations concern Defendant(s) other than Benvenuto.

46. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 46 insofar as these allegations concern Defendant(s) other than Benvenuto.

47. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 47 insofar as these allegations concern Defendant(s) other than Benvenuto. Further, the allegations of Paragraph 47 contain legal conclusions for which no response is required.

## CLAIMS FOR RELIEF

### I: Violations of Section 10(b) of Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]: Against All Defendants

48. Paragraph 48 re-alleges the allegations of Paragraph 1-47 via reference. Accordingly, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 48 insofar as these allegations concern Defendant(s) other than Benvenuto. Further, any allegations against Benvenuto are denied.

49. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 49 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, allegations against Benvenuto are denied.

50. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 50 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, allegations against Benvenuto are denied.

### II: Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]: Against Defendants Chavez and CryptoFX, LLC

51. Paragraph 51 re-alleges the allegations of Paragraph 1-47 via reference. Accordingly, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 51 insofar as these allegations concern Defendant(s) other than Benvenuto. Further, any allegations against Benvenuto are denied.

52. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 52 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, allegations against Benvenuto are denied.

53. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 53 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, allegations against Benvenuto are denied.

### *III: Violations of Section 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)]: Against Defendant Benvenuto*

54. Paragraph 54 re-alleges the allegations of Paragraph 1-47 via reference. Accordingly, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 54 insofar as these allegations concern Defendant(s) other than Benvenuto. Further, any allegations against Benvenuto are denied.

55. Benvenuto denies the allegations in Paragraph 55.

56. Benvenuto denies the allegations in Paragraph 56.

### *IV: Aiding & Abetting Violations of Section 17(a) of the Securities and Section 10(b) of the Exchange Act and Rule 10b-5(b) Thereunder: Against Defendant Benvenuto*

57. Paragraph 57 re-alleges the allegations of Paragraph 1-47 via reference. Accordingly, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 57 insofar as these allegations concern Defendant.

58. Benvenuto denies the allegations in Paragraph 58 concerning Benvenuto. Furthermore, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 58 insofar as these allegations concern other Defendant(s).

59. Benvenuto denies the allegations in Paragraph 59 concerning Benvenuto. Furthermore, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 59 insofar as these allegations concern other Defendant(s).

### V: Violations of Sections 5(a) and (c) of the Securities Act [15 U.S.C. §§ 77e(a) & (c)]: Against Defendants Chavez and CryptoFX

60. Paragraph 60 re-alleges the allegations of Paragraph 1-47 via reference. Accordingly, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 60 insofar as these allegations concern Defendant.

61. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 61 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, allegations against Benvenuto are denied.

62. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 62 insofar as these allegations concern Defendant(s) other than Benvenuto. Furthermore, allegations against Benvenuto are denied.

### VI: Violations of Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)]: Against Defendant Chavez

63. Paragraph 63 re-alleges the allegations of Paragraph 1-47 via reference. Accordingly, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 63 insofar as these allegations concern Defendant.

64. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 64 insofar as these allegations concern Defendant(s) other than Benvenuto.

65. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 65 insofar as these allegations concern Defendant(s) other than Benvenuto.

66. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 66 insofar as these allegations concern Defendant(s) other than Benvenuto.

### *VII: Equitable Claim for Relief Defendant: Agaisnt Relief Defendant CBT Group, LLC*

67. Paragraph 67 re-alleges the allegations of Paragraph 1-47 via reference. Accordingly, Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 67 insofar as these allegations concern Defendant.

68. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 68 insofar as these allegations concern Defendant(s) other than Benvenuto.

69. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 69 insofar as these allegations concern Defendant(s) other than Benvenuto.

70. Benvenuto lacks knowledge of facts sufficient to admit or deny the allegations of Paragraph 70 insofar as these allegations concern Defendant(s) other than Benvenuto.

### PRAYER FOR RELIEF

71. Plaintiff's Prayer for Relief (including sections 1-8) does not require a response, but to the extent any response is necessary, Benvenuto denies that Plaintiff is entitled to the requested relief and judgment or to any relief whatsoever.

### DEFENSES AND AFFIRMATIVE DEFENSES

72. Defendant Benvenuto asserts the following defenses without assuming any burden of proof or persuasion that would otherwise remain with Plaintiff, and without waiving (and hereby expressly reserving) the right to assert any other defenses at such time and to the extent discovery establishes a basis therefor, Benvenuto hereby asserts the following affirmative defenses to the claims asserted in the Complaint:

    a. The Complaint fails to state a claim upon which relief may be granted.

    b. Plaintiff's claims are barred, in whole or in part, because Benvenuto's alleged conduct did not operate as fraud or deceit on any person in connection with purchase or sale of any security.

    c. Plaintiff's claims are barred, in whole or in part, to the extent any injury was caused by the acts or omissions of other third parties, for whom Benvenuto is not responsible.

    d. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and estoppel.

## RESERVATION OF RIGHTS

73.    Benvenuto gives notice that he intends to rely upon any claim or defense that may become available or appear during the pre-trial proceedings, based upon evidence developed in discovery or otherwise, and reserves the right to amend or supplement this Answer to assert any such claims or defense.

## DEFENDANT'S PRAYER

For the foregoing reasons, Benvenuto asks the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Benvenuto any and all other relief to which the Court may determine he is entitled.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

          Respectfully submitted,

          **JONES WALKER LLP**

          */s/ Dan L. Cogdell*
          Dan L. Cogdell
          TBN: 04501500
          811 Main Street
          29th Floor
          Houston, Texas 77002
          Telephone: (713) 437-1869
          Facsimile: (713) 437-1810
          dcogdell@joneswalker.com

          */s/ Nicholas H. Norris*
          Nicholas H. Norris
          TBN: 24090810
          Telephone: (713) 437-1836
          nnorris@joneswalker.com

          ***Counsel for Defendant,***
          ***Giorgio Benvenuto***

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

          */s/ Dan L. Cogdell*
          DAN L. COGDELL