# Exhibit F

## SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is entered into by and among or on behalf of the following:

BZO Custom Wheels, LLC (referred to as "Landlord"), and

John Lewis, Jr., as and only as Court-appointed Receiver for Mauricio Chavez and Giorgio Benvenuto, individually, and CryptoFX, LLC and CBT Group, LLC, in the matter *S.E.C. v. Chavez et al*, Cause No. 4:22-cv-3359, in the United States District Court for the Southern District of Texas, Houston Division (referred to as "Receiver").

Landlord and Receiver, collectively referred to as "the Parties," agree to the following, to be effective as set forth below.

### I. RECITALS

1.1  WHEREAS, on September 1, 2021, Landlord and CBT Group, LLC ("CBT") entered into a lease agreement ("Lease") for the leasing of certain office space located at 1124 Blalock Rd., Houston, TX 77055 ("Leased Property");

1.2  WHEREAS, the Lease commenced on September 1, 2021 and had a termination date of September 30, 2025;

1.3  WHEREAS, CBT's monthly obligations under the Lease were ten thousand US dollars ($10,000) and thirty five percent (35%) of the entire building's electric bill;

1.4  WHEREAS, on September 19, 2022, the Securities and Exchange Commission filed an action in the United States District Court for the Southern District of Texas, Houston Division, Cause No. 4:22-cv-3359 styled *Securities and Exchange Commission, Plaintiff v. Mauricio Chavez, Giorgio Benvenuto, CryptoFX, Defendants and CBT Group, LLC Relief Defendant* (the "Action");

1.5  WHEREAS, on September 29, 2022, upon motion of the SEC, the Court issued an Order Appointing Receiver ("Receivership Order"), which appointed John Lewis, Jr. Receiver for all the Defendants in the Action ("Receivership Estate");

1.6  WHEREAS, the Receivership Order provides, in pertinent part that the Receiver has "all powers, authorities, rights and privileges heretofore possessed by the [former] officers, directors, managers" . . . and that Chavez, Benvenuto or any for officers, managers, advisors, or other agents of CryptoFX, CBT or any affiliated entities are "hereby dismissed" and shall have "no authority" and are hereby "suspended;" and that the "Receiver shall assume and control the operation of the Receivership Defendants . . ." and Receivership Estates;

1



Landlord's Initials TS
Receiver's Initials ST

1.7     WHEREAS, Landlord and Receiver agree that, as of the date of the signing of this Agreement, the amount due under the Lease is twenty thousand two hundred and forty five U.S. dollars and 18 cents ($20,239.18);

1.8     WHEREAS, Landlord and Receiver agree on the reasonable value of Receivership Estate personal property as these are listed in Exhibit A and for a total amount of $3,030;

1.9     WHEREAS, Landlord and Receiver terminated the Lease on October 31, 2022 and desire to effect a full, complete, final and binding settlement and compromise of all disputes and claims arising from or related to the Lease;

1.10    WHEREAS, Landlord and Receiver agree that the reasonable value of the items listed in Exhibit A will be used to offset the amounts due to Landlord under the Lease;

1.11    WHEREAS, Receiver agrees to vacate the premises of the Leased Property and return possession of the same to Landlord on December 6, 2022;

1.12    WHEREAS, Landlord agrees cooperate in the turnover of any personal property owned by former employees of CBT or CryptoFX for a period of 60 days after the execution of this Agreement;

1.13    WHEREAS, Landlord and Receiver have agreed to settle and resolve completely and finally all matters between them relating to and/or arising out of the Lease; and

1.14    NOW, THEREFORE, in consideration of the mutual promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which each of the Parties acknowledges, the Landlord and Receiver hereby agree as follows.

## II.     RELEASE

2.1     In exchange for good and valuable consideration, together with the other terms and conditions set forth herein, upon Landlord's receipt of the Agreement Amount, Landlord hereby releases and completely discharges Receiver and his attorneys, employees, or agents, as well as CBT Group and any affiliated entities and/or persons of all monies owed to Landlord.

## III.    WARRANTIES AND REPRESENTATIONS

3.1     The Parties represent and warrant that they are authorized to execute this Agreement, that any person executing this Agreement in a representative capacity is duly authorized to do so, and that the terms, conditions and provisions of this Agreement shall be construed only according to their fair import and shall not be construed for or against any Party hereto.

3.2     Landlord and Receiver each represents and warrants that it is not relying on any statement or representation made by the other party, or by any agent for the other party, that is not herein expressed. Each of the Parties is relying on its own judgment in executing this Agreement. The Parties each represent that, as of the date of this Agreement: (a) each of the Parties is fully informed about the contents of this Agreement and has done all investigation necessary prior to its

2                                                               Landlord's Initials _TS_

Receiver's Initials _____

execution; (b) no threat, promise, or representation of any kind has been made to induce the Parties to enter into this Agreement, except as expressly stated in this Agreement; (c) each of the Parties is not relying on any statement, promise, or representation to enter into this Agreement, except as expressly stated in this Agreement; (d) each of the Parties has been represented by counsel of that Party's choosing in connection with the negotiation of this Agreement; and (e) the person executing this Agreement on behalf of each of the Parties is fully competent and authorized to execute this Agreement on behalf of such Party and its affiliates.

3.3    Receiver has no specific knowledge and makes no representations concerning the condition of the Leased Property. Landlord understands that possession of the Leased Property is being returned to Landlord "AS IS."

## IV.    SETTLEMENT CONSIDERATION

4.1    Upon execution of this Agreement and in consideration for this Agreement and the obligations of and release by Landlord, together with the other terms and conditions set forth herein, Receiver agrees to deliver payment as outlined in this Section IV of this Agreement.

4.2    The payment made to Landlord in consideration for this Agreement, the settlement, release, and other terms and conditions set forth herein, shall be the total sum of **$17,209.18** (herein the "Agreement Amount") to be paid by Receiver by check. Payment shall be made within ten (10) days after this Agreement is executed by Landlord and returned to counsel for Receiver.

## V.    ATTORNEYS' FEES AND COSTS

5.1    Each Party shall bear their own attorneys' fees and costs.

## VI.    ADDITIONAL TERMS

6.1    Notwithstanding anything to the contrary in the above release provision or elsewhere, nothing in the Agreement is intended to or may be read to release, waive, or relinquish any obligations, rights or claims under or arising from this Agreement, all of which are specifically preserved and are not released, waived, or relinquished.

6.2    Severability. If any portion (word, clause, phrase, sentence, paragraph, or section) of this Agreement or the application thereof to any person, entity or circumstance, shall to any extent be invalid or unenforceable, the remainder of this Agreement, or the application of such portion to persons or entities or circumstances other than those as to which it is invalid or unenforceable, shall not be affected hereby, and such portion shall be considered independent and severable from the Agreement, and this Agreement shall be enforced as if such portion did not exist.

6.3    Entire Agreement.  This Agreement supersedes any and all prior oral and written agreements and understandings, and constitutes the entire agreement and understanding between the Parties and relating to the subject matter hereof and all matters not expressly included have been intentionally excluded. No representation, warranty, condition, understanding, or agreement of any kind, with respect to the subject matter of this Agreement, shall be relied upon by the Parties except those contained herein. This Agreement may not be amended or modified except by a

3

Landlord's Initials TS
Receiver's Initials ST

subsequent agreement signed by all of the Parties.

6.4   Interpretation.   The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, the Parties agree that the terms of this Agreement are the product of negotiation between the Parties and their counsel, and any uncertainty or ambiguity about the terms shall not be interpreted against any one party and in favor of the other.

6.5   Cooperation.   The Parties agree to cooperate fully and execute any and all supplementary or additional documents and to take all additional actions that may be necessary or appropriate to give full effect to the terms and conditions of this Agreement.

6.6   Jointly Drafted.   All Parties and their respective counsel mutually contributed to the preparation of, and have had the opportunity to review and revise, this Agreement. Accordingly, no provision of this Agreement shall be construed against any party because that party, or his or its own counsel, drafted the provision.

6.7   Further Documents.   From time to time, as requested, the Parties agree that they will execute and deliver such other and further documents and instruments evidencing and pertaining to the agreements contemplated hereby as may be reasonably necessary to evidence or effect the terms of this Agreement.

6.8   Choice of Law.   This Agreement shall be governed in all respects, including its validity, interpretation and effect, and construed by and in accordance with all applicable federal laws, the Federal Rules of Civil Procedure, and any applicable laws of the State of Texas. The Parties agree that in the event of any dispute concerning this Agreement, all claims arising out of such a dispute will be brought only before the United States District Court, Southern District of Texas, Houston Division, Civil Action No. 4:22-cv-03359.

6.9   Effective Date and Counterparts.   This Agreement is effective as of the latest signature date on this Agreement. This Agreement may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute but one and the same instrument. A facsimile, photocopy, or e-mail copy of this Agreement, bearing the respective signatures, shall be enforceable as originals.

*[SIGNATURE PAGES FOLLOW—REST OF PAGE INTENTIONALLY BLANK]*

4

Landlord's Initials ____

Receiver's Initials ____

SIGNED this 07 day of december, 2022.

**LANDLORD**
**BZO Custom Wheels, LLC**
By: _____

Daniel Sun, Administrator
1119 Adkins Road, Houston Texas 77055


SIGNED this 09 day of December 2022.

John Lewis, Jr.
In his capacity as Court-Appointed Receiver in the matter *S.E.C. v. Mauricio Chavez, Giorgio Benvenuto, CryptoFX, LLC and CBT Group, LLC*, Civil Action No. 4:22-cv-3359, United States District Court, Southern District of Texas, Houston Division

By: _____

Sonila Themeli, counsel for Receiver
Shook, Hardy & Bacon LLP
600 Travis St, Suite 3400
Houston, TX 77002

5

Landlord's Initials TS
Receiver's Initials ST