IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff,* | |
| vs. | CIVIL ACTION NO. 4:22-CV-03359 |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | JUDGE ANDREW S. HANEN |
| *Defendants.* | |
| CBT Group, LLC, | |
| *Relief Defendant.* | |

**RECEIVER'S UNOPPOSED MOTION TO APPROVE PRIVATE SALE OF PERSONAL PROPERTY AND TO EXPEDITE CONSIDERATION AND BRIEF IN SUPPORT**

John Lewis, Jr. ("Receiver"), the court-appointed Receiver for Mauricio Chavez ("Chavez"), Giorgio Benvenuto ("Benvenuto"), CryptoFX, LLC ("CryptoFX") and CBT Group, LLC ("CBT"), pursuant to the Order Appointing Receiver ("Receivership Order") [Doc. No. 11] files this Unopposed Motion to Approve Private Sale of Personal Property and to Expedite Consideration and Brief in Support, showing the Court as follows:

**I.      INTRODUCTION**

1      On September 19, 2022, the United States Securities and Exchange Commission (SEC) filed a Complaint against Defendants Chavez, Benvenuto, CFX, and CBT, along with an application for the appointment of a receiver for the Receivership Entities. [Doc. Nos. 3 & 6]. On

September 29, 2022, the Court appointed John Lewis, Jr. to serve as Receiver over all the assets of the Receivership Defendants [Doc. No. 11].

2      The Receivership Order grants the Receiver various powers, including, but not limited to, the authority to "transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property." Receivership Order at ¶ 35.

3      Pursuant to his responsibilities as a Receiver, the Receiver has taken control and possession of certain personal property owned by Receivership Defendant, Chavez, including a 2020 Volkswagen Tiguan (VIN: 3VV3B7AX4LM041309) ("Subject Vehicle"). *See* Receiver's First Interim Report, Doc. No. 33; *see also* Receiver's Second Interim Report, Doc. No. 50. The vehicle is part of the Receivership Estate and, as described below, may be sold by the Receiver upon the Court's approval. *See also* Receiver's Liquidation Plan, Doc. No. 47.

4      The Receiver is now prepared to proceed with the sale of the 2020 Volkswagen Tiguan with the goal of realizing the highest reasonable value for the personal property under the circumstances of this receivership.

## II.     ARGUMENT AND AUTHORITY

5      Where the administration of a receivership estate requires the sale of personal property, 28 U.S.C. § 2004, requires the Receiver to follow the general procedures outlined in 28 U.S.C. § 2001. Specifically, subsection (b) establishes the following procedures for a private sale of real and personal property:

> (b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and

2

conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. § 2001(b)

6        Notwithstanding the processes outlined in section 2001(b), in overseeing equity receiverships, district courts have wide discretion in overseeing the sale of personal property. Accordingly, except in cases of abuse, appellate courts will not disturb the exercise of the district courts' discretion in setting the conditions for judicial sales or the confirmation thereof. *See Salaymeh v. Plaza Centro, LLC*, 258 S.W.3d 236, 240 (Tex. App. 2008); *see also SEC v. Safety Fin. Serv., Inc.*, 674 F.2d at 373.

7        The primary goal of a receivership is to provide a conduit through which assets can be held, liquidated and distributed to the particular beneficiaries of the receivership, in this case, thousands of investors that invested over $300 million with Receivership Defendants. *See SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019). To that end, the Court has extremely broad powers and wide discretion to supervise the receivership and to determine the appropriate action to be taken in the administration of the receivership. *See SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986); *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978); *see also SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372 (5th Cir. 1982) (holding that a court overseeing a receivership is accorded "wide discretionary power" in light of "the concern for orderly administration") (citations omitted).

3

8       In light of the purposes and principles underlying the administration of this Receivership, and in an effort to minimize additional costs incurred by the Receivership Estate in disposing of the Subject Vehicle, the Receiver proposes the sale of the vehicle pursuant to the terms set forth below.

## III.     THE PROPOSED SALE MEETS THE REQUIREMENTS OF 28 U.S.C. §§ 2001, 2004.

9       As part of his duties, and pursuant to 28 U.S.C. § 2001 and 2004, and the Receivership Order, the Receiver requests that he be allowed to sell the Subject Vehicle through a private sale and that, in connection with the sale, the Court approve the proposed sale described herein.

10      The Receiver employed Michael Poutous Auto Sales to assist with the sale of the Subject Vehicle.  *See also* Receiver's Liquidation Plan, Doc. No. 47.

11      On February 28, 2023, the Receiver entered into a contract with Maria Luisa Lemke to sell the vehicle for $19,437.21, including costs. A copy of the contract is attached hereto as **Exhibit A**.

12      The contract for sale of the vehicle is the result of substantial arms-length negotiations between the Receiver and the proposed Purchaser.

13      Prior to entering into the contract, the vehicle was listed for sale for 7 days, with an asking price of $18,995. The offer made by the proposed buyer is the highest offer received for the Subject Vehicle.

14      The Receiver requests that the Court declare title and ownership of said vehicle to the Receiver, free and clear of all liens and competing interests, and allow the Receiver to sell the vehicle via private sale on behalf of the Receivership Estate without notice by publication other

than by posting this motion on the Receiver's website. The Receiver will notify the Court promptly if he receives an offer at least 10% higher than the contracted purchase price prior to the Court's approval of the sale.

15     As required by 28 U.S.C. § 2001, the Receiver has considered the following three "appraisals" to arrive at the sales price:

> (a)     The February 27, 2023 Vehicle History Report provided by Carfax placing a fair market value of $22, 860 on the Subject Vehicle, a true and correct copy of which is attached hereto as **Exhibit B**.
>
> (b)     The February 27, 2023 Manheim Market Report provided by Manheim placing a fair market value of $22,800 on the Subject Vehicle, a true and correct copy of which is attached hereto as **Exhibit C**.
>
> (c)     The February 27, 2023 Vehicle History Report provided by Kelley Blue Book placing a trade-in value of $17,855 on the Subject Vehicle, a true and correct copy of which is attached hereto as **Exhibit D.**

16     These documents are sufficient to satisfy section 2001(b)'s appraisal requirements because each was provided by a party who is independent from the Receiver and has no interest in the proposed sale of the vehicle. The Receiver deems that said documents accurately reflect the value of the vehicle and save the Receivership Estate significant expenses and undue delay of the proposed sale.

17     As required by 28 U.S.C. § 2001, the $19,437.21 sales price exceeds two-thirds of the appraised value. Moreover, selling the vehicle will allow the Receivership Estate to avoid additional expenses associated with maintaining the vehicle in the future.

18      Allowing the Receiver to liquidate the vehicle through the proposed private sale will most expeditiously further the goals of the Receivership and will result in additional funds being deposited into the Receivership Estate.

19      Additionally, because the proposed sale of the vehicle satisfies the prerequisites established by 28 U.S.C. § 2001 for the reasons described herein, the Receiver contends that the sale is in the best interest of the Receivership Estate and should be permitted to close as requested.

## IV.   REQUEST FOR EXPEDITED CONSIDERATION

20      The Receiver respectfully requests that the Court allow for expedited consideration and determination of this Motion.

21      The Receiver advises the Court that the SEC and Counsel for the Receivership Defendants do not oppose this Motion or the relief requested herein.

22      No party to this action will be prejudiced by a decision to shorten time for objections to be filed or a decision to expedite consideration of this Motion. Rather, doing so will ensure a timely sale of the vehicle, which will result in the resolution of the property interest for the Receivership Estate—these proceeds are needed to fund the ongoing investigation for cash and assets held by Defendants for ultimate payout to creditors of the Estate, including investors.

23      Pursuant to Local Rule 7, counsel for the Receiver has conferred with counsel for the Plaintiff SEC and counsel for Defendants Mauricio Chavez and Giorgio Benvenuto, and they do not oppose this Motion.

24      Therefore, the Receiver respectfully requests that this Court enter an order granting this unopposed Motion and approving the private sale of the 2020 Volkswagen Tiguan.  A proposed order authorizing this request has been separately submitted to the Court in accordance with the local rules.

## V.      CONCLUSION

25      WHEREFORE, the Receiver respectfully requests that this Court enter an order granting Receiver's Unopposed Motion and approving the private sale of the 2020 Volkswagen Tiguan.

Respectfully submitted, March 1, 2023.

SHOOK, HARDY & BACON L.L.P.

By:  */s/ Sonila Themeli*
         Sonila Themeli
         Texas Bar No. 24073588
         S.D. Tex. Bar No. 2828237
         600 Travis Street, Suite 3400
         Houston, TX 77002
         Telephone:  713.227.8008
         Facsimile:  713.227.9508
         sthemeli@shb.com

         Caroline M. Gieser
         (admitted *pro hac vice*)
         1230 Peachtree Street, NE, Suite 1200
         Atlanta, GA  30309
         Telephone:  470.867.6000
         mcgieser@shb.com

*Counsel for Court-appointed Receiver*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that she has conferred with counsel for the Plaintiff SEC and counsel for Defendants Mauricio Chavez and Giorgio Benvenuto, and they do not oppose this Motion.

/s/ *Sonila Themeli*
Sonila Themeli

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 1st day of March, 2023, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record, addressed as follows:

Matthew J. Gulde
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone:  817.978.1410
Facsimile:   817.978.4927
guldem@sec.gov

***Attorney for Plaintiff***

Paul D. Flack
PRATT &FLACK, LLP
4306 Yoakum Blvd., Suite 500
Houston, TX 77006
Telephone: 713.705.3087
pflack@prattflack.com

***Counsel for Defendant Mauricio Chavez***

Dan L. Cogdell
Cogdell Law Firm
1000 Main St., Suite 2300
Houston, TX  77002
Telephone:  713.426.2244
dan@cogdell-law.com

***Attorney for Defendant,***
***Giorgio Benvenuto***

*/s/ Sonila Themeli*
Sonila Themeli