IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | § § § | CIVIL ACTION NO. 4:22-CV-03359 |
| | § | JUDGE ANDREW S. HANEN |
| *Defendants.* | § § | |
| CBT Group, LLC, | § § | |
| *Relief Defendant.* | § § | |

**RECEIVER'S UNOPPOSED MOTION TO APPROVE PRIVATE SALE OF REAL PROPERTY AND TO EXPEDITE CONSIDERATION AND BRIEF IN SUPPORT**

John Lewis, Jr. ("Receiver"), the court-appointed Receiver for Mauricio Chavez ("Chavez"), Giorgio Benvenuto ("Benvenuto"), CryptoFX, LLC ("CryptoFX") and CBT Group, LLC ("CBT"), pursuant to the Order Appointing Receiver ("Receivership Order") [Doc. No. 11] files this Unopposed Motion to Approve Private Sale of Real Property located at 28 Lawrence Marshall Dr., Hempstead, Texas 77445 ("Subject Property") and to Expedite Consideration and Brief in Support, showing the Court as follows:

**I.   INTRODUCTION**

1.   On September 19, 2022, the United States Securities and Exchange Commission ("SEC") filed a Complaint against Defendants Chavez, Benvenuto, CFX, and CBT, along with an application for the appointment of a receiver for the Receivership Entities. [Doc. Nos. 3 & 6]. On

September 29, 2022, the Court appointed John Lewis, Jr. to serve as Receiver over all the assets of the Receivership Defendants [Doc. No. 11].

2. The Receivership Order grants the Receiver various powers, including, but not limited to, the authority to "locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate. . ." Receivership Order at ¶ 36.

3. Pursuant to his responsibilities as a Receiver, the Receiver has taken control and possession of certain real property owned by Receivership Defendant CBT including real property located at 28 Lawrence Marshall Dr., Hempstead, Texas 77445. *See* Receiver's First Interim Report, Doc. No. 33; *see also* Receiver's Second Interim Report, Doc. No. 50. The Subject Property is part of the Receivership Estate and, as described below, may be sold by the Receiver upon the Court's approval. *See also* Receiver's Liquidation Plan, Doc. No. 47.

4. The Receiver is now prepared to proceed with the sale of the Subject Property with the goal of realizing the highest reasonable value for the Subject Property under the circumstances of this receivership.

5. The Receiver continues to fulfill his duties as Receiver and has conducted various investigations of the Receivership Defendants with the intent to marshal the Receivership assets for the benefit of the Receivership Entities' investors. As detailed in the Receiver's status reports, these efforts have included, but are not limited to, conducting interviews and depositions of CryptoFX sales agents and employees, reviewing and analyzing corporate records, and identifying personal and real property owned by the Receivership Defendants. *See* Receiver's First Interim Report, Doc. No. 33; *see also* Receiver's Second Interim Report, Doc. No. 50.

## II. SALE OF REAL PROPERTY UNDER 28 U.S.C. § 2001.

6. Where the administration of a receivership estate requires the sale of real property, 28 U.S.C. § 2001 provides the general procedures that a receiver must follow. Specifically, subsection (b) establishes the following procedures for a private sale of real property:

> (b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. § 2001(b)

7. Therefore, in order to sell the Subject Property in a private sale, the Receiver must obtain permission from the Court to do so.

8. Notwithstanding the processes outlined in section 2001(b), in overseeing equity receiverships, district courts have wide discretion in overseeing the sale of real and personal property. Accordingly, except in cases of abuse, appellate courts will not disturb the exercise of the district courts' discretion in setting the conditions for judicial sales or the confirmation thereof. *See Salaymeh v. Plaza Centro, LLC*, 258 S.W.3d 236, 240 (Tex. App. 2008); *see also SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 363, 373 (5th Cir. 1982).

9. One of the ultimate purposes of the Receiver's appointment in this case is to provide a vehicle through which assets can be gathered, preserved, and, ultimately, liquidated in order to minimize losses incurred by thousands of investors. To that end, the Court has extremely broad

powers and wide discretion to supervise the receivership and to determine the appropriate action to be taken in the administration of the receivership. *See SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986); *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978); *See SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019); *see also SEC v. Safety Fin. Serv., Inc.*, 674 F.2d at 372 (holding that a court overseeing a receivership is accorded "wide discretionary power" in light of "the concern for orderly administration") (citations omitted).

10. Each receivership case presents its own distinct circumstances that require the presiding court to employ case-specific procedures. *See Hardy*, 803 F.2d at 1038 (recognizing that courts must often craft reasonable administrative procedures to deal with the complex circumstance of each case). Because a court may not have the resources to ascertain which procedures will be most efficient in a given situation, the receiver has a duty to assist the court in understanding the specific issues in the case and developing the appropriate procedures. *See id.* (citing *SEC v. Wencke (Wencke II)*, 783 F.2d 829, 837 n.9 (9th Cir. 1986)) (noting the duty of an equity receiver is to aid the court in orderly and efficient administration of the estate); *see also Marsch v. Williams*, 23 Cal. App 4th 238, 248 (Cal. Ct. App. 1994) (noting that the receiver is "the hand of the court, to aid it in preserving and managing the property involved in the suit for the benefit of those to whom it may ultimately be determined to belong").

11. In light of the purposes and principles underlying the administration of this receivership, and in an effort to minimize additional costs incurred by the Receivership Estate in disposing of the Subject Property, the Receiver proposes the sale of the Subject Property pursuant to the terms set forth below.

**III.     THE PROPOSED SALE MEETS THE REQUIREMENTS OF 28 U.S.C. § 2001.**

12.     As part of his duties, and pursuant to 28 U.S.C. § 2001, the Receiver requests that he be allowed to sell the Subject Property through a private sale and that, in connection with the sale, the Court approve the proposed sale described herein.

13.     CBT Group, LLC purchased the Subject Property in 2022 and there are no liens against it.

14.     The Receiver employed real estate broker, the Mark Dimas Team to assist with the sale of the Subject Property.  *See* Receiver's First Interim Report, Doc. No. 33.

15.     On March 2, 2023, the Receiver entered into a contract with Ponce Home Creations, LLC (collectively "proposed Purchasers") to sell the Subject Property for $70,000.00. The Receiver expects the sale to net approximately $63,961.01 to the Receivership Estate. A copy of the Purchase Agreement is attached hereto as **Exhibit A**.

16.     The contract for sale of the Subject Property is the result of substantial arms-length negotiations between the Receiver and the proposed Purchasers.

17.     Prior to entering in the Purchase Agreement, the Subject Property was listed for sale for 100 days, with an asking price of $80,000.00. Other than the offer made by the proposed Purchasers, the Receiver received one other offer for $70,000; however, the initial buyer subsequently opted to purchase another property.

18.     As required by 28 U.S.C. § 2001, in order to allow for competing bids, the Receiver has published notice of the terms of the Subject Property in *The Greensheet* newspaper, which is a newspaper of general circulation in the geographic area where the Subject Property is located. *See* Copy of the Notice attached as **Exhibit B**.  The Receiver first published the notice on March 8, 2023, and it will run consecutively through March 21, 2023. The Receiver will notify the Court promptly if he receives such an offer prior to the Court's approval of the sale.

19. As required by 28 U.S.C. § 2001, the Receiver has considered the following three "appraisals" to arrive at the sales price:

   (a) The purchase price of $80,000.00 which was paid by CBT Group, LLC when it purchased the property on February 23, 2022. A true and correct copy of the Settlement Statement reflecting the purchase price is attached hereto as **Exhibit C**.

   (b) The December 28, 2022 appraisal report conducted by Scott Stephens & Associates, Inc. placing a fair market value of $80,000.00 on the Subject Property, a true and correct copy of which is attached hereto as **Exhibit D**.

   (c) The Waller County Appraisal District's independent assessment of the Subject Property states that the 2022 assessed value is $62,870, a true and correct copy of which is attached hereto as **Exhibit E**.

20. These documents are sufficient to satisfy section 2001(b)'s appraisal requirements because each was provided by a party who is independent from the Receiver and has no interest in the proposed sale of the Subject Property. The Receiver deems that said documents accurately reflect the value of the Subject Property and save the Receivership Estate significant expenses and undue delay of the proposed sale.

21. As required by 28 U.S.C. § 2001, the $70,000.00 sales price exceeds two-thirds of the appraised value. Moreover, selling the Subject Property, "as-is," will allow the Receivership Estate to avoid additional expenses associated with maintaining the Subject Property in the future.

22. Allowing the Receiver to liquidate the Subject Property through the proposed private sale will most expeditiously further the goals of the Receivership.

23. The proposed sale of the Subject Property will result in additional cash being deposited into the Receivership Estate.

24. Additionally, because the proposed sale of the Subject Property satisfies the prerequisites established by 28 U.S.C. § 2001 for the reasons described herein, the Receiver contends that the sale is in the best interest of the Receivership Estate and should be permitted to close as requested.

25. The proposed sale is scheduled to close on or before March 31, 2023. The proposed offer is reasonable in light of the current market conditions and the appraised value of the Subject Property.

### IV.  REQUEST FOR EXPEDITED CONSIDERATION.

26. The Receiver respectfully requests that the Court allow for expedited consideration and determination of this Motion. Time is of the essence under the stated terms of the Purchase Agreement. The sale, contingently accepted by the Receiver subject to this Court's approval and the satisfaction of the above-described statutory requirements, is scheduled to close on or before March 31, 2023, and before that date, many events must take place.

27. The Receiver advises the Court that the SEC and Counsel for the Receivership Defendants do not oppose this Motion or the relief requested herein.

### V.  CONCLUSION

WHEREFORE, the Receiver respectfully requests that this Court enter an order approving the private sale of 28 Lawrence Marshall Dr., Hempstead, Texas 77445 pursuant to the terms of the Purchase Agreement.  Specifically, if the Receiver does not receive any qualifying competing bids for the Subject Property, the Receiver requests that the Court grant this unopposed Motion without hearing. If competing bids are received prior to the Court's approval of the sale, the

Receiver will notify the Court promptly and the Receiver requests that the Court schedule a hearing to resolve any outstanding issues.

Respectfully submitted, this March 14, 2023.

SHOOK, HARDY & BACON L.L.P.

By: */s/ Sonila Themeli*
Sonila Themeli
Texas Bar No. 24073588
S.D. Tex. Bar No. 2828237
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone:  713.227.8008
Facsimile:   713.227.9508
sthemeli@shb.com

Caroline M. Gieser
(admitted *pro hac vice)*
1230 Peachtree Street, NE, Suite 1200
Atlanta, GA  30309
Telephone:  470.867.6000
mcgieser@shb.com

*Counsel for Court-appointed Receiver*
*John Lewis, Jr.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she has conferred with counsel for the SEC, and counsel for Defendants, Mauricio Chavez and Giorgio Benvenuto. They do not oppose this Motion or the relief requested herein.

/s/ *Sonila Themeli*
Sonila Themeli

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of March, 2023, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record, addressed as follows:

Matthew J. Gulde
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:   817.978.1410
Facsimile:    817.978.4927
guldem@sec.gov

*Attorney for Plaintiff*
*U.S. Securities and Exchange Commission*

Paul D. Flack
PRATT &FLACK, LLP
4306 Yoakum Blvd., Suite 500
Houston, TX 77006
Telephone: 713.705.3087
pflack@prattflack.com

*Counsel for Defendant Mauricio Chavez*

Dan L. Cogdell
Cogdell Law Firm PLLC
1000 Main Street, Suite 2300
Houston, TX  77002
Telephone:  713. 426. 2244
dan@cogdell-law.com
*Attorney for Defendant,*
*Giorgio Benvenuto*

　　　　　　　　　　　　　*/s/ Sonila Themeli*　　　　　　　　　
　　　　　　　　　　　　　Sonila Themeli