IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § | CIVIL ACTION No. 4:22-cv-03359 |
| v. § § | |
| MAURICIO CHAVEZ, § GIORGIO BENVENUTO, and § CRYPTOFX, LLC, § § | JUDGE ANDREW S. HANEN |
| Defendants, § § | |
| and § § | |
| CBT GROUP, LLC, § § | |
| Relief Defendant. § | |

**MAURICIO CHAVEZ'S MOTION FOR PAYMENT OF ATTORNEY'S
FEES AND SUPPLEMENT REGARDING MOTION FOR ORDER TO SHOW CAUSE**

Mauricio Chavez respectfully requests that the Court order the payment of the attorneys' fees of the undersigned counsel. This request was previously addressed in a letter to the Court requesting a pre-motion conference pursuant to Rule 8A of this Court's Civil Procedures. A copy of that letter is attached as Ex. 1.

**I.  Introduction**

In its Order Appointing Receiver, this Court "order[ed] that the receiver shall make allowances . . . for reasonable attorneys' fees for the Defendants."[1] The Receiver does not appear to take any issue with the number of hours billed or the rate applied,[2] but the Receiver objects to

---

[1] ECF No. 11 ¶ 3.
[2] This was the Receiver's position at least with respect to Chavez's fees claimed through the end of December. This motion also includes fees incurred in January and February and Chavez has not discussed the fees incurred in those months with the Receiver.

1

paying those fees because he contends that Mr. Chavez has not cooperated sufficiently with the Receiver. That claimed lack of cooperation is the subject of the Receiver's Motion for Order to Show Cause,³ so this paper will also serve to supplement and update Chavez's prior responses to the Receiver's Motion for Order to Show Cause.⁴

## II.   Factual Background

### A.   The Undersigned Counsel's Appearance in this Case.

This case was filed on September 19, 2022. Mr. Chavez's prior civil counsel moved to withdraw from this case on November 3, 2022,⁵ and this Court granted that withdrawal on November 15, 2023.⁶ In late November, Mr. Chavez approached the undersigned counsel about representing him.

The undersigned has been litigating securities and other civil commercial cases at large and small firms in New York and Houston for 32 years.⁷ The undersigned counsel's hourly rate is $550/hour.

Prior to entering the case, the undersigned sought approval of his hourly rate and approval for a $25,000 retainer from the Receiver's counsel. The Receiver did not approve the rate, but instead responded that the Receiver would agree to pay certain set amounts if Mr. Chavez would turn over certain property and information for which Mr. Chavez asserted attorney-client and Fourth and Fifth Amendment act of production privileges.⁸ This Court's Order Appointing Receiver provided that the Receiver "shall not have the power to waive the Fifth Amendment

---

³ Receiver's Motion for an Order to Show Cause Why Defendant Mauricio Chavez Should not be Held in Contempt for Failing to Comply with this Court's Order Appointing Receiver [ECF No. 039] ("Receiver's Motion").
⁴ Chavez's prior responses to the Receiver's Motion to Show Cause are filed at ECF No. 045 and ECF No. 051.
⁵ ECF No. 025.
⁶ ECF No. 030.
⁷ Additional biographical information is available at www.prattflack.com.
⁸ Ex. 2 at p. 1.

rights of the individual Defendants; nor can he compel a waiver of their attorney-client privileges."[9]

The undersigned did not believe (and still does not believe) that it was appropriate to negotiate a fee allowance based on a waiver of property or constitutional rights. At the time the undersigned counsel was seeking approval of his rate from the Receiver, the Receiver was threatening to file a motion for order to show cause against Mr. Chavez and pressuring Mr. Chavez regarding various issues (including turning over property) on which he needed representation. The SEC had also noticed numerous depositions in the coming weeks for which Mr. Chavez needed representation. So, on December 2, 2022, the undersigned entered his appearance without awaiting written approval of the rate or the requested retainer.[10]

**B.     Case Activity and Fees to Date**

Immediately after entering an appearance, the undersigned asked the SEC if the upcoming depositions could be postponed, but the SEC's counsel explained that while he understood the undersigned's position, he did not feel that he could postpone the depositions. As a result, five depositions, at least the majority of which lasted more than a full day, were taken in December. In addition to the depositions and reviewing documents and trying to get up to speed on the case, the undersigned's activities included such things as arranging for Mr. Chavez to turn over $55,000 and a car to the Receiver. The undersigned recorded 102 hours on this case in December.[11]

In January, the activity in the case included another deposition and the undersigned had to respond to the motion for an order to show cause[12] that the Receiver had filed in late December. The undersigned's many activities in the case in January also included reviewing numerous

---

[9] ECF No. 011 ¶ 7L.
[10] ECF No. 034.
[11] Ex. 3.
[12] Receiver's Motion [ECF No. 039].

3

subpoenas from the Receiver, discussing his attorneys' fees request with the Receiver, and writing the letter to this Court requesting a pre-hearing conference regarding payment of attorney's fees. The undersigned also arranged the turnover of another car, attempted to workout a budget/allowance for Mr. Chavez's personal expenses, and arranged to permit the Receiver to inspect Mr. Chavez's personal residence. The undersigned billed 90.3 hours in this case in January.

In February, the Receiver did not take any depositions and the amount of time billed on this case by the undersigned declined to only 20 hours. Accordingly, the fees and expenses for which Mr. Chavez seeks payment are the following:[13]

<u>November 2022</u>
Time            $6,050.00
Expenses           $0.00

<u>December 2022</u>
Time           $56,155.00
Expenses        $6,029.95

<u>January 2023</u>
Time           $50,085.50
Expenses           $32.50

<u>February 2023</u>
Time           $11,030.00
Expenses           $12.00

**C.    The Hours and Rate are Reasonable.**

On January 24, 2023, the undersigned wrote to the Receiver's counsel regarding fees incurred for November and December: "Our fees for representing Mr. Chavez in November were $6,050 and we had no expenses. Our fees for December were $56,155 and our expenses were

---

[13] See Ex. 3.

$6,029.95.[14] I understand you will want us to move the Court for approval, but please let me know if we can file the motion as unopposed."[15] That same day, the Receiver's counsel responded that the Receiver did not believe the fees were reasonable, at least in part because the Receiver did not believe Mr. Chavez had been sufficiently cooperative with the Receiver.[16] On January 26, 2023, the undersigned wrote to the Court requesting a pre-motion conference on the issue of the attorney's fees.[17] Since January was not yet over and no invoice had yet been generated, the correspondence with the Receiver and the letter to the Court did not address the fees and expenses in January or February.

As noted above, the Receiver does not appear to contest the reasonableness of the hourly rate of the undersigned counsel. Nor could he. By the Receiver's own admission, "[t]he flat hourly billing rate of the Receiver is $525,"[18] and "the current hourly rates applicable to SHB attorneys who will assist the Receiver is $600-$700"[19] The undersigned counsel has been practicing slightly longer than the Receiver and far longer than the Receiver's counsel.

The Receiver also apparently does not challenge the amount of time the undersigned counsel has billed on this case. Nor could he. The Receiver, who admittedly has a different role in this case than the undersigned, has billed many times what the undersigned has billed. And to be clear, the undersigned does not believe the Receiver's bills are unreasonable.

It is difficult to imagine how the undersigned counsel for Chavez could have done much less on this case to date. Only one attorney for Chavez has billed any time on this case, so it is

---

[14] All but $50 of the expenses were for deposition transcripts or parking during the depositions.
[15] Ex. 4.
[16] Ex. 4.
[17] Ex. 1.
[18] Receiver's First Certified Interim Fee Application [ECF No. 054] ¶ 20.
[19] Receiver's Motion to Employ Shook, Hardy & Bacon, LLP as Legal Counsel [ECF No. 016] at ¶ 6. The Receiver's counsel has agreed to a lower rate ($425/hour) "as a 'fiduciary discount' given the public good nature of the Receiver's work and the work of the Receiver's Retained professionals." *Id.* Mr. Chavez's counsel is most assuredly not receiving any "public good nature" from representation of Mr. Chavez.

clearly staffed as leanly as it can be. And, with but a single exception – a single set of document requests to the SEC and the Receiver in January - all of Chavez's counsel's activity to date has been defensive. Chavez has not noticed a single deposition. Mr. Chavez has not sent out a single subpoena. The Receiver has spent substantial sums on accounting and forensic experts. Mr. Chavez has not employed a single expert. The only motion Chavez has filed is this one to get his attorney's fees paid.

### D. Payment of Counsel Should Not Depend on Surrendering Rights.

The Receiver's argument that Mr. Chavez should not have his attorney's fees paid as some sort of sanction for his alleged lack of cooperation also fails for several reasons. First, the very point of Mr. Chavez having his own counsel is so that he will have an attorney who can advise him regarding when he should agree with the Receiver and – perhaps more importantly - when he should not. It would be ethically questionable for the undersigned to agree that he will be paid only if he advises Mr. Chavez to do what the Receiver wants.

### E. Since the Undersigned Entered this Case, Mr. Chavez has been Cooperating.

Second, since the undersigned has appeared in this case, Mr. Chavez *has been cooperating* with the Receiver. The same day that the undersigned counsel appeared in this case, he emailed counsel for the Receiver that Mr. Chavez would be turning over a fully paid for Mercedes SUV to the Receiver and Mr. Chavez did so the next day. Mr. Chavez has also turned over a BMW SUV to the Receiver. Mr. Chavez has delivered $55,000 cash to the Receiver. Mr. Chavez has accepted no money from any students or investors and Mr. Chavez has not even taught any classes on cryptocurrency (even though that was never illegal). The undersigned counsel personally let the Receiver into Mr. Chavez's personal residence so that the Receiver and his counsel and his appraiser could spend two hours looking in every drawer in every room (including bedrooms and

bathrooms) and every laundry hamper in his apartment. And, since the last filing on the Receiver's motion to show cause, Mr. Chavez has obtained another car from his estranged wife and turned it over to the Receiver and the undersigned has let the Receiver's counsel into another house so that she could inspect that house.

The Receiver has served more than 60 subpoenas in this action. Many of those were directed to banks and other financial institutions seeking records regarding Mr. Chavez's personal finances. Mr. Chavez has not made a single objection to any of those subpoenas.

The Receiver has complained repeatedly about Mr. Chavez purportedly continuing to take funds from investors or trying to otherwise continue the business of CryptoFX, but the day after the undersigned appeared in this case he wrote to the Receiver and the SEC, "I have heard both of your concerns about people continuing to solicit people for CFX and I have emphasized to Mauricio [Chavez] his need to have nothing to do with anything like that."[20] While others may have continued to solicit investments in CryptoFX since that time, Mr. Chavez has not. To the extent Mr. Chavez ever engaged in any such conduct it was prior to the undersigned entering the case. And, the Receiver has not paid - or even been asked to pay - the civil counsel who represented Mr. Chavez in this case prior to the undersigned entering the case.

The Receiver's only remaining complaint is that he disagrees with Mr. Chavez's assertion of his privileges under the Fourth and Fifth Amendments, particularly with respect to electronic devices. As explained in Mr. Chavez's prior briefing, his privilege claim is valid[21] and assertion of a privilege is certainly no basis to deny him counsel. And, even with respect to those devices, the undersigned counsel arranged for them to be placed in the custody of a forensic expert, so that they would be preserved.

---

[20] Ex. 5.
[21] See ECF No. 045 and ECF No. 051.

### III.  Conclusion

For the reasons stated above and in Mr. Chavez's prior briefing,[22] the Receiver's Motion should be denied and the Court should order that Mr. Chavez's attorney's fees be paid.

Respectfully submitted,

By: */s/ Paul D. Flack*
Paul D. Flack
TBA # 00786930
SD Texas ID No. 17461
pflack@prattflack.com
Pratt & Flack, LLP
4306 Yoakum Blvd., Suite 500
Houston, TX 77006
(713) 705-3087

**Counsel for Defendant Mauricio Chavez**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via the Court's CM/ECF electronic service of process on or before March 15, 2023.

Paul D. Flack

---

[22] ECF No. 045 and ECF No. 051.