**PRATT & FLACK** LLP

4306 Yoakum Blvd
Suite 500
Houston, Texas 77006

T  713-705-3087
F  888-819-2258

Paul D. Flack
pflack@pflack.com

January 26, 2023

**By Email -** Rhonda_Hawkins@txs.uscourts.gov

Hon. Andrew S. Hanen
United States Courthouse
515 Rusk Street, Room 9110
Houston, Texas 77002

> Re:    Request for Preheaing Conference
> Case No. 4:22-CV-03359 *Securities and Exchange Commission (Plaintiff) v. Mauricio Chavez, Giorgio Benvenuto, and CryptoFX, LLC (Defendants) and CBT Group, LLC (Relief Defendant)*

Dear Judge Hanen:

I represent Defendant Mauricio Chavez in the above-captioned case. The counsel in this case have generally worked together productively, but we have reached an issue on which we need the Court's guidance. That issue is the payment of Mr. Chavez's attorney's fees in light of the asset freeze in this case.

The Court may recall that Mr. Chavez's prior civil counsel withdrew from this case on November 3, 2022, and the Court granted that withdrawal on November 15, 2023. In late November, Mr. Chavez approached me about representing him. I entered an appearance in this case on December 2, 2022. My professional background is available at www.prattflack.com, but in short, I have been litigating securities and other civil commercial cases at large and small firms in New York and Houston for 32 years. My hourly rate is $550/hour. My firm has no retainer for this case.

Prior to entering the case, I sought approval of my hourly rate from the Receiver's counsel. The Receiver did not approve the rate, but instead responded that the Receiver would agree to pay certain set amounts if Mr. Chavez would turn over certain property, including property for which he asserted attorney-client and Fifth Amendment act of production privileges.[1]  The undersigned did not believe (and still does not believe) that it was appropriate to negotiate a fee allowance based on a waiver of property or constitutional rights.

---

[1] Attached email string at page 4.

Hon. Andrew S. Hanen
January 26, 2023
Page 2

When I entered this case, the Receiver had already told Mr. Chavez that it planned to file a motion for order to show cause because the Receiver did not believe he was complying with this Court's orders. A deposition of Mr. Chavez's estranged wife had been taken during the period when Mr. Chavez was unrepresented and another deposition had already been noticed for the following week. After entering my appearance, I learned that four other depositions were also set for the next two weeks. I asked the SEC, which had noticed the depositions, if those could be postponed, but the SEC's counsel explained that while he understood my position, he did not feel that he could do so. As a result, five depositions, at least the majority of which lasted more than a full day, were taken in December. In addition to the depositions, and reviewing documents and trying to get up to speed on the case, we also arranged for Mr. Chavez to turn over $55,000 and a car to the Receiver. I recorded 102 hours on this case, though I can assure the Court I actually worked on this case more hours than that.

On January 24, 2023, I wrote to the Receiver's counsel: "Our fees for representing Mr. Chavez in November were $6,050 and we had no expenses. Our fees for December were $56,155 and our expenses were $6,029.95.[2] I understand you will want us to move the Court for approval, but please let me know if we can file the motion as unopposed."[3] That same day, the Receiver's counsel responded that the Receiver did not believe the fees were reasonable, at least in part because they did not believe Mr. Chavez had been sufficiently cooperative with the Receiver.[4] The issue of Mr. Chavez's cooperation is the subject of a motion for order to show cause (DE 039 (motion) and DE 045 (opposition)), but for present purposes suffice it to say that Mr. Chavez has cooperated by, *inter alia*, delivering to the Receiver a car and $55,000 cash, giving the Receiver a tour of the business office, and allowing the Receiver to thoroughly search his home. The largest remaining issue as to his cooperation appears to be his claim of attorney-client and Fifth Amendment privileges regarding a personal laptop and two cell phones.

In our view, the Receiver cannot seriously challenge the reasonableness of my hourly rate. By his own admission, "the current hourly rates applicable to SHB attorneys who will assist the Receiver is $600-$700"[5] and the undersigned counsel has been practicing slightly longer than the Receiver and far longer than the Receiver's principal counsel. In the first two months of the case, the Receiver (who anticipates that this case will result in a "substantial recovery")[6] incurred "total professional fees . . . [of] approximately $245,800."[7] The Receiver also cannot seriously challenge the reasonableness of the amount of time billed. Approximately half of the total time billed by me (the only person who billed on this case) in December was time that I spent in depositions with counsel for the Receiver and the SEC and none of those depositions were noticed by me.

---

[2] All but $50 of the expenses were for deposition transcripts or parking during the depositions.
[3] Email string attached at pp. 1-2.
[4] Email string attached at p. 1.
[5] DE 016 at ¶ 6. The Receiver's counsel has agreed to a lower rate ($425/hour) "as a 'fiduciary discount' given the public good nature of the Receiver's work and the work of the Receiver's Retained professionals." *Id.* Mr. Chavez's counsel is most assuredly not receiving any "public good nature" from representation of Mr. Chavez.
[6] DE 033 at ¶ 4.
[7] DE 033 at ¶ 33.

Hon. Andrew S. Hanen
January 26, 2023
Page 3

      In addition to the emails attached, I have also had a cordial phone call with the Receiver and his counsel to attempt to resolve this matter. Unfortunately, we did not reach agreement. So, we request a pre-motion conference at the Court's earliest convenience.

                                                         Sincerely,

                                                         Paul D. Flack

Enclosure
cc:  All counsel

# Paul Flack

| | |
|---|---|
| **From:** | Themeli, Sonila (SHB) <STHEMELI@shb.com> |
| **Sent:** | Tuesday, January 24, 2023 9:56 PM |
| **To:** | Paul Flack |
| **Cc:** | Carmen Pratt; Tina Dugas; Powell, Kierra K. (SHB); Lewis, John (SHB); Themeli, Sonila (SHB) |
| **Subject:** | FW: SEC v. Chavez - Attorney's Fees and Expenses |
| **Attachments:** | RE: SEC v Chavez |

Hi Paul,

While the Receiver recognizes that the Receivership Order allows for reasonable attorney's fees, the Receiver does not think that $56,155 a month are reasonable.

The Receiver had previously agreed (see attached email) to a $14,500 allowance for reasonable attorneys' fees after Mr. Chavez turned over the 4 cars and passwords/credentials for the CFX computers and the other devices we obtained from the CFX offices and which we had requested multiple times and continue to request.  The Receiver also stated he would not oppose another $14,500  allowance for reasonable attorneys' fees after some meaningful cooperation from Mr. Chavez.  As of today, Mr. Chavez has turned over only one car and given us the run around on the other cars and other assets, and he has shown no form of cooperation.   As we had stated previously, one of the reasons we agreed to this amount for attorney's fees was because we saw value in counsel facilitating cooperation.

That said, the Receiver will agree to $30,000 in attorney's fees to be paid quarterly with a 20% hold back and subject to 30-day approval, which is in accordance with the Receivership Order on how professionals are to be paid in this case.  *See* Receivership Order at par. 58, 60.

Best,

**Sonila Themeli**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

713.546.5656 | sthemeli@shb.com

<image002.jpg>

---

**From:** Paul Flack <pflack@prattflack.com>
**Sent:** Tuesday, January 24, 2023 4:20 PM
**To:** Themeli, Sonila (SHB) <sthemeli@shb.com>
**Cc:** Carmen Pratt <cpratt@PrattFlack.com>; Tina Dugas <tdugas@prattflack.com>
**Subject:** SEC v. Chavez - Attorney's Fees and Expenses

# EXTERNAL

Sonila,

Our fees for representing Mr. Chavez in November were $6,050 and we had no expenses.  Our fees for December were $56,155 and our expenses were $6,029.95.

1

I understand you will want us to move the Court for approval, but please let me know if we can file the motion as unopposed.

Thank you,

Paul D. Flack
(713) 705-3087

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# Paul Flack

| | |
|---|---|
| **From:** | Themeli, Sonila (SHB) <STHEMELI@shb.com> |
| **Sent:** | Friday, December 2, 2022 9:34 AM |
| **To:** | Paul Flack |
| **Cc:** | David Gerger (dgerger@ghmfirm.com); Cooksey, Sharon (SHB); Themeli, Sonila (SHB) |
| **Subject:** | RE: SEC v Chavez |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Flack,

The Receiver will not oppose a motion for a $14,500 allowance for reasonable attorneys' fees after Mr. Chavez turns over the 4 cars and passwords/credentials for the CFX computers and the other devices we obtained from the CFX offices and which we have requested multiple times.  The Receiver will not oppose another $14,500  allowance for reasonable attorneys' fees after we see some meaningful cooperation from Mr. Chavez.

The four cars, including all keys, titles and other related documents, can be taken at Michael Poutous Auto Sales at 4601 Kelvin Dr., Houston, TX 77005.  Please call Mr. Poutous at  (713) 791-4203  to let him know when the cars will be there and let me know as well.

The four cars are: 2021 Mercedes Benz GLE AMG, 2022 BMW X6,  2021 Lexus ES 350 and 2021 Volkswagen.  I understand that there is a note on the BMW; please send the documentation related to that note as soon as possible.

Also, like with the other counsel involved in this case,  going forward,  please file a motion with the court for the payment of incurred fees.

Thank you,

**Sonila Themeli**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

713.546.5656 | sthemeli@shb.com



---

**From:** Paul Flack <pflack@prattflack.com>
**Sent:** Thursday, December 1, 2022 8:22 PM
**To:** Themeli, Sonila (SHB) <sthemeli@shb.com>
**Cc:** David Gerger (dgerger@ghmfirm.com) <dgerger@ghmfirm.com>
**Subject:** RE: SEC v Chavez

**EXTERNAL**

Also, please let me know asap your position regarding rates and the retainer.

1

Thank you,

Paul D. Flack
(713) 705-3087

---

**From:** Paul Flack
**Sent:** Thursday, December 1, 2022 8:09 PM
**To:** Sonila Themeli (sthemeli@shb.com) <sthemeli@shb.com>
**Cc:** David Gerger (dgerger@ghmfirm.com) <dgerger@ghmfirm.com>
**Subject:** SEC v Chavez

Ms. Themeli,

I am now representing Mauricio Chavez.  I plan to file an appearance and notify the Court of my rate and request a retainer of $25,000, which would only be half of what you have allowed for Mr. Benvenuto's counsel.

I will then talk with Mr. Chavez about the issues of assets and information you have requested.

Please direct all future communications regarding Mr. Chavez to me.

Thank you,

Paul D. Flack
(713) 705-3087