IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § | |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | § § § | CIVIL ACTION NO. 4:22-CV-03359 |
| | § § | JUDGE ANDREW S. HANEN |
| *Defendants.* | § § | |
| CBT Group, LLC, | § § § | |
| *Relief Defendant.* | § | |

## REPLY IN SUPPORT OF THE RECEIVER'S MOTION TO COMPEL

### INTRODUCTION

John Lewis, Jr., the Court-appointed Receiver in the above-referenced action, files this Reply in Support of the Receiver's Motion to Compel, which, pursuant to the Receivership Order (Doc. No. 11), requests that Defendant Mauricio Chavez turn over CryptoFX, LLC ("CryptoFX") records, records related to other entities in which Chavez has an interest, as well as his Mac-Mini computer and his cell phone, both of which store CryptoFX business records. (Doc. No. 71).

In his Response to the Receiver's Motion to Compel, Chavez concedes that the production of CryptoFX records is not protected by the attorney client privilege—the Receiver holds that privilege, not Chavez. Additionally, Chavez concedes that he is not asserting any Fifth Amendment privilege on behalf of CryptoFX or any other collective entities. *See* Chavez Response at 9 (Doc. No. 73). He also concedes that the Fifth Amendment does not apply to the

1

**REPLY IN SUPPORT OF THE RECEIVER'S MOTION TO COMPEL**

contents of voluntarily prepared documents, like the CryptoFX documents requested by the Receiver. Chavez, however, argues that the act of producing CryptoFX records, the passwords to the CryptoFX Google Drive or access to the same, as well as his computer and cell phone is testimonial in nature, and as such, protected by the Fifth Amendment. *Id*. at 9-10.

Contrary to Chavez's assertions, the Receiver is entitled to all of the CryptoFX records and materials in Chavez's possession and/or control, and he cannot rely on the Fifth Amendment to avoid producing them. First, the "collective-entity doctrine" precludes custodians of records of business entities from relying on the Fifth Amendment to block production of business records. *See* Motion to Compel at 12-15. Second, the act of producing the business records and the electronic devices requested by the Receiver is not testimonial in nature because their existence and location are a 'foregone conclusion.' *Id*. at 15 - 19. Further, any documents in Chavez's Mac-Mini computer and cell phone that are legitimately protected by his attorney-client or work-product privileges can be redacted prior to production.

### A. Production of the Business Records is Not Protected by Chavez's Fifth Amendment Privilege.

Chavez concedes that he cannot assert the Fifth Amendment privilege on behalf of CryptoFX, a collective entity. Response at 9. Additionally, he cannot rely upon the privilege against self-incrimination to avoid producing the records of the collective entity. *See Braswell v. United States*, 487 U.S. 99, 102 (1988) ("It is well established that . . . artificial entities are not protected by the Fifth Amendment."). It is also well-established that the "collective-entity doctrine" precludes custodians of records of corporations, partnerships, limited liability companies, or other collective entities, from relying on the Fifth Amendment to block production of those records. *See Bellis v. United States*, 417 U.S. 85, 88 (1974). The right to resist compelled self-incrimination is a "personal privilege," which companies and other collective

2

entities do not share.  *Id*. at 90.  This is true regardless of whether a document produced incriminates the company or its records custodian.  *Braswell*, 487 U.S. 99.  Thus, a custodian who produces records of a company like Chavez is in this case, "may not resist a subpoena for corporate records on Fifth Amendment grounds."  *Id*. at 113; *see also* Motion to Compel 12 – 15.  The records requested by the Receiver are company records, which Chavez holds in his capacity as a member or representative of CryptoFX; they are not personal records.  As such, the Fifth Amendment does not apply and does not bar their production.  Therefore, the Court should order Chavez to produce all CryptoFX records in his possession and/or control, including access credentials to CryptoFX emails, accounting documents, "Leader spreadsheets" and other documents stored in the CryptoFX Google Drive (or provide access to the Drive), as well as CryptoFX-related communications, including emails, text messages, and WhatsApp messages with CryptoFX employees, business associates, sales people or Leaders, and investors.

    **B.  TURNING OVER BUSINESS RECORDS AND UNENCRYPTED ELECTRONIC DEVICES IS NOT TESTIMONIAL IN NATURE.**

Contrary to Chavez's arguments, producing CryptoFX business records, providing access to the CryptoFX Google Drive, as well as turning over his computer and cell phone in an unencrypted state do not qualify as "testimonial communication[s] that [are] incriminating." *Fisher v. United States*, 425 U.S. 391, 408 (1976).

In his responses to a Background Questionnaire to the SEC, dated February 9, 2022, Chavez responded that the phone number he "regularly used" for "business" matters, including for WhatsApp communications, is xxx-xxx-6214, a Verizon mobile number.  *See* Chavez Responses to February 9, 2022 SEC Background Questionnaire at 2-3, Questions 8, 11, attached as **Exhibit M**.  In his Response to the Motion to Compel, Chavez states that as CryptoFX grew, he purchased another phone he used for personal affairs.  Response at 10.  It is the cell phone

device corresponding to the number ending in xxx-6214 and corresponding account that the Receiver requests that Chavez turn over. Chavez does not dispute he used this cell phone for CryptoFX-related matters, including to trade crypto currencies, communicating with CryptoFX employees, investors as well as Leaders or other business associates. *Response* at 3 – 4 (referencing Chavez trading crypto and showing his cell phone to J. Taffinder, a CryptoFX employee and text messages with a trader); *see also* Exhibit M; Motion to Compel at 15 - 18. Nor does he dispute that he has access to this cell phone. Similarly, he does not dispute that he has access to his Mac-Mini computer or that he used this device to conduct CryptoFX activities.

Further, Chavez states in his Response that he did not set up the Google Drive himself, but that someone at CryptoFX did, and that he does not know the password to the Drive. *See* Response at 10. He also states that the password may reside in his computer. *Id*. The fact that Chavez did not "set up" the Google Drive does not mean he does not have access to it. In fact, it is undisputed that Chavez has access to the Google Drive and the CryptoFX documents stored therein, and that he has shared documents from the same Drive with CryptoFX sales people or Leaders. *See* Motion to Compel at 6 - 7, and Exhibit G. Compelling Chavez to provide access to the CryptoFX Google Drive or the passwords to the same as well as produce the unlocked devices would not disclose any information or relate any factual assertion, other than the undisputed fact that Chavez still controls the CryptoFX Google Drive and the devices at issue here.

Further, contrary to Chavez's argument, the Receiver has described with particularity the records the Receiver is requesting as well as the documents that reside in the CryptoFX Google Drive and the devices. Business records that the Receiver has requested and Chavez has refused and continues to refuse to turn over include access credentials for email accounts Chavez has

used to conduct CryptoFX business, including the following email addresses: crypofx@icloud.com; agreements@cfxlifestyle.org; cfxlifestylellc@gmail.com (Google) ceo10xplan@gmail.com (Google); mauriciox40@outlook.com (Microsoft); mauriziogroup@gmail.com (Google); ceo10xplan@icloud.om (Apple); and gruppoBM@yahoo.com (Yahoo). *See* Exhibit G (Chavez using agreements@cfxlifestyle.org and ceo10xplan@gmail.com to access and share Google Drive with a CryptoFX leader); *see also* Exhibit M at 2, Response to Question 10 (listing the email addresses that he "regularly used" to conduct business); Receiver's Motion for Show Cause at 5 – 6 (Doc. No. 39).

The Receiver has also described with particularity the business records that reside in the CryptopFX Google Drive. These include, accounting documents, such as "Daily Reports," "Leaders Summary Balances," and Elite Bonus documents prepared by Norma Chavez and other members of the CryptoFX accounting team. The Drive also stores the Leaders spreadsheets used by Chavez, CryptoFX accounting team, J. Gonzalez, J. Taffinder, and Leaders, including I. Sanchez, G. Ochoa, R. Zavala, G. Longoria, G. Castaneda, F. de Maria Millan, R. Guifarro, R. Gomez, E. Escoto, R. Teran, S. Reyes, J. Segura, S. Aguado, C. Bustamante, and others. *See also* Motion at 6 – 7. "[T]he Fifth Amendment does not protect an act of production when any potentially testimonial component of the act of production—such as the existence, custody, and authenticity of evidence—is a 'foregone conclusion' that 'adds little or nothing to the sum total of the Government's information.'" *United States v. Apple MacPro Computer*, 851 F.3d 238, 247 (3d Cir. 2017). This is the case here. In this case, even if the Court finds that the Fifth Amendment may be implicated—which it is not—any testimonial aspects of the production of the CryptoFX business records, Google Drive and the unencrypted devices are a foregone conclusion.

5

**REPLY IN SUPPORT OF THE RECEIVER'S MOTION TO COMPEL**

The record is clear and undisputed that the company records exist and Chavez can access them. *See Fed. Trade Comm'n v. PointBreak Media, LLC*, 343 F. Supp. 3d 1282, 1294 (S.D. Fla. 2018) (granting Receiver's request for turnover of the defendants' laptop and cell phones and holding that their surrender of the devices "[was] not a testimonial communication for which they [could] successfully invoke a Fifth Amendment objection."). As such, the Court should compel Chavez to turn over all CryptoFX business records in his possession and/or control, including the usernames and passwords to the CryptoFX Google Drive; produce communications with CryptoFX employees, investors, sales people, and business associates; as well as turn over the Mac-Mini computer and the cell phone in an unencrypted state.[1]

### C. THE RECORDS REQUESTED BY THE RECEIVER ARE NOT PROTECTED BY CHAVEZ'S ATTORNEY-CLIENT PRIVILEGE.

Chavez does not dispute that the Receiver is the holder of the attorney-client privilege as to CryptoFX and that he cannot refuse to turn over CryptoFX records based on a claim of attorney-client privilege. However, he claims that the devices requested by the Receiver "may" contain communications protected by Chavez's attorney-client and work-product privileges. Response at 13. As stated in the Motion, if legitimately privileged material is comingled with CryptoFX business records belonging to the Receiver, preparation of a privilege log is Chavez's remedy. *See* Motion to Compel at 11 - 12. He may not assert a blank claim of privilege as he attempts to do here.[2]

---

[1] The Receiver also requests that Chavez cooperate with the Receiver in resetting the passwords to the Google Drive and any CryptoFX Gmail accounts he controls. Google requires a 2-Step verification, also called two-factor authentication, to access its applications and to re-set the username and password.

[2] The Receiver also requested that Chavez produce documents about his other businesses. Chavez states he has produced all the documents in his possession and/or control. With respect to the Hair Salon, the Receiver has received the company agreement, but not the lease agreement with the landlord where the salon is located. The Receiver has requested Chavez to produce this document as well.

## CONCLUSION

The Receiver respectfully requests that the Court grant the Receiver's Motion to Compel and enter an Order compelling Chavez to turn over all CryptoFX records under his control; provide access to the CryptoFX emails and Google Drive; and turn over his Mac-Mini computer and the cell phone he has used for CryptoFX-related activities, in an unencrypted state or with usernames and passwords required to access the same.

Dated:  May 23, 2023                      Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Sonila Themeli*
    Sonila Themeli
    Texas Bar No. 24073588
    S.D. Tex. Bar No. 2828237
    600 Travis Street, Suite 3400
    Houston, TX 77002
    Telephone:  713.227.8008
    Facsimile:   713.227.9508
    sthemeli@shb.com

    Caroline M. Gieser
    (admitted *pro hac vice*)
    1230 Peachtree Street, NE, Suite 1200
    Atlanta, GA  30309
    Telephone:  470.867.6000
    cgieser@shb.com

    ***Counsel for Court-Appointed***
    ***Receiver John Lewis, Jr.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2023, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all counsel of record:

| | |
|---|---|
| Matthew J. Gulde<br>UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION<br>Burnett Plaza, Suite 1900<br>801 Cherry Street, Unit 18<br>Fort Worth, TX  76102<br>Telephone:   817.978.1410<br>Facsimile:   817.978.4927<br>guldem@sec.gov<br><br>***Attorney for Plaintiff***<br>***U.S. Securities and Exchange Commission*** | Paul D. Flack<br>PRATT & FLACK, LLP<br>4306 Yoakum Blvd., Suite 500<br>Houston, TX  77006<br>Telephone:    713.705.3087<br>pflack@prattflack.com<br><br>***Attorney for Defendant,***<br>***Mauricio Chavez***<br><br>Dan L. Cogdell<br>COGDELL LAW FIRM, PLLC<br>1000 Main Street, Suite 2300<br>Houston, TX  77002<br>Telephone:  713.426.2244<br>Dan@cogdell-law.com<br><br>***Attorney for Defendant,***<br>***Giorgio Benvenuto*** |

                              */s/ Sonila Themeli*
                              Sonila Themeli

**REPLY IN SUPPORT OF THE RECEIVER'S MOTION TO COMPEL**