IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | § § § § | CIVIL ACTION NO. 4:22-CV-03359 JUDGE ANDREW S. HANEN |
| *Defendants.* | § § | |
| CBT Group, LLC, | § § § | |
| *Relief Defendant.* | § | |

## **RECEIVER'S FIRST INTERIM FEE APPLICATION FOR BLOCKTRACE, LLC.**

Pursuant to paragraphs 57-62 of this Court's Order Appointing Receiver ("Receivership Order") (Doc. No. 11), John Lewis, Jr. ("Receiver"), the Court-appointed Receiver for Mauricio Chavez ("Chavez"), Giorgio Benvenuto ("Benvenuto"), CryptoFX, LLC ("CryptoFX") and CBT Group, LLC ("CBT") (collectively, the "Receivership Defendants"), files this First Certified Fee Application for BlockTrace, LLC, showing the Court as follows:

### SUMMARY OF FEE REQUEST

1. This First Interim Fee Application for BlockTrace, LLC ("BlockTrace") covers the period from January 5, 2023 to March 31, 2023 and is submitted in accordance with the Receivership Order, the local rules of this Court, and the Billing Instructions for Receivers in Civil Actions Commenced by the United States Securities and Exchange Commission ("SEC") (the "Billing Instructions").  Receivership Order at ¶¶ 56 – 58.

1

**RECEIVER'S FIRST INTERIM FEE APPLICATION FOR BLOCKTRACE, LLC**

2. During the Application Period, BlockTrace has incurred fees in the amount of $149,724.00. *See* BlockTrace Invoices attached as **Exhibit A.**

3. The Receiver served a copy of this First Certified Fee Application for BlockTrace LLC ("BlockTrace Fee Application"), together with all exhibits and billing information, to counsel for the SEC. The Receiver and counsel for the SEC have conferred about the BlockTrace Fee Application and its compliance with the SEC Billing Guidelines and this Court's Receivership Order. The SEC does not oppose the Receiver's Application or the relief requested herein.

4. The Receiver respectfully requests that this Court enter an order approving and authorizing, on an interim basis, the payment of fees incurred by BlockTrace during the Application Period in the amount of $149,724.00.

## FEE APPLICATION

5. On September 19, 2022, the SEC filed a Complaint against Defendants Chavez, Benvenuto, CryptoFX, and CBT, along with an application for the appointment of a receiver for the Receivership Entities. (Doc. Nos. 3 & 6). On September 29, 2022, the Court appointed John Lewis, Jr. to serve as Receiver over all the assets of the Receivership Defendants. (Doc. No. 11).

6. The Receivership Order allows the Receiver to retain professionals to assist the Receiver in carrying out his duties and responsibilities. Receivership Order at ¶57. Engagement of professionals by the Receiver must be approved by the Court. *Id*. The Receiver filed a motion to employ BlockTrace as cryptocurrency consultants on January 1, 2023 and on January 5, 2023, the Court entered an order authorizing the Receiver to employ BlockTrace. (Doc. No. 43).

7. The Receivership Order further provides that the Receiver's Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates, and that prior to filing the fee application with all exhibits and relevant billing information must be provided to SEC counsel. Receivership Order at ¶ 58. The Order also provides that the

fee applications of the Retained Personnel may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. *Id*. ¶ 60.

8. The Receiver employed BlockTrace to assist with the novelty, technical difficulty and complexity of a cryptocurrency forensic investigation in this case. The names, hours worked, hourly billing rates, and total fees of all BlockTrace professionals who have billed time to this matter are listed in **Exhibit A**.

9. The Receiver asks the Court to approve payments to BlockTrace, on an interim basis in the amount of $149,724.00 for the Application Period.

10. In accordance with the Billing Instructions, BlockTrace has separately categorized the services they performed as the Receiver's cryptocurrency consultants. The following table summarizes the respective number of hours incurred relative to each task category during the Application Period:

| Task Description | Hours Worked | Total Fees |
| --- | --- | --- |
| Asset Analysis & Recovery | 8.7 | $3,132.00 |
| Case Administration | 21.10 | $11,077.50 |
| Data Analysis | 400.1 | $144,036.00 |

**ARGUMENT AND AUTHORITES IN SUPPORT OF APPLICATION**

11. In support of this application for allowance of compensation and reimbursement of expenses, the Receiver and his advisors respectfully direct this Court's attention to those factors generally considered by Courts in awarding compensation to professionals for services performed in connection with the administration of a receivership estate. As stated by the Sixth Circuit Court of Appeals in *Reed v. Rhodes*, 179 F.3rd 453, 471 (6th Cir. 1999), "the primary concern in an attorney's fee case is that the fees awarded be reasonable." A reasonable fee is "one that is adequate to attract competent counsel. . ." *See Blum v. Stenson*, 465 U.S. 886, 893-94 (1984). (internal citation omitted). Under the twelve factor test enunciated by the Fifth Circuit in *Johnson*

*v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), and adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983), a court must first determine the loadstar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Johnson*, 488 F.2d at 717. That amount can then be adjusted by the "Johnson Factors."

12. The compensation requested is allowable pursuant to the twelve-factor test (the "Johnson Factors") set forth in *Johnson*, 488 F.2d at 717-19. The *Johnson* Factors and their applicability in this case are as follows:

13. <u>Time and Labor Required</u>: BlockTrace expended the hours detailed in Exhibit A advising the Receiver on investigating fraud or crimes involving the use of cryptocurrencies and tracing sources of recovery. In support of this application, the Receiver submits Exhibit A for the Court's review. Exhibit A demonstrates professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered.

14. <u>Novelty and Difficulty of Questions Presented</u>: The Receiver retained BlockTrace to assist with the novelty, technical difficulty and complexity of a cryptocurrency forensic investigation in this case.

15. <u>Skill Requisite to Perform Professional Services:</u> Cryptocurrency tracing involves analyzing tens of thousands of threads of Blockchain data to track and investigate cryptocurrency transactions. Cryptocurrency tracing is also time consuming, as it often leads to additional crypto wallet addresses without any identifying person or entity.

16. <u>Preclusion of Other Employment Due to Acceptance of the Cases</u>: BlockTrace has devoted significant time and resources to this case to the possible preclusion of involvement in other matters.

17. <u>Customary Fees for the Type of Services Rendered</u>: BlockTrace has billed all expenses at their actual costs with no mark-up added and they are not seeking overhead charges. The fees and expenses sought in this application are reasonable and were necessary for the proper administration of the duties of the Receiver.

18. <u>Whether the Fee is Fixed or Contingent</u>: The requested fees are subject to Court approval and are primarily based upon hourly rates without any fixed or flat fees. Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

19. <u>Time Limitations Imposed by the Client or Other Circumstances</u>: The time requirements during the period covered by this application have been substantial. The tasks performed by BlockTrace include analyzing 12,000 transactions identified between CryptoFX, Mauricio Chavez, and others, and unlocking, identifying, sourcing, and tracing 6,800 unique crypto wallets.

20. <u>The Amount Involved and Results Obtained</u>: BlockTrace's investigation has added value to the Receivership. During the Application Period, BlockTrace uncovered the following in their investigation:

   a. Four (4) cryptocurrency transfers worth $2.4 million from CryptoFX controlled accounts at Coinbase. These transactions were previously unknown to Receiver prior to BlockTrace's engagement.

   b. Fifteen (15) accounts at Binance and Swithchain (previously unknown to Receiver) that received "suspicious transfers from CryptoFX.

   c. CryptoFX sales leaders' cryptocurrency accounts received "investments" after Receiver's appointment.

   d. To date, only approximately 60% of withdrawals from CryptoFX/Chavez Coinbase accounts have been traced.

**RECEIVER'S FIRST INTERIM FEE APPLICATION FOR BLOCKTRACE, LLC**

      e.      Discovery of Chavez's four (4) self-custodial accounts at Blockchain.com[1]

      f.      Discovery of CryptoFX/Chavez accounts at KOT4X, Bittrix, and Square.

      g.      Three (3) Exodus Wallets used to move cryptocurrency transactions.

21.    <u>The Experience, Reputation, and Ability of the Professional</u>: BlockTrace is an experienced and well-regarded firm. It has employed IRS and HIS Special Agents with over 20 years of experience in criminal and financial investigations backgrounds, including over 100 cryptocurrency tracing investigations and has trained federal, state, local and tribal governments in "Darknet/Crypto." BlockTrace's employee James Daniels has been qualified as testifying expert witnesses.

22.    <u>Undesirability of the Case</u>: This factor is inapplicable to the present case.

23.    <u>Nature and Length of Professional Relationship with the Client</u>: BlockTrace is a new client of the Receiver and Shook, Hardy & Bacon, LLP and has been working for them since 2023.

24.    <u>Awards in Similar Cases</u>: Professionals of the Receiver are regularly awarded compensation in receivership cases on the same basis as requested herein.

25.    The work undertaken by BlockTrace was necessary to assist the Receiver with asset recovery and the investigation of fraud or crimes involving the use of cryptocurrencies in this case. Further, each task performed by BlockTrace was done so efficiently.

**CONFERRAL WITH THE SEC**

26.    The Receiver and counsel for the SEC have conferred regarding the BlockTrace Fee Application and its compliance with the SEC's Billing Guidelines and this Court's

---

[1] A "self-custodial" wallet in cryptocurrency terminology refers to a cryptocurrency wallet where only the holder (Chavez) possesses and controls the private key to that wallet. Hence, given Chavez' invocation of the 5th Amendment, Receiver has not yet access these wallets or determine their value. Receiver's motion to compel Chavez' compliance with the Receivership Order and Chavez's response asserting his 5th Amendment rights is now fully briefed and awaiting this Court's ruling.

Receivership Order, and the reasonableness of the costs and expenses incurred in the ordinary course of the administration and operation of the Receivership.

27. The SEC does not oppose the Receiver's request for an order approving and authorizing, on an interim basis, the payment of fees to BlockTrace in the amount of $149,724.00.

## CONCLUSION

28. Based on the foregoing, the Receiver respectfully requests that the Court enter an order approving the Receiver's First Certified Interim Fee Application for BlockTrace LLC and authorizing the Receiver to immediately pay the fees requested to BlockTrace in the amount of $149,724.00.

Dated: July 20, 2023.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Poston E. Pritchett*
Poston E. Pritchett
Texas Bar No. 24088258
600 Travis Street, Suite 3400
Houston, TX 77002
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474-6550
Facsimile: 816.421.5547
ppritchett@shb.com

Caroline M. Gieser
(admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
1230 Peachtree Street, NE, Suite 1200
Atlanta, GA 30309
Telephone: 470.867.6000
mcgieser@shb.com

*Counsel for John Lewis, Jr.*
*Court-Appointed Receiver*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has conferred with counsel for Plaintiff US Securities and Exchange Commission, and the SEC does not oppose this Application and supports granting the relief requested herein.

>/s/ *Poston E. Pritchett*
>Poston E. Pritchett

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of July, 2023, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record.

Matthew J. Gulde
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone: 817.978.1410
Facsimile: 817.978.4927
guldem@sec.gov

*Counsel for Plaintiff*
*U.S. Securities and Exchange Commission*

Paul D. Flack
PRATT & FLACK, LLP
4306 Yoakum Blvd., Suite 500
Houston, TX 77006
Telephone: 713.705.3087
pflack@prattflack.como

*Counsel for Defendant Mauricio Chavez*

Dan L. Cogdell
COGDELL LAW FIRM, PLLC
1000 Main Street, Suite 2300
Houston, TX 77002
Telephone: 713.437.1869
Facsimile: 713.437.1810
dan@cogdell-law.com

*Counsel for Defendant Giorgio Benvenuto*

　　　　　　　　　　　　　　*/s/ Poston E. Pritchett*　　　　　　
　　　　　　　　　　　　　　Poston E. Pritchett

**RECEIVER'S FIRST INTERIM FEE APPLICATION FOR BLOCKTRACE, LLC**