IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § § | |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | § § § § | CIVIL ACTION NO. 4:22-CV-03359 |
| *Defendants.* | § § § | JUDGE ANDREW S. HANEN |
| CBT Group, LLC, | § § § | |
| *Relief Defendant.* | § | |

# RECEIVER'S THIRD INTERIM FEE APPLICATION FOR HAYS FINANCIAL CONSULTING LLC

Pursuant to paragraphs 57-62 of this Court's Order Appointing Receiver ("Receivership Order") (Doc. No. 11), John Lewis, Jr. ("Receiver"), the Court-appointed Receiver for Mauricio Chavez ("Chavez"), Giorgio Benvenuto ("Benvenuto"), CryptoFX, LLC ("CryptoFX") and CBT Group, LLC ("CBT") (collectively, the "Receivership Defendants"), files his Third Certified Fee Application for Hays Financial Consulting, LLC ("TCFA"), showing the Court as follows:

## SUMMARY OF FEE REQUEST

1. This Third Interim Fee Application for Hays Financial Consulting, LLC ("HFC") covers the period from April 1, 2023 to June 30, 2023 ("Application Period") and is submitted in accordance with the Receivership Order, the local rules of this Court, and the Billing Instructions for Receivers in Civil Actions Commenced by the United States Securities and Exchange Commission ("SEC") (the "Billing Instructions"). Receivership Order at ¶¶ 56 – 58.

1

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR HFC**

2. This is the third fee application that the Receiver has made for HFC. On February 23, 2023, the Receiver filed his first certified fee application covering the period from September 29, 2022 to December 31, 2022, which was granted by the Court on March 23, 2023. (Doc. Nos. 54, 67). On June 16, 2023, the Receiver filed his second certified fee application (Doc. No. 75) covering the period from January 1, 2023 to March 31, 2023, which is still pending.

3. During the Application Period, HFC has incurred fees in the amount of $113,174.00. HFC's invoice for the Application Period ("HFC's Invoice") is attached as **Exhibit A.**

4. The Receiver served a copy of HFC's Invoice to counsel for the SEC. The Receiver and counsel for the SEC have conferred about HFC's Invoice and its compliance with the SEC Billing Guidelines and this Court's Receivership Order. The SEC does not oppose HFC's Invoice.

5. The Receiver respectfully requests that this Court enter an order approving and authorizing, on an interim basis, the payment of fees incurred by HFC during the Application Period in the amount of $113,174. The Receiver further asks that the Court authorize the Receiver to reimburse the out-of-pocket costs and expenses incurred by HFC in the ordinary course of the administration and operation of the Receivership in the amount of $113.36.

## FEE APPLICATION

6. On September 19, 2022, the SEC filed a Complaint against Defendants Chavez, Benvenuto, CryptoFX, and CBT, along with an application for the appointment of a receiver for the Receivership Entities. (Doc. Nos. 3 & 6). On September 29, 2022, the Court appointed John Lewis, Jr. to serve as Receiver over all the assets of the Receivership Defendants. (Doc. No. 11).

7. The Receivership Order allows the Receiver to retain professionals to assist the Receiver in carrying out his duties and responsibilities. Receivership Order at ¶57. Engagement of professionals by the Receiver must be approved by the Court. *Id*. On December 1, 2022, the

Court entered orders authorizing the Receiver to employ HFC as financial consultants and accountants (Doc. No. 37).

8. The Receivership Order further provides that the Receiver's Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates, and that prior to filing the fee application with all exhibits and relevant billing information must be provided to SEC counsel. Receivership Order at ¶ 58. The Order also provides that the fee applications of the Retained Personnel may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. *Id*. ¶ 60.

9. The names, hours worked, hourly billing rates, and total fees of all HFC professionals who have billed time to this matter are listed in **Exhibit A**.

10. The Receiver asks the Court to approve payments to HFC, on an interim basis in the amount of $113,287.36 for the Application Period.

11. In accordance with the Billing Instructions, HFC has separately categorized the services they performed as the Receiver's financial consultants and accountants. The following table summarizes the respective number of hours incurred relative to each task category during the Application Period:

| Task Description | Hours Worked | Total Fees |
|---|---|---|
| Accounting | 1.7 | $469.20 |
| Asset Analysis & Recovery | 7.7 | $2,055.40 |
| Asset Disposition | 1.0 | $293.20 |
| Business Analysis | 67.40 | $17,272.40 |
| Case Administration | 20.0 | $6,483.20 |
| Claims Administration & Objections | 0.8 | $289.60 |
| Data Analysis | 24.60 | $6,440.20 |
| Fee / Employment Applications & Objection | 5.2 | NO CHARGE |
| Forensic Accounting | 193.0 | $53,279.60 |
| Litigation Consulting | 74.2 | $21,055.40 |
| Status Reports | 16.1 | $5,535.80 |

## ARGUMENT AND AUTHORITES IN SUPPORT OF APPLICATION

12. In support of this application for allowance of compensation and reimbursement of expenses, the Receiver and his advisors respectfully direct this Court's attention to those factors generally considered by Courts in awarding compensation to professionals for services performed in connection with the administration of a receivership estate. As stated by the Sixth Circuit Court of Appeals in *Reed v. Rhodes*, 179 F.3rd 453, 471 (6th Cir. 1999), "the primary concern in an attorney's fee case is that the fees awarded be reasonable." A reasonable fee is "one that is adequate to attract competent counsel. . ." *See Blum v. Stenson*, 465 U.S. 886, 893-94 (1984). (internal citation omitted). Under the twelve factor test enunciated by the Fifth Circuit in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), and adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983), a court must first determine the loadstar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Johnson*, 488 F.2d at 717. That amount can then be adjusted by the "Johnson Factors."

13. The compensation requested is allowable pursuant to the twelve-factor test (the "Johnson Factors") set forth in *Johnson*, 488 F.2d at 717-19. The *Johnson* Factors and their applicability in this case are as follows:

14. <u>Time and Labor Required</u>: HFC expended the hours detailed in Exhibit A advising the Receiver on investigating fraud or crimes involving the use of cryptocurrencies and tracing sources of recovery. In support of this application, the Receiver submits Exhibit A for the Court's review. Exhibit A demonstrates professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered.

15. <u>Novelty and Difficulty of Questions Presented</u>: The services performed involved issues of varying complexity, as set forth in substantial detail in the billing statements attached to this Application.

16. <u>Skill Requisite to Perform Professional Services:</u> HFC possess substantial expertise and experience in bankruptcy, receiverships, litigation, and related fields and are well-qualified to perform the professional Services.

17. <u>Preclusion of Other Employment Due to Acceptance of the Cases</u>: HFC has devoted significant time and resources to this case to the possible preclusion of involvement in other matters.

18. <u>Customary Fees for the Type of Services Rendered</u>:  HFC has charged fees that are at or below the standard billing rates for the professionals working on this matter, and those fees are at or below customary fees charged by like professionals in their respective markets.  HFC's rate of $362.00 per hour for Greg Hays and $170.00 to $276.00 per hour for other professionals is a 15% discount from the standard hourly rate of $200.00 to $425.00 per hour. HFC has billed all expenses at their actual costs with no mark-up added and they are not seeking overhead charges. The fees and expenses sought in this application are reasonable and were necessary for the proper administration of the duties of the Receiver.

19. <u>Whether the Fee is Fixed or Contingent</u>: The requested fees are subject to Court approval and are primarily based upon hourly rates without any fixed or flat fees. Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

20. <u>Time Limitations Imposed by the Client or Other Circumstances</u>:  The time requirements during the period covered by this application have been substantial.  The tasks performed by HFC include working closely with Blocktrace, LLC and analyzing 12,000

transactions identified between CryptoFX, Mauricio Chavez, and others, and unlocking, identifying, sourcing, and tracing 6,800 unique crypto wallets.

21. <u>The Amount Involved and Results Obtained</u>: HFC's investigation has added value to the Receivership. During the Application Period, HFC has taken actions during the Application Period including, but not limited to, the following:

22. <u>The Experience, Reputation, and Ability of the Professional</u>: HFC has extensive experience in receivership, bankruptcy, and litigation matters.

23. <u>Undesirability of the Case</u>: This factor is inapplicable to the present case.

24. <u>Nature and Length of Professional Relationship with the Client</u>: HFC has worked with the Receiver on other receivership matters prior to being retained in these proceedings and maintains an ongoing professional relationship.

25. <u>Awards in Similar Cases</u>: Professionals of the Receiver are regularly awarded compensation in receivership cases on the same basis as requested herein.

26. The work undertaken by HFC was reasonably necessary to secure assets of the Receivership and to evaluate potential sources of recovery from other assets. Further, each task was performed efficiently by HFC often working in conjunction with other professional firms in the receiver case and including Shook Hard Bacon, LP and Blocktrace, LLC .

27. The efforts of the Receiver during the Second Quarter are described in more detail in the *Receiver's Fourth Interim Status Report Regarding CryptoFX Cryptocurrency Trading* [Docket #78].

## CONFERRAL WITH THE SEC

28. The Receiver and counsel for the SEC have conferred regarding the HFC's Invoice and its compliance with the SEC's Billing Guidelines and this Court's Receivership Order, and

the reasonableness of the costs and expenses incurred in the ordinary course of the administration and operation of the Receivership.

29. The SEC does not oppose the Receiver's request for an order approving and authorizing, on an interim basis, the payment of fees to HFC in the amount of $113,174.00.

## CONCLUSION

30. Based on the foregoing, the Receiver respectfully requests that the Court enter an order approving the Receiver's Third Interim Fee Application for HFC and authorizing the Receiver to immediately pay the fees requested in the Third Certified Interim Fee Application for HFC to HFC in the amount of $113,174.

31. The Receiver further asks that the Court find and determine that the costs and expenses incurred by HFC in the ordinary course of the administration and operation of the Receivership, as set out more fully in this Application, were reasonable and necessary and that they be approved for immediate reimbursement by the Receiver in the aggregate amount of $113.36.

32. Furthermore, the Receiver respectfully requests that the Court enter an Order approving the fees and expenses of included in the unopposed Second Certified Interim Fee Application filed on June 16, 2023 [Docket #75].

Dated: August 8, 2023

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Poston E. Pritchett
Poston E. Pritchett
Texas Bar No. 24088258
600 Travis Street, Suite 3400

Houston, TX 77002
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:  816.474-6550
Facsimile:   816.421.5547
ppritchett@shb.com

Caroline M. Gieser
(admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
1230 Peachtree Street, NE, Suite 1200
Atlanta, GA  30309
Telephone:  470.867.6000
mcgieser@shb.com

***Counsel for John Lewis, Jr.***
***Court-Appointed Receiver***

8
**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR HFC**

## CERTIFICATE OF CONFERENCE

      The undersigned hereby certifies that he conferred with counsel for Plaintiff US Securities and Exchange Commission, and the SEC does not oppose this Application and supports granting the relief requested herein.

/s/ *Poston E. Pritchett*
Poston E. Pritchett

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of August, 2023, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record.

Matthew J. Gulde
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:  817.978.1410
Facsimile:  817.978.4927
guldem@sec.gov

*Counsel for Plaintiff*
*U.S. Securities and Exchange Commission*

Paul D. Flack
PRATT & FLACK, LLP
4306 Yoakum Blvd., Suite 500
Houston, TX  77006
Telephone:  713.705.3087
pflack@prattflack.como

*Counsel for Defendant Mauricio Chavez*

Dan L. Cogdell
COGDELL LAW FIRM, PLLC
1000 Main Street, Suite 2300
Houston, TX  77002
Telephone:  713.437.1869
Facsimile:  713.437.1810
dan@cogdell-law.com

*Counsel for Defendant Giorgio Benvenuto*

                              */s/ Poston E. Pritchett*
                              Poston E. Pritchett

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR HFC**