IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | § § § § | CIVIL ACTION NO. 4:22-CV-03359 JUDGE ANDREW S. HANEN |
| *Defendants.* | § § § | |
| CBT Group, LLC, | § § § | |
| *Relief Defendant.* | § | |

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR THE RECEIVER AND HIS COUNSEL**

Pursuant to paragraphs 57-62 of this Court's Order Appointing Receiver ("Receivership Order") (Doc. No. 11), John Lewis, Jr. ("Receiver"), the Court-appointed Receiver for Mauricio Chavez ("Chavez"), Giorgio Benvenuto ("Benvenuto"), CryptoFX, LLC ("CryptoFX") and CBT Group, LLC ("CBT") (collectively, the "Receivership Defendants"), files his Third Certified Fee Application for the Receiver and His Counsel, showing the Court as follows:

**SUMMARY OF FEE REQUEST**

1.      This Third Certified Interim Fee Application for the Receiver and His Counsel ("TCIFA") covers the period from April 1, 2023 to June 30, 2023 (the "Application Period") and is submitted in accordance with the Receivership Order, the local rules of this Court, and the Billing Instructions for Receivers in Civil Actions Commenced by the United States Securities and Exchange Commission ("SEC") (the "Billing Instructions"). Receivership Order at ¶¶ 56 – 58.

1

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**

2.      This is the third fee application that the Receiver has made for himself and his counsel.  On February 23, 2023, the Receiver filed his first certified fee application covering the period from September 29, 2022 to December 31, 2022, which was granted by the Court on March 23, 2023.  (Doc. Nos. 54, 67).  On June 16, 2023, the Receiver filed his second certified fee application covering the period from January 1, 2023 to March 31, 2023, which at the time of this filing has not been ruled on. (Doc No. 75). The Receiver also filed his Third Interim Fee Application for Hays Financial Consulting, LLC ("HFC") on August 8, 2023, at the request of HFC, which at the time of this filing has not been ruled on. (Doc. No. 85).

3.      The total fees incurred during the Application Period by the Receiver and professionals retained by the Receiver are as follows:  $37,695.00 John Lewis, Jr. (*see* Receiver's Invoice attached as **Exhibit A**); $157,852.00 Shook, Hardy & Bacon L.L.P. ("SHB") (*see* SHB Invoice attached as **Exhibit B**). The Receiver's professional fees listed above have been reduced by $10,185.00.  Further, his counsel's fees have been reduced by $59,636.00.

4.      The Receiver served a copy of this TCIFA, together with all exhibits and billing information to counsel for the SEC.  The Receiver and counsel for the SEC have conferred about the TCIFA and its compliance with the SEC Billing Guidelines and this Court's Receivership Order.  The SEC does not oppose the Receiver's Application or the relief requested herein.

5.      The Receiver respectfully requests that this Court enter an order approving and authorizing, on an interim basis, the payment of fees incurred during the TCIFA as follows: to the Receiver in the amount of $37,695.00; to Shook Hardy and Bacon, LLP in the amount of $157,852.00.  The Receiver further asks that the Court authorize the Receiver to reimburse the out-of-pocket costs and expenses incurred by the Receiver in the ordinary course of the administration and operation of the Receivership in the aggregate amount of $47,650.38.

## STANDARDIZED FUND ACCOUNTING REPORT

6.  Attached as **Exhibit C** is the Standardized Fund Accounting Report ("SFAR") for the Receivership for the Application Period.

## CASE STATUS

7.  <u>Cash on Hand</u>: The Receivership Estate has $3,589,050 deposited in four trust accounts named for each of the Defendants as of the end of the Application Period (June 30, 2023). These funds were received by (i) taking possession of cash located at the Defendants' office located at 1124 Blalock, Houston, Texas 77055 ($53,345.56); (ii) taking possession of safes located at the Defendants' office ($392,765.37); (iii) taking possession of First Community Credit Union bank accounts owned by Benvenuto ($451,448.14); (iv) taking possession of Bank of America bank accounts owned by Benvenuto ($21,325.14); (v) taking possession of a Simmons bank account owned by Benvenuto ($80,763.55); (vi) taking possession of a Simmons bank account owned by CBT ($247,916.46); (vii) taking possession of a Regions bank account owned by Chavez ($781.62); (viii) proceeds from liquidating Coinbase, Inc. account ($982,924.31); (ix) proceeds from liquidating Blockchain.com account ($1,161,140.95); (x) taking possession of the balance of a retainer from Burford Perry LLC ($155,631.00); (xx) taking possession of the balance of retainers from Gerger Hennessy & Martin LLP ($214,487.50); taking possession of the balance of retainers from Jones Walker LLP ($102, 228.70); taking possession of CryptoFX funds turned over by Defendant Mauricio Chavez ($55,000); proceeds from liquidating real property at 0 Hogan Lane ($64, 758.11); and proceeds from liquidating televisions ($3,040.00). *See* Schedule of Receipts and Disbursements, attached as **Exhibit D.**

8.  All four Receivership trust accounts are held with Flagstar Bank, N.A., a wholly-owned subsidiary of New York Community Bankcorp, Inc. The four trust accounts were

previously held with Signature Bank, N.A., which was acquired by Flagstar in March 2023. Flagstar acquired all deposits of Signature Bank. All Receivership deposits are fully insured by the FDIC and the full faith and credit of the U.S. government up to $250,000 and are fully collateralized and insured by a separate surety bond through the Receiver's banking vendor for any amounts above $250,000. Additionally, Flagstar continues to be an approved depository by the U.S. Trustee in bankruptcy cases.

9.  Other Assets: In addition to the cash on hand listed above, as of the end of the Application Period (June 30, 2023), the Receiver has on hand the following assets.

| Asset | Estimated Amount/Value |
|---|---:|
| 2021 Mercedes-Benz GLE AMG | $60,000 |
| 2022 BMW X6 M50i (not fully paid off) | $30,000 |
| 2020 Volkswagen Tiguan | $15,000 |
| Various Laptops and desktop computers | $5,000 |
| Real Property: Mack Washington, Hempstead, TX | $1,080,000 |
| Real Property: 28 Lawrence Marshall, Dr. Hempstead, TX | $68,000 |
| Bitcoin (BTC) | $14,031.12 |
| Tether (USDT) | $62,923.86 |
| Solana (SOL) | $.10 |

10.  It is the Receiver's plan to prudently market real estate and other assets of the Receivership for the highest prices obtainable. The Court approved the Receiver's Motions to Approve the Sale of real property located at 0 Hogan Lane and 28 Lawrence Marshall Dr. (Doc. Nos. 57, 62). The estate netted $64,758.11 from the sale of Hogan Lane. The Receiver expects the sale of the Lawrence Dr. property to net a similar amount. (The lots are of a similar size and condition). Additionally, the Court granted the Receiver's Motion to approve the sale of personal property relating to Chavez's 2020 Volkswagen Tiguan, (Doc. No. 67) as well as the sale of Chavez's Mercedes and BMW (Doc. No. 70). The BMW was financed through Santander

Consumer USA and has a current payoff amount of approximately $37,000. The Receiver anticipates to net approximately $30,000 from the sale of the BMW and approximately $60,000 from the sale of the Mercedes.

11. The Receiver is continuing his investigation to locate additional assets of the Receivership Estate and will develop a distribution plan, subject to the Court's approval.

12. <u>Expenses</u>: The Receiver and his team have incurred administrative expenses in the amount of $47,650.38 as a result of efforts to marshal and preserve the assets of the Receivership. Of these expenses, $47,650.38 were advanced by SHB.

13. <u>Investor/Creditor Claims:</u> At this point, the Receiver has not promulgated a claims procedure or determined the validity of any possible investor claims. The Receiver is still evaluating investments made with CryptoFX based upon CryptoFX and CBT records, documents produced by third parties, deposition testimony, and interviews with former CryptoFX and CBT employees as well as sales agents/sponsors/leaders and investors. At present, the Receiver, through an incomplete forensic review, has credible evidence that estimates that approximately 40,000 individuals invested in CryptoFX.

14. The Receiver is working on formulating a claims process, including procedures for (i) providing notice to potential claimants, (ii) receiving and reviewing claims, (iii) recommending to the court payment or denial of claims; and (iv) disposing of claims. To date, the Receiver has not dispersed any funds to any investors.

15. At this early stage, it is difficult to predict how long it will take the Receiver to complete his work. As the Receivership moves forward, the Receiver and his team will continue their efforts to most efficiently recover and realize the value of assets for the benefit of the Receivership Estate.

16.     <u>Receiver Claims</u>: The Receiver's investigation of claims against third parties is in its early stages.  Recovered CryptoFX business records indicate transfers of large amounts of money to Defendants' family members and associates, CryptoFX sales persons/sponsors/leaders, related business entities, and other third parties, all of which support the strong likelihood that the Receivership Estate will have substantial causes of action against these third parties.

17.     Additionally, because the Ponzi scheme was primarily a cash-based scheme, it is going to require significant forensic and/or investigatory resources to unravel the claims of the Receivership estate.  Forensic accounting data indicates that the majority of the investments as well as payments of returns on CryptoFX contracts were made in cash.

18.     Furthermore, many investors paid and were paid in cryptocurrency.  The current investigation of the available cryptocurrency transactions conducted by BlockTrace, the third party engaged by the Receiver to assist with cryptocurrency transaction tracing, has revealed that even though Defendants raised over $300 million in investor funds, their gains from cryptocurrency trading was minimal and woefully insufficient to pay the promised 15% monthly returns as well as the commissions and bonuses to sponsors/leaders.  The Receiver will have substantial claims for bonuses and commissions for a large number of third parties and will have to evaluate collectability from these parties.  Other claims will have to be researched and evaluated.

19.     The Receiver filed a notice of receivership in all relevant jurisdictions where assets of the Receivership are believed to be located.

## FEE APPLICATION

20.     On September 19, 2022, the SEC filed a Complaint against Defendants Chavez, Benvenuto, CryptoFX, and CBT, along with an application for the appointment of a receiver for

the Receivership Entities. (Doc. Nos. 3 & 6). On September 29, 2022, the Court appointed John Lewis, Jr. to serve as Receiver over all the assets of the Receivership Defendants. (Doc. No. 11).

21. The Receivership Order allows the Receiver to retain professionals to assist the Receiver in carrying out his duties and responsibilities. Receivership Order at ¶57. Engagement of professionals by the Receiver must be approved by the Court. *Id*. On December 1 and 3, 2022, the Court entered orders authorizing the Receiver to employ SHB as legal counsel (Doc. No. 38) and Hays, as financial consultants and accountants (Doc. No. 37). SHB began working on this matter on September 29, 2022. Hays began working on this matter on September 30, 2022. The Court entered orders authorizing the Receiver to employ Pugh Accardo as Louisiana counsel on November 10, 2022 (Doc. No. 29), and BlockTrace Inc. as cryptocurrency consultants on January 5, 2023 (Doc. No. 43).

22. The Receivership Order further provides that the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates, and that prior to filing the fee application with all exhibits and relevant billing information must be provided to SEC counsel. Receivership Order at ¶58. The Order also provides that the fee applications of the Receiver and Retained Personnel may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. *Id*. ¶ 60.

23. The hours worked, hourly billing rate, and total fees of the Receiver are listed in **Exhibit A**. The flat hourly billing rate of the Receiver is $525.00.

24. The names, hours worked, hourly billing rates, and total fees of all SHB professionals who have billed time to this matter are listed in **Exhibit B**. The flat hourly rate of each SHB attorney working on this matter is $425.00. The flat hourly rate of SHB timekeepers who are not attorneys is their standard rate.

7

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**

25. The total actual fees and expenses incurred for the Application Period are summarized as follows:

**Receiver- Fees for Application Period**

| Hours | Hourly Rates | Total Fees | Total Expenses | Fees and Expenses |
|---|---|---|---|---|
| 88.90 | See Ex. A | $46,672.50 | $0 | $46,672.50 |

**Receiver's Counsel, Shook, Hardy & Bacon L.L.P. – Fees and Expenses for Application Period**

| Hours | Hourly Rates | Total Fees | Total Expenses | Fees and Expenses |
|---|---|---|---|---|
| 797 | See Ex. B | $323,534.50 | $23,294.14 | $346,828.64 |

26. The Receiver asks the Court to approve payments to SHB, on an interim basis in the amount of $346,828.64 for the Application Period. The Receiver asks the Court to approve payments to the Receiver, on an interim basis in the amount of $46,672.50 for the Application Period.

27. In accordance with the Billing Instructions, the Receiver and his advisors have separately categorized their services by task. The following table summarizes the respective number of hours incurred relative to each task category during the Application Period:

**Receiver John Lewis, Jr.**

| Task Description | Hours Worked | Total Fees |
|---|---|---|
| Asset Analysis | 4.20 | $2,205.00 |
| Business Analysis | 4.0 | $2,100.00 |
| Case Administration | 43.20 | $20,055.00 |
| Status Reports | 6.40 | $3,360.00 |
| Litigation | 76.80 | $37,695.00 |
| Claims Administration | 3.70 | $1,942.50 |
| Litigation Consulting | 1.30 | $682.50 |

8
**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**

**Receiver's Counsel, Shook, Hardy & Bacon L.L.P.**

| Task Description | Hours Worked | Total Fees |
|---|---|---|
| Asset Analysis | 23.40 | $9,945.00 |
| Asset Disposition | 8.20 | $3,485.00 |
| Business Analysis | 1.40 | $350.00 |
| Data Analysis | 5.10 | $918.00 |
| Case Administration | 247.60 | $96,292.00 |
| Valuation | 2.0 | $360.00 |
| Status Reports | 3.70 | $1,033.50 |
| Litigation | 106.60 | $40,751.00 |
| Claims Administration | 1.50 | $637.50 |
| Litigation Consulting | 8.10 | $3,442.50 |
| Forensic Accounting | 1.5 | $637.50 |

### ARGUMENT AND AUTHORITES IN SUPPORT OF APPLICATION

28.   In support of this application for allowance of compensation and reimbursement of expenses, the Receiver and his advisors respectfully direct this Court's attention to those factors generally considered by Courts in awarding compensation to professionals for services performed in connection with the administration of a receivership estate. As stated by the Sixth Circuit Court of Appeals in *Reed v. Rhodes*, 179 F.3rd 453, 471 (6th Cir. 1999), "the primary concern in an attorney's fee case is that the fees awarded be reasonable." A reasonable fee is "one that is adequate to attract competent counsel. . ." *See Blum v. Stenson*, 465 U.S. 886, 893-94 (1984). (internal citation omitted). Under the twelve factor test enunciated by the Fifth Circuit in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), and adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983), a court must first determine the loadstar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Johnson*, 488 F.2d at 717. That amount can then be adjusted by the "Johnson Factors."

29. The compensation requested is allowable pursuant to the twelve-factor test (the "Johnson Factors") set forth in *Johnson,* 488 F.2d at 717-19. The Johnson Factors and their applicability in this case are as follows:

30. <u>Time and Labor Required</u>: The Receiver and his advisors expended the hours detailed in the attached exhibits in performing Services during the Application Period. In support of this application, the Receiver submits the following exhibits for the Court's review.

- Exhibit A demonstrates professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered and expenses of the Receiver in connection with the administration of the Receivership;

- Exhibit B demonstrates professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered and expenses of SHB in connection with the administration of the Receivership;

- **Exhibit E -** Certification of John Lewis, Jr. stating the reasonableness of the rates charged and hours billed by professionals at SHB.

a. <u>Novelty and Difficulty of Questions Presented</u>: The Services performed involved issues of varying complexity, as set forth in substantial detail in the billing statements attached to this Application.

b. <u>Skill Requisite to Perform Professional Services:</u> The Receiver and his professional team possess substantial expertise and experience in bankruptcy, receiverships, litigation, and related fields and are well-qualified to perform the professional Services.

c. <u>Preclusion of Other Employment Due to Acceptance of the Cases</u>: The Receiver and his team devoted time and resources to this case to the possible preclusion of involvement in other matters.

      d.     <u>Customary Fees for the Type of Services Rendered</u>:  SHB have charged fees that are at or below the standard billing rates for the professionals working on this matter, and those fees are at or below customary fees charged by like professionals in their respective markets. SHB's flat rate of $425.00 per hour is a significant discount to the normal billing rate of $600.00-$730.00 per hour for the attorneys working on this matter.

      e.     In addition, the Receiver's professional fees listed above have been reduced by $10,185.00.  And, SHB's fees have been reduced by $59,636.00.  SHB's expenses $47,650.28 are billed with no mark-up added.

      f.     <u>Whether the Fee is Fixed or Contingent</u>: The requested fees are subject to Court approval and are primarily based upon hourly rates without any fixed or flat fees.  *See also* Order setting all counsel rates in this case at $425/hr.  (Doc. No. 67).  Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

      g.     <u>Time Limitations Imposed by the Client or Other Circumstances</u>:  The time requirements during the period covered by this application have been substantial.  The tasks performed by the Receiver and his team include investigating, locating, taking possession, and liquidating Defendants' assets; responding to investors; analyzing new information learned from the ongoing investigation; monitoring and updating the Receiver's website; analyzing company documents, documents produced by witnesses at depositions or interviews, and documents produced by third parties in response to subpoenas; responding to investor questions and concerns; motion practice; and reporting information as necessary to the Court.

      h.     <u>The Amount Involved and Results Obtained</u>:  Furthermore, the Receiver and his advisors have performed tasks that have added value to the Receivership by locating, taking

11

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**

possession of, and liquidating Receivership assets. The Receiver and his advisors have taken actions during the Application Period including, but not limited to, the following:

a. Maintaining a Receiver Website (cryptofxreceiver.com), email address (receivership@shb.com), and phone number (713-546-5614) so that investors can receive information pertaining to the receivership in both English and Spanish.

b. Communicating with investors by phone and email;

c. Conducting interviews of investors;

d. Conducting interviews of additional sales agents;

e. Identifying and securing receivership assets;

f. Maintaining cryptocurrency wallets and/or accounts containing Bitcoin cryptocurrency;

g. Coordinating valuation and sale of Receivership personal property;

h. Corresponding with third parties to identify potential receivership assets;

i. Analyzing emails, text messages, and other records to evaluate Receivership Defendant assets;

j. Preparing charts showing amount of assets received by CryptoFX;

k. Preparing of paper and electronic records for a detailed forensic analysis;

l. Reviewing CryptoFX and CBT business records obtained from investors or in response to third-party subpoenas;

m. Serving subpoenas to third parties for the collection of documents and information to financial institutions, crypto currency platforms, professionals retained by the Defendants, and other fact witnesses in order to locate additional assets;

n. Analyzing company records to evaluate potential claims against third parties;

o. Managing a Relativity database in order to store and review company documents.

p. Conducting public records searches and related due diligence to affiliated parties, entities, and other potential relief defendants;

      q.      Preparing the Receiver's Third Interim Status Report;

      r.      Working with Dimas Realty team to prepare the Mack Washington Property for sale.

      s.      Reviewing records received from third parties to perform asset tracing analysis;

      t.      Working with real estate broker and real estate appraisers to evaluate and liquidate real property;

      u.      Working with Webster's Auction Palace to appraise and evaluate the value of personal property.

      i.      <u>The Experience, Reputation, and Ability of the Professional</u>: The Receiver and his team have extensive experience in receivership, bankruptcy, and litigation matters.

      j.      <u>Undesirability of the Case</u>: This factor is inapplicable to the present case.

      k.      <u>Nature and Length of Professional Relationship with the Client</u>: SHB has worked with the Receiver prior to being retained in these proceedings and maintains an ongoing relationship.

      l.      <u>Awards in Similar Cases</u>: The Receiver and the professionals of the Receiver are regularly awarded compensation in receivership cases on the same basis as requested herein.

31. Each of these tasks detailed in the Receiver's Third Interim Fee Application was reasonably necessary to secure assets of the Receivership and to evaluate potential sources of other assets. Further, each task was performed efficiently by the Receiver or his advisors at SHB and Hays.

## CONFERRAL WITH THE SEC

32. The Receiver and counsel for the SEC have conferred regarding the Receiver's SCIFA and its compliance with the SEC's Billing Guidelines and this Court's Receivership Order, and the reasonableness of the costs and expenses incurred in the ordinary course of the administration and operation of the Receivership.

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**

33. The SEC does not oppose the Receiver's request for an order approving and authorizing, on an interim basis, the payment of fees and expenses as follows:

(a) That the Receiver be conditionally awarded fees incurred during the Third Interim Fee Application in the amount of $37,695.00;

(b) That the Receiver's Retained Professionals be awarded fees incurred during the Third Interim Fee Application as follows: Shook Hardy & Bacon, LLC for $157,852.00;

(c) That the out-of-pocket costs and expenses incurred by the Receiver in the ordinary course of the administration and operation of the Receivership, as set out more fully in this TCIFA in the aggregate amount of $47,650.38, are reasonable and necessary, and that they be approved for immediate reimbursement by the Receiver.

## CONCLUSION

34. Based on the foregoing, the Receiver respectfully requests that the Court enter an order approving the Receiver's Third Certified Interim Fee Application for the Receiver and His Counsel and authorizing the Receiver to immediately pay the fees requested in the TCIFA as follows: (1) to the Receiver in the amount of $37,695.00; and (2) Shook Hardy & Bacon, LLC for $157,852.00.

35. The Receiver further asks that the Court find and determine that the costs and expenses incurred by the Receiver in the ordinary course of the administration and operation of the Receivership, as set out more fully in this Application, were reasonable and necessary and that they be approved for immediate reimbursement by the Receiver in the aggregate amount of $47,650.38.

Dated: August 17, 2023                                     Respectfully submitted,

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**

SHOOK, HARDY & BACON L.L.P.

By: <u>/s/ Poston E. Pritchett</u>
Poston E. Pritchett
Texas Bar No. 24088258
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474-6550
Facsimile: 816.421.5547
ppritchett@shb.com

Caroline M. Gieser
(admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
1230 Peachtree Street, NE, Suite 1200
Atlanta, GA 30309
Telephone: 470.867.6000
mcgieser@shb.com

***Counsel for John Lewis, Jr.***
***Court-Appointed Receiver***

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he has conferred with counsel for Plaintiff US Securities and Exchange Commission, and the SEC does not oppose this Application and supports granting the relief requested herein.

/s/ *Poston E. Pritchett*
Poston E. Pritchett

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of August, 2023, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record.

Matthew J. Gulde
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:  817.978.1410
Facsimile:  817.978.4927
guldem@sec.gov

*Counsel for Plaintiff*
*U.S. Securities and Exchange Commission*

Paul D. Flack
PRATT & FLACK, LLP
4306 Yoakum Blvd., Suite 500
Houston, TX  77006
Telephone:  713.705.3087
pflack@prattflack.como

*Counsel for Defendant Mauricio Chavez*

Dan L. Cogdell
COGDELL LAW FIRM, PLLC
1000 Main Street, Suite 2300
Houston, TX  77002
Telephone: 713.437.1869
Facsimile:  713.437.1810
dan@cogdell-law.com

*Counsel for Defendant Giorgio Benvenuto*

                */s/ Poston E. Pritchett*
                Poston E. Pritchett

**RECEIVER'S THIRD CERTIFIED INTERIM FEE APPLICATION FOR RECEIVER AND HIS COUNSEL**