United States District Court
Southern District of Texas
**ENTERED**
October 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:22-CV-03359 |
| MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, | § § § | JUDGE ANDREW S. HANEN |
| Defendants. | § § § | |
| CBT Group, LLC, | § § | |
| Relief Defendant. | § § | |

## AGREED ORDER

On August 31, 2023 the Court entered an order (Doc. 93) partially granting the Receiver's Motion to Compel (Doc. No. 71) indicating that Defendant Mauricio Chavez could not claim Fifth Amendment privilege over records relating to this case that are the property of CryptoFX, LLC.

The Receiver and Mr. Chavez have conferred regarding the implications of the Court's ruling and now submit the following with regard to the application of that ruling to the Receiver's Motion to Compel.

David Greetham, the computer forensic expert with custody of Mr. Chavez's devices is directed to image Mac computer Serial No. FVFGXDFWQOBD (the "MacMini Computer") and from that image he is to generate a list of the files containing user-created data (not system files) on that computer. To the extent Mr. Greetham requires password or login credentials to access and image that computer, Mr. Chavez is hereby ordered to provide them.

Mr. Greetham is further directed to access and image the iPhone in the black Gear4 case (the "iPhone") from Mr. Chavez and to image that device and from that image he is to generate a

list of messages from built-in or third-party applications, including but not limited to SMS, WhatsApp, iMessage, and email files contained on that phone. To the extent Mr. Greetham requires password or login credentials to access and image that phone, Mr. Chavez is hereby ordered to provide them.

Mr. Greetham is directed to deliver the lists of files contained on the Mac Mini Computer and the iPhone (collectively "the Devices") to counsel for the Receiver and counsel for Mr. Chavez. From those lists, the Receiver is to designate the files he wants produced (Mr. Chavez's counsel may also request files). Mr. Greetham will then provide those files to counsel for Mr. Chavez for review. Mr. Chavez's counsel will then produce the requested files or, if any files are not produced, Chavez's counsel will provide a log listing the file withheld and the basis for withholding (e.g., attorney-client privilege, personal information not related to CFX, etc.). Counsel for the Receiver and Mr. Chavez will then confer about any disagreements they have based on the log and, if counsel are unable to agree regarding any withheld files, they are ordered to promptly notify the Court by joint letter in order to expeditiously resolve the dispute.

Mr. Chavez is also ordered to attempt to access the Google Drive under the supervision of Mr. Greetham and reset the password to the Google Drive and Mr. Greetham is directed to provide the new password to counsel for the Receiver.

To the extent Mr. Chavez discovers that any privileged or otherwise inappropriate files are produced, Mr. Chavez retains his rights under Fed. R. Civ. P. 502 and he is directed to first raise any such issue with counsel for the Receiver and, if they are unable to agree regarding the return of any such file, they are ordered to promptly notify the Court by joint letter in order to expeditiously resolve the dispute.

The parties may also designate files produced pursuant to this Order as Confidential. Files designated confidential will not be filed with the Court or disclosed to any persons not directly

involved in the litigation of this case. Any disagreements regarding any such designation that the Parties are not able to resolve between themselves, will be resolved by the Court.

To the extent additional documents or sources of documents are discovered to which Mr. Chavez would assert a Fifth Amendment Privilege on his own or on behalf of CryptoFX, this ruling shall apply to those additional documents or sources of documents. If the parties cannot agree as to the application of this order to additional documents or sources of documents, they are ordered to promptly notify the Court by joint letter in order to expeditiously resolve the dispute.

The Receiver is authorized and directed to pay or reimburse any reasonable fees and expenses of Mr. Greetham.

Mr. Greetham is further directed to maintain without any further alteration all devices he has received from Mr. Chavez until further instruction from the Court.

Mr. Chavez's agreement to this order is an agreement to form only and not a waiver of any rights.

IT IS SO ORDERED this 3rd day of October, 2023.

JUDGE ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE