IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:22-CV-03359 |
| ) | |
| v. ) | |
| ) | |
| **MAURICIO CHAVEZ,** ) | JURY TRIAL DEMANDED |
| **GIORGIO BENVENUTO, and** ) | |
| **CryptoFX, LLC,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| **CBT GROUP, LLC,** ) | |
| ) | |
| Relief Defendant. ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO ENTER AGREED BIFURCATED JUDGMENT AGAINST DEFENDANT GIORGIO BENVENUTO**

Plaintiff U.S. Securities and Exchange Commission ("Commission") and Defendant Giorgio Benvenuto ("Defendant") have reached a partial settlement. The Commission moves the Court to enter agreed bifurcated judgment against Defendant. The bifurcated judgment would resolve the Defendant's liability and the Commission's claims against Defendant for injunctive relief. Further, the bifurcated judgment would also provide for resolution of the Commission's remaining claims for monetary relief by the Court upon a future motion by the Commission.

I.   **Relevant Procedural History**

The Commission filed its Complaint on September 19, 2022. (Dkt. No. 3.) On the same day, the Court entered a Temporary Restraining Order and Orders (i) Freezing Assets; (ii) Prohibiting the Destruction of Documents; (iii) Granting Expedited Discovery; (iv) Requiring Sworn Accountings; (v) Permitting Alternative Means of Service, and (vi) Setting Hearing Date

on Plaintiff's Motion for Preliminary Injunction against Defendants. (Dkt. No. 7.) On September 29, 2022, the Court granted the SEC's motion for the appointment of a receiver, and appointed John Lewis receiver in this matter. (Dkt. No. 11.) On August 31, 2023, the Court entered Judgment as to Defendant Mauricio Chavez, ordering full injunctive relief against him and reserving the issues of monetary relief for resolution at a later date, upon motion of the Commission. (Dkt. No. 92).

## II. The Settlement

The Commission and Defendant, through his attorney, engaged in settlement discussions that have resulted in this partial settlement. Defendant has executed a written consent (the "Consent") that sets out the terms of the partial settlement. A copy of the Consent executed by Defendant is attached hereto as Exhibit "A" and a copy of the Judgment is attached hereto as Exhibit "B."

Under the terms of the Consent, Defendant, among other things, (i) acknowledges having been served with the Complaint; (ii) enters a general appearance; (iii) admits the Court's jurisdiction over Defendant and over the subject matter of this action; (iv) waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; (v) consents to the entry of a bifurcated judgment (the "Judgment") in the form attached hereto as Exhibit B; and (vi) waives any right to appeal from the entry of the Judgment.

The Judgment provides, among other things, that Defendant is enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. Further, the Judgment enjoins Defendant from directly or indirectly, including, but not limited to, through any entity owned or controlled

by him, participating in the issuance, purchase, offer, or sale of any securities, provided, however, that such injunction shall not prevent Defendant from purchasing securities listed on a national securities exchange for his own account. Additionally, the Judgment permanently restrains Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

The Commission's claims for disgorgement, prejudgment interest, and civil penalties remain unresolved. The Judgment provides that the Court shall determine these issues upon a later motion of the Commission. With respect to the Commission's motion for these remedies, the Judgment provides, among other things, that (i) Defendant will be precluded from arguing that he or it did not violate the federal securities laws as alleged in the Complaint; (ii) Defendant may not challenge the validity of the Consent or the Judgment; (iii) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion for remedies on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

**III.   Conclusion**

The Commission respectfully requests that the Court enter this Motion and enter the proposed Judgment as to Defendant Giorgio Benvenuto.

Dated: February 22, 2024          Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

*s/Matthew J. Gulde*

Mathew J. Gulde
Illinois Bar No. 6272325
S.D. Texas Bar No. 1821299
United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone: (817) 978-1410
Facsimile: (817) 978-4927
guldem@sec.gov

*Attorney for the Plaintiff*

# CERTIFICATE OF SERVICE

I affirm that on February 22, 2024, I filed the forgoing document with the Clerk of the Court for the Southern District of Texas, Houston Division, using the CM/ECF system. The electronic case filing system will send a "Notice of Electronic Filing" to all counsel of record who has consented in writing to accept service of this document by electronic means.

*s/Matthew J. Gulde*
Matthew J. Gulde

4