IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:22-CV-03359 |
| ) | |
| v. ) | |
| ) | |
| **MAURICIO CHAVEZ,** ) | JURY TRIAL DEMANDED |
| **GIORGIO BENVENUTO, and** ) | |
| **CryptoFX, LLC,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| **CBT GROUP, LLC,** ) | |
| ) | |
| Relief Defendant. ) | |
| ) | |

## PLAINTIFF'S RESPONSE TO THIRD-PARTY MOTION TO INTERVENE

Plaintiff U.S. Securities and Exchange Commission ("Commission") files this Response to a pending request by Elva A. Rebollar, Elibeth Rebollar, and Citlalli Rebollar-Aguirre (collectively, the "Rebollars"), which it construes as a motion to intervene by investor-victims of CryptoFX, LLC. Dkt. No. 120 ("Motion"). For the reasons described below, the Court should deny this third-party request.

I.   **Relevant Procedural History**

The Commission filed its Complaint on September 19, 2022. (Dkt. No. 3.) On the same day, the Court entered a Temporary Restraining Order and Orders (i) Freezing Assets; (ii) Prohibiting the Destruction of Documents; (iii) Granting Expedited Discovery; (iv) Requiring Sworn Accountings; (v) Permitting Alternative Means of Service, and (vi) Setting Hearing Date on Plaintiff's Motion for Preliminary Injunction against Defendants. (Dkt. No. 7.) On

September 29, 2022, the Court granted the SEC's motion for the appointment of a receiver, and appointed John Lewis receiver in this matter. (Dkt. No. 11.) On August 31, 2023, the Court entered Judgment as to Defendant Mauricio Chavez, ordering full injunctive relief against him and reserving the issues of monetary relief for resolution at a later date, upon motion of the Commission. (Dkt. No. 92). On February 26, 2024, the Court entered Judgment as to Defendant Giorgio Benvenuto, ordering full injunctive relief against him and reserving the issues of monetary relief for resolution at a later date, upon motion of the Commission. (Dkt. No. 92). John Lewis continues to serve as receiver, and has provided periodic status reports to the Court, most recently on April 30, 2024. (Dkt. No. 117).

On June 24, 2024, the Rebollars filed the Motion, stating simply: "I would like to file notice to add the following to the suit: Elva A. Rebollar, Elibeth Rebollar and Citlalli Rebollar-Aguirre" and providing an email address, telephone number, and street address. No voice mail is connected to the telephone number. On July 10, 2024, the undersigned sent an email to the address listed in the Motion explaining who the receiver is and providing contact information for Mr. Lewis's counsel and the receiver's website.

## II.     Intervention Should be Denied

First, Section 21(g) of the Exchange Act prohibits a private litigant's intervention in an SEC enforcement action to assert separate claims without the SEC's consent. 15 U.S.C. § 78u(g) ("[N]o action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact"). Courts have affirmed in similar contexts that "this provision bars 'claims for damages by non-SEC parties . . . (without the SEC's consent) in the enforcement action to which they purport to relate.'" *See SEC v.*

*Ripple Labs, Inc.*, No. 1:20-cv-10832-AT, 2021 WL 4555352, at *2 (S.D.N.Y. Oct. 4, 2021) (quoting *SEC v. Caledonian Bank, Ltd.*, 317 F.R.D. 358, 367–68 (S.D.N.Y. 2016)); *SEC v. Funding Res. Grp.*, No. No. 99-10980, 2000 WL 1468823, *5 (5th Cir. Sept. 8, 2000) (affirming district court's denial of securities-fraud victim's motion to intervene when SEC did not consent to intervention).

Here, the Rebollars ask to be added to the SEC's lawsuit. (Motion, p. 1). Because the Rebollars' names appear on CFX investment contracts, it is reasonable to construe their request as a motion to intervene as plaintiffs. The SEC is sympathetic to the Rebollars and all similarly situated CryptoFX investors who are victims of Defendants' fraudulent Ponzi scheme. Nevertheless, because the SEC does not consent to the intervention, the request should be dismissed under 15 U.S.C. § 78u(g). *See SEC v. Prudential Secs. Inc.*, No. 1:93-cv-2164, Fed. Sec. L. Rep. ¶ 99,445, 1997 WL 35393453 at *4 (D.D.C. Mar. 26, 1997) ("Congress enacted Section 21(g) to promote the effective enforcement of federal securities laws by ensuring that the SEC would not be required to litigate the separate issues of private parties during SEC litigation, 'even though [the private] actions may involve common questions of fact.'") (quoting 15 U.S.C. § 78u(g)).

The Motion also fails to satisfy the requirements for intervention under Rule 24. FED. R. CIV. P. 24. Unless the SEC consents to intervention, an intervenor must make a showing of the absence of adequate representation by an existing party. FED. R. CIV. P. 24(a)(2). The Motion makes no such showing, but summarily requests that three individuals be added to the case. In fact, the interests of the Rebollars and all CryptoFX investors are already represented in this case. The Court appointed a receiver to marshal the assets of the Defendants and to "develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered,

3

and recoverable Receivership Property." (Dkt. No. 11, ¶ 50); *see Funding Res. Grp.*, 2000 WL 1468823, *2 (noting that the district court had found that the receiver's "only mission in life is to recover monies for people like" the proposed intervenor). Rule 24 also requires an intervenor to state the grounds for intervention and set out the claim or defense for which intervention is sought. FED. R. CIV. P. 24(c). The Rebollas are silent on this account as well, and the Court should deny their Motion.

### III.   Conclusion

The Commission respectfully requests that the Court deny this third-party request to intervene.

Dated: July 12, 2024              Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

*s/Matthew J. Gulde*
Mathew J. Gulde
Illinois Bar No. 6272325
S.D. Texas Bar No. 1821299
United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone: (817) 978-1410
Facsimile: (817) 978-4927
guldem@sec.gov

*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

      I affirm that on July 12, 2024, I filed the forgoing document with the Clerk of the Court for the Southern District of Texas, Houston Division, using the CM/ECF system.  The electronic case filing system will send a "Notice of Electronic Filing" to all counsel of record who has consented in writing to accept service of this document by electronic means.  Additionally, I caused the forgoing to be sent to the email address and physical address listed on the face of the Motion.

                                          *s/Matthew J. Gulde*
                                          Matthew J. Gulde