IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:22-CV-003359 |
| ) | |
| v. ) | |
| ) | |
| **MAURICIO CHAVEZ,** ) | JURY TRIAL DEMANDED |
| **GIORGIO BENVENUTO, and** ) | |
| **CRYPTOFX, LLC,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| **CBT GROUP, LLC,** ) | |
| ) | |
| Relief Defendant. ) | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
NOTICE OF AUTHORITY
(*STARBUCKS V. MCKINNEY*)**

Plaintiff Securities and Exchange Commission ("SEC") respectfully notifies the Court of a recent Supreme Court case, *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), that provides a four-part test for issuance of temporary or preliminary injunctive relief. *Starbucks* requires a plaintiff to demonstrate the following factors to obtain a temporary or preliminary injunction: (1) a likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the injunction sought is in the public interest. *Starbucks*, 144 S. Ct. at 1576. Although *Starbucks* involved preliminary injunctive relief sought by a different government agency, on July 9, 2024, the Third Circuit in *SEC v. Chappell*, 107 F.4th 114 (3d Cir. 2024), applied the *Starbucks* test to enforcement actions brought by the SEC.

1

On September 19, 2022, the SEC moved ("PI Motion") for a preliminary injunction in this case. Doc. 6, Pl's Ex Parte Mot. for Prelim. Inj. The PI Motion also sought an *ex parte* temporary restraining order and other ancillary relief, including the appointment of a receiver and an asset freeze. *Id.* The Court granted a temporary restraining order that same day and ordered the parties to appear for a preliminary injunction hearing on September 27, 2022. Doc. 7, at 15 (¶ 30). During that hearing, Defendants each indicated that they did not oppose the extension of the temporary restraining order or its conversion into a preliminary injunction. Doc. 23, Prelim. Inj. Hr'g Tr. 10:16-11:9. The Court's subsequent Order on Preliminary Injunction expressly found that the SEC had presented sufficient evidence to establish all four elements of the *Starbucks* standard. Doc. 10, Order, at 3-5. Because the Order was entered without opposition of the parties, and because the Order met the requirements of *Starbucks*, it should remain in effect.

Dated: September 11, 2024

Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

*/s/Matthew J. Gulde*
Matthew J. Gulde
Illinois Bar No. 6272325
United States Securities and
Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:  (817) 978-3821
Facsimile:  (817) 978-4927
guldem@sec.gov

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 11, 2024, a copy of foregoing *Plaintiff Securities and Exchange Commission's Status Report and Notice of Authority* was filed electronically and served by mail as soon as practicable on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                */s/Matthew J. Gulde*
                                Matthew J. Gulde