IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br> *Plaintiff,* <br><br> vs. <br><br> MAURICIO CHAVEZ, GIORGIO BENVENUTO and CryptoFX, LLC, <br> *Defendants.* <br><br> CBT Group, LLC, <br> *Relief Defendant.* | § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:22-CV03359 <br> JUDGE ANDREW S. HANEN |

## RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION

Pursuant to paragraphs 57-62 of this Court's Order Appointing Receiver ("Receivership Order") (Doc. No. 11), John Lewis, Jr. ("Receiver"), the Court-appointed Receiver for Mauricio Chavez ("Chavez"), Giorgio Benvenuto ("Benvenuto"), CryptoFX, LLC ("CryptoFX") and CBT Group, LLC ("CBT") (collectively, the "Receivership Defendants"), files his Thirteenth Certified Interim Fee Application, showing the Court as follows:

### SUMMARY OF FEE REQUEST

1. This Thirteenth Certified Interim Fee Application ("ECIFA") covers the period from October 1, 2025 to December 31, 2025 (the "Application Period") and is submitted in accordance with the Receivership Order, the local rules of this Court, and the Billing Instructions for Receivers in Civil Actions Commenced by the United States Securities and Exchange Commission ("SEC") (the "Billing Instructions"). Receivership Order at ¶¶ 56 – 58.

2. This is the Thirteenth Fee Application that the Receiver has made for himself and his retained professionals. On February 23, 2023, the Receiver filed his first certified fee application covering the period from September 29, 2022 to December 31, 2022, which was granted by the Court on March 23, 2023. (Doc. Nos. 54, 67). On June 16, 2023, the Receiver filed his second certified fee application covering the period from January 1, 2023 to March 31, 2023, which was granted by the Court on August 31, 2023 (Doc. Nos. 75, 89). The Receiver also filed a third interim fee application for Hays Financial Consulting, LLC ("HFC") on August 8, 2023, at the request of HFC, and then filed his own third interim fee application on August 17, 2023, both of which were granted by the Court on August 31, 2023 (Doc. Nos. 90, 91). On November 17, 2023, the Receiver filed his fourth certified fee application covering the period from July 1, 2023 to September 30, 2023, which was granted by the Court on December 4, 2023 (Doc. No. 106). On January 30, 2024, the Receiver filed his fifth certified fee application covering the period from October 1, 2023 to December 31, 2023, which was granted by the Court on February 28, 2024 (Doc. No. 116). On May 17, 2024, the Receiver filed his sixth certified fee application covering the period from January 1, 2024 to March 31, 2024, which was granted by the Court on May 21, 2024 (Doc. No. 119). On August 19, 2024, the Receiver filed his seventh certified fee application covering the period from April 1, 2024 to June 30, 2024, which was granted by the Court on January 17, 2025. On November 19, 2024, the Receiver filed his eighth certified fee application covering the period from July 1, 2024 to September 30, 2024, which was granted by the Court on January 17, 2025, the Receiver filed his ninth certified fee application covering the period from October 1, 2024 to December 31, 2024, which was granted by the Court on May 12, 2025, the Receiver filed his tenth certified fee application covering the period from January 1, 2025 to March 31, 2025, which was granted by the Court on May 30, 2025, the Receiver filed his eleventh

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

certified fee application covering the period from April 1, 2025 to June 30, 2025, which was granted by the Court on September 17, 2025, the Receiver filed his twelfth certified fee application covering the period from July 1, 2025 to September 30, 2025, which was granted by the Court on November 26, 2025.

3. The fees incurred during the Application Period by the Receiver and professionals retained by the Receiver and for which payment is requested, are as follows: $12,022.50 Receiver (*see* Receiver Invoice attached as **Exhibit A**).; $12,887.50 Shook, Hardy & Bacon L.L.P. ("SHB") (*see* SHB Invoice attached as **Exhibit B**); $248.40 Hays Financial Consulting, LLC ("Hays") (*see* Hays Invoice attached as **Exhibit C**). Further, SHB's fees have been reduced by $4,760.

4. The Receiver served a copy of this ECIFA, together with all exhibits and billing information to counsel for the SEC. The Receiver and counsel for the SEC have conferred about the ECIFA and its compliance with the SEC Billing Guidelines and this Court's Receivership Order. The SEC does not oppose the Receiver's Application or the relief requested herein.

5. The Receiver respectfully requests that this Court enter an order approving and authorizing, on an interim basis, the payment of fees incurred during the ECIFA as follows: to Receiver $12,022.50; to Shook Hardy and Bacon, LLP in the amount of $12,887.50; and to Hays in the amount of $248.40. The Receiver further asks that the Court authorize the Receiver to reimburse the out-of-pocket costs and expenses incurred by the Receiver in the ordinary course of the administration and operation of the Receivership in the aggregate amount of $6,311.56.

## STANDARDIZED FUND ACCOUNTING REPORT

6. Attached as **Exhibit D** is the Standardized Fund Accounting Report ("SFAR") for the Receivership for the Application Period.

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

## CASE STATUS

7.  <u>Cash on Hand</u>: The Receivership Estate has $3,065,395 deposited in four trust accounts named for each of the Defendants as of the end of the Application Period (December 31, 2025). These funds were received by (i) taking possession of cash located at the Defendants' office located at 1124 Blalock, Houston, Texas 77055 ($53,346); (ii) taking possession of safes located at the Defendants' office ($392,765); (iii) taking possession of First Community Credit Union bank accounts owned by Benvenuto ($451,448); (iv) taking possession of Bank of America bank accounts owned by Benvenuto ($21,325); (v) taking possession of a Simmons bank account owned by Benvenuto ($80,764); (vi) taking possession of a Simmons bank account owned by CBT ($247,916); (vii) taking possession of a Regions bank account owned by Chavez ($782); (viii) proceeds from liquidating Coinbase, Inc. account ($982,924); (ix) proceeds from liquidating Blockchain.com account ($1,161,141); (x) taking possession of the balance of a retainer from Burford Perry LLC ($155,631); (xx) taking possession of the balance of retainers from Gerger Hennessy & Martin LLP ($214,488); (xxi) taking possession of the balance of retainers from Jones Walker LLP ($102,229); (xxii) taking possession of CryptoFX funds turned over by Defendant Mauricio Chavez ($55,000); (xxiii) proceeds from liquidating real property at 0 Hogan Lane ($64,758); (xxiv) proceeds from liquidating televisions ($3,040); (xxv) proceeds from liquidating bitcoin from an exodus wallet ($86,915); (xxvi) net sale proceeds from sale of real property at 28 Lawrence Marshall Dr. ($65,027); (xxvii) proceeds from liquidating 2020 Volkswagen Tiguan owned by Angelica Vargas ($16,695); (xxix) proceeds from liquidating 2021 Mercedes-Benz GLE AMG owned by Angelica Vargas ($63,568); (xxx) net auction proceeds from personal property turned over by Defendant Mauricio Chavez ($9,267); (xl) proceeds from liquidating real property at 0 Mack Washington ($1,027,280.34); (xli) proceeds from liquidating 2022 BMW X6 M501 ($74,000).

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

8. All four Receivership trust accounts are held with Webster Bank, N.A., a wholly-owned subsidiary of Farrington Place Corporation, Webster Investment Services, Inc., Webster Mortgage Investment Corporation, MyWebster, Inc., Webster Community Development Corporation, Webster Capital Finance, Inc., Webster Business Credit Corporation, Webster Growth Capital Corporation, Webster Mortgage Company, and Webster Massachusetts Security Corporation. The four trust accounts were previously held with Flagstar N.A. All Receivership deposits are fully insured by the FDIC and the full faith and credit of the U.S. government up to $250,000 and are fully collateralized and insured by a separate surety bond through the Receiver's banking vendor for any amounts above $250,000. Additionally, Webster continues to be an approved depository by the U.S. Trustee in bankruptcy cases.

9. <u>Other Assets:</u> In addition to the cash on hand listed above, as of the end of the Application Period (December 31, 2025) the Receiver has on hand the following assets:

| Asset | Estimated Amount/Value |
|---|---|
| Various Laptops and desktop computers | $5,000 |
| CFX furniture and fixtures | $2,000 |
| Benvenuto Holdings frozen bank accounts at First Community Credit Union | $110,702 |

10. The Receiver is continuing his investigation to locate additional assets of the Receivership Estate and will develop a distribution plan, subject to the Court's approval.

11. <u>Expenses</u>: The Receiver and his team have incurred administrative expenses in the amount of $6,311.56 as a result of efforts to marshal and preserve the assets of the Receivership. Of these expenses, $6,311.56 were advanced by SHB.

12. <u>Investor/Creditor Claims:</u> The Receiver is still evaluating investments made with CryptoFX based upon CryptoFX and CBT records, documents produced by third parties, deposition testimony, and interviews with former CryptoFX and CBT employees as well as sales

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

agents/sponsors/leaders and investors. At present, the Receiver, through an incomplete forensic review, has credible evidence that estimates that approximately 40,000 individuals invested in CryptoFX.

13. The Receiver is working on formulating a claims process, including procedures for (i) providing notice to potential claimants; (ii) receiving and reviewing claims; (iii) recommending to the court payment or denial of claims; and (iv) disposing of claims. To date, the Receiver has not dispersed any funds to any investors.

14. <u>Receiver Claims</u>: The Receiver's investigation of claims against third parties is on-going. Recovered CryptoFX business records indicate transfers of large amounts of money to Defendants' family members and associates, CryptoFX sales persons/sponsors/leaders, related business entities, and other third parties, all of which support the strong likelihood that the Receivership Estate may have substantial causes of action against these third parties.

15. Additionally, because the Ponzi scheme was primarily a cash-based scheme, the Receiver continues to weigh the causes of actions it may have against the significant forensic and/or investigatory resources necessary to unravel the claims of the Receivership estate. Forensic accounting data indicates that the majority of the investments as well as payments of returns on CryptoFX contracts were made in cash.

16. Furthermore, many investors paid and were paid in cryptocurrency. The current investigation of the available cryptocurrency transactions conducted by BlockTrace, the third party engaged by the Receiver to assist with cryptocurrency transaction tracing, has revealed that even though Defendants raised over $300 million in investor funds, their gains from cryptocurrency trading was minimal and woefully insufficient to pay the promised 15% monthly returns as well as the commissions and bonuses to sponsors/leaders. The Receiver will have substantial claims

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

for bonuses and commissions for a large number of third parties and will have to evaluate collectability from these parties. Other claims will have to be researched and evaluated.

17.     The Receiver filed a notice of receivership in all relevant jurisdictions where assets of the Receivership are believed to be located.

## FEE APPLICATION

18.     On September 19, 2022, the SEC filed a Complaint against Defendants Chavez, Benvenuto, CryptoFX, and CBT, along with an application for the appointment of a receiver for the Receivership Entities. (Doc. Nos. 3, 6). On September 29, 2022, the Court appointed John Lewis, Jr. to serve as Receiver over all the assets of the Receivership Defendants. (Doc. No. 11).

19.     The Receivership Order allows the Receiver to retain professionals to assist the Receiver in carrying out his duties and responsibilities. Receivership Order at ¶ 57. Engagement of professionals by the Receiver must be approved by the Court. *Id*. On December 1 and 3, 2022, the Court entered orders authorizing the Receiver to employ SHB as legal counsel (Doc. No. 38) and Hays, as financial consultants and accountants (Doc. No. 37). SHB began working on this matter on September 29, 2022. Hays began working on this matter on September 30, 2022.

20.     The Receivership Order further provides that the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates, and that prior to filing the fee application with all exhibits and relevant billing information must be provided to SEC counsel. Receivership Order at ¶ 58. The Order also provides that the fee applications of the Receiver and Retained Personnel may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. *Id*. ¶ 60.

21.     The flat hourly billing rate of the Receiver is $525.00.

22.     The names, hours worked, hourly billing rates, and total fees of all SHB professionals who have billed time to this matter are listed in **Exhibit B**. The flat hourly rate of

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

each SHB attorney working on this matter is $425.00. The flat hourly rate of SHB timekeepers who are not attorneys is their standard rate.

23. The total actual fees and expenses incurred for the Application Period are summarized as follows:

**Receiver, John Lewis Jr.**
**Fees and Expenses for Application Period**

| Hours | Hourly Rates | Total Fees | Total Expenses | Fees and Expenses |
|---|---|---|---|---|
| 22.90 | *See Ex.* A | $12,022.50 | $0 | $12,022.50 |

**Receiver's Counsel, Shook, Hardy & Bacon L.L.P.**
**Fees and Expenses for Application Period**

| Hours | Hourly Rates | Total Fees | Total Expenses | Fees and Expenses |
|---|---|---|---|---|
| 30.90 | *See Ex.* B | $12,887.50 | $6,311.56 | $19,199.06 |

**Receiver's Accountant, Hays Financial Consulting, LLC**
**Fees and Expenses for Application Period**

| Hours | Hourly Rates | Total Fees | Total Expenses | Fees and Expenses |
|---|---|---|---|---|
| 1.80 | *See Ex.* C | $248.40 | $0 | $248.40 |

24. The Receiver asks the Court to approve payments to Receiver, on an interim basis in the amount of $12,022.50 for the Application Period. The Receiver asks the Court to approve payments to SHB, on an interim basis in the amount of $12,887.50 for the Application Period. The Receiver asks the Court to approve payments to Hays in the amount of $248.40 for the Application Period.

25. In accordance with the Billing Instructions, the Receiver and his advisors have separately categorized their services by task. The following table summarizes the respective number of hours incurred relative to each task category during the Application Period.

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

**Receiver, John Lewis Jr.**

| Task Description | Hours Worked | Total Fees |
|---|---:|---:|
| Case Administration | 5.20 | $2,730.00 |
| Claims Administration | 17.70 | $9,292.50 |

**Receiver's Counsel, Shook, Hardy & Bacon L.L.P.**

| Task Description | Hours Worked | Total Fees |
|---|---:|---:|
| Asset Disposition | 4.00 | $1,700.00 |
| Case Administration | 2.30 | $732.50 |
| Claims Administration | 3.70 | $1,572.50 |
| Status Reports | 1.60 | $680.00 |
| Litigation | 19.30 | $8,202.50 |

**Receiver's Accountant, Hays Financial Consulting, LLC**

| Task Description | Hours Worked | Total Fees |
|---|---:|---:|
| Accounting | 1.20 | $193.20 |
| Business Analysis | 0.20 | $55.20 |
| Fee / Employment Applications & Objection | 0.40 | $0 |

## ARGUMENT AND AUTHORITIES IN SUPPORT OF APPLICATION

26. In support of this application for allowance of compensation and reimbursement of expenses, the Receiver and his advisors respectfully direct this Court's attention to those factors generally considered by Courts in awarding compensation to professionals for services performed in connection with the administration of a receivership estate. As stated by the Sixth Circuit Court of Appeals in *Reed v. Rhodes*, 179 F.3rd 453, 471 (6th Cir. 1999), "the primary concern in an attorney's fee case is that the fees awarded be reasonable." A reasonable fee is "one that is adequate to attract competent counsel. . ." *See Blum v. Stenson*, 465 U.S. 886, 893-94 (1984) (internal citation omitted). Under the twelve factor test enunciated by the Fifth Circuit in *Johnson v. Georgia Hwy. Express, Inc*., 488 F.2d 714, 717 (5th Cir. 1974), and adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983), a court must first determine the loadstar amount

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

by multiplying the reasonable number of hours billed by a reasonable billing rate. *Johnson*, 488 F.2d at 717. That amount can then be adjusted by the "Johnson Factors."

27. The compensation requested is allowable pursuant to the twelve-factor test (the "Johnson Factors") set forth in *Johnson,* 488 F.2d at 717-19. The Johnson Factors and their applicability in this case are as follows:

28. <u>Time and Labor Required</u>: The Receiver's advisors expended the hours detailed in the attached exhibits in performing Services during the Application Period. In support of this application, the Receiver submits the following exhibits for the Court's review.

- **Exhibit A** demonstrates professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered and expenses of Receiver;

- **Exhibit B** demonstrates professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered and expenses of SHB in connection with the administration of the Receivership;

- **Exhibit C** demonstrates professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered and expenses of Hays in connection with the administration of the Receivership.

a. <u>Novelty and Difficulty of Questions Presented</u>: The Services performed involved issues of varying complexity, as set forth in substantial detail in the billing statements attached to this Application.

b. <u>Skill Requisite to Perform Professional Services:</u> The Receiver and his professional team possess substantial expertise and experience in bankruptcy, receiverships, litigation, and related fields and are well-qualified to perform the professional Services.

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

  c. <u>Preclusion of Other Employment Due to Acceptance of the Cases</u>: The Receiver and his team devoted time and resources to this case to the possible preclusion of involvement in other matters.

  d. <u>Customary Fees for the Type of Services Rendered</u>:  SHB have charged fees that are at or below the standard billing rates for the professionals working on this matter, and those fees are at or below customary fees charged by like professionals in their respective markets. SHB's flat rate of $425.00 per hour is a significant discount to the normal billing rate of $600.00-$730.00 per hour for the attorneys working on this matter.

  e. In addition, SHB's fees have been reduced by $4,760.00. SHB's and the Receiver's expenses are billed with no mark-up added.

  f. <u>Whether the Fee is Fixed or Contingent</u>: The requested fees are subject to Court approval and are primarily based upon hourly rates without any fixed or flat fees.  *See also* Order setting all counsel rates in this case at $425/hr.  (Doc. No. 67).  Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

  g. <u>Time Limitations Imposed by the Client or Other Circumstances</u>: The time requirements during the period covered by this application have been substantial.  The tasks performed by the Receiver and his team include investigating, locating, taking possession, and liquidating Defendants' assets; responding to investors; analyzing new information learned from the ongoing investigation; monitoring and updating the Receiver's website; analyzing company documents, documents produced by witnesses at depositions or interviews, and documents produced by third parties in response to subpoenas; responding to investor questions and concerns; motion practice; and reporting information as necessary to the Court.

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

  h. <u>The Amount Involved and Results Obtained</u>: Furthermore, the Receiver and his advisors have performed tasks that have added value to the Receivership by locating, taking possession of, and liquidating Receivership assets. The Receiver and his advisors have taken actions during the Application Period including, but not limited to, the following:

  a. Maintaining a Receiver Website (cryptofxreceiver.com), email address (receivership@shb.com), and phone number (713-546-5614) so that investors can receive information pertaining to the receivership in both English and Spanish;

  b. Communicating with investors by phone and email;

  c. Coordinating with interested stakeholders regarding the development of a submission based claims process that matches the idiosyncrasies associated with the limited CryptoFX documentation;

  d. Reviewing CryptoFX and CBT business records obtained from investors or in response to third-party subpoenas;

  e. Managing a Relativity database in order to store and review company documents;

  f. Conducting public records searches and related due diligence to affiliated parties, entities, and other potential relief defendants;

  g. Preparing the Receiver's Twelfth Interim Status Report;

  h. Coordinating as necessary with government agencies;

  i. Continuing developing electronic claims form for investors;

  j. Continuing establishing claims submission and claims allowance processes;

  k. Claims portal active with 3,151 claims received totaling $48,940,457.02;

  l. Assisting FBI with criminal prosecution and investigation of individuals;

  m. Assisting SEC with jury trial preparations.

  i. <u>The Experience, Reputation, and Ability of the Professional</u>: The Receiver and his team have extensive experience in receivership, bankruptcy, and litigation matters.

  j. <u>Undesirability of the Case</u>: This factor is inapplicable to the present case.

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

  k. <u>Nature and Length of Professional Relationship with the Client</u>: SHB and Hays have worked with the Receiver prior to being retained in these proceedings and maintains an ongoing relationship.

  l. <u>Awards in Similar Cases</u>: The Receiver and the professionals of the Receiver are regularly awarded compensation in receivership cases on the same basis as requested herein.

  29. Each of these tasks detailed in the Receiver's Twelfth Interim Fee Application was reasonably necessary to secure assets of the Receivership and to evaluate potential sources of other assets. Further, each task was performed efficiently by the Receiver or his advisors at SHB and Hays.

## CONFERRAL WITH THE SEC

  30. The Receiver and counsel for the SEC have conferred regarding the Receiver's NCIFA and its compliance with the SEC's Billing Guidelines and this Court's Receivership Order, and the reasonableness of the costs and expenses incurred in the ordinary course of the administration and operation of the Receivership.

  31. The SEC does not oppose the Receiver's request for an order approving and authorizing, on an interim basis, the payment of fees and expenses as follows:

  32. The Receiver's request for an order approving and authorizing, on an interim basis, the payment of fees and expenses as follows:

    a) That the Receiver's Retained Professionals be awarded fees incurred during the Thirteenth Interim Fee Application as follows: the Receiver $12,022.50; Shook Hardy & Bacon, LLC for $12,887.50; and Hays for $248.40.

    b) That the out-of-pocket costs and expenses incurred by the Receiver in the ordinary course of the administration and operation of the Receivership, as set out more fully in this NCIFA in the aggregate amount of $6,311.56 are

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

reasonable and necessary, and that they be approved for immediate reimbursement by the Receiver.

## CONCLUSION

33. Based on the foregoing, the Receiver respectfully requests that the Court enter an order approving the Receiver's Twelfth Certified Interim Fee Application for the Receiver and His Retained Professionals and authorizing the Receiver to immediately pay the fees requested in the NCIFA as follows: (1) to Receiver for $12,022.50; (2) to Shook Hardy & Bacon, LLC for $12,887.50; and (2) to Hays for $248.40.

34. The Receiver further asks that the Court find and determine that the costs and expenses incurred by the Receiver in the ordinary course of the administration and operation of the Receivership, as set out more fully in this Application, were reasonable and necessary and that they be approved for immediate reimbursement by the Receiver in the aggregate amount of $6,311.56.

Dated: March 10, 2026

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/Megan Mitchell
　　 Megan J. Mitchell

Poston E. Pritchett
Texas Bar No. 24088258
Shook, hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474-6550
ppritchett@shb.com

Megan J. Mitchell
Texas Bar No. 24108103
S.D. Tex. Bar No. 3435473
mjmitchell@shb.com

**RECEIVER'S THIRTEENTH CERTIFIED INTERIM FEE APPLICATION**

*Counsel for John Lewis, Jr.*
*Court-Appointed Receiver*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he has conferred with counsel for Plaintiff United States Securities and Exchange Commission ("SEC"), and the SEC does not oppose this Application and supports granting the relief requested herein.

*/s/Megan Mitchell*
Megan J. Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that on this 10 March 2026, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record.

Matthew J. Gulde
United States Securities
and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:  817.978.1410
Facsimile:  817.978.4927
guldem@sec.gov

*Counsel for Plaintiff*
*U.S. Securities and Exchange Commission*

Paul D. Flack
Pratt & Flack, LLP
4306 Yoakum Blvd., Suite 500
Houston, TX  77006
Telephone:  713.705.3087
pflack@prattflack.como

*Counsel for Defendant Mauricio Chavez*

Dan L. Cogdell
Cogdell Law Firm, PLLC
1000 Main Street, Suite 2300
Houston, TX  77002
Telephone: 713.437.1869
Facsimile:  713.437.1810
dan@cogdell-law.com

*Counsel for Defendant Giorgio Benvenuto*

                                     */s/Megan Mitchell*
                                     Megan J. Mitchell